**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCEL BROWN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, Chicago Police Detectives MICHAEL MANCUSO, KEVIN McDONALD, GARRICK TURNER, RUBIN WEBER, STEVE CZABLEWSKI and WILLIAM BURKE; COUNTY OF COOK, ILLINOIS; Assistant State's Attorney MICHELLE SPIZZIRRI<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-cv-4082<br>Judge Ellis<br>Magistrate Judge Harjani |

**PLAINTIFF'S MOTION TO APPOINT A SPECIAL REPRESENTATIVE**
**FOR DECEASED OFFICER DEFENDANT KEVIN McDONALD**

Plaintiff Marcel Brown moves to appoint William P. Butcher, a person over 18 years of age and not a party of this action, as Special Representative for the purpose of representing the deceased Defendant Kevin McDonald. In support, Plaintiff states:

1. Plaintiff sued Officer Kevin McDonald in his individual capacity. Mr. McDonald is deceased.

2. Plaintiff moves for the appointment of William P. Butcher as Special Representative to represent Mr. McDonald in this action for indemnification purposes. Mr. Butcher has served as Special Representative for deceased parties in thousands of cases throughout the State of Illinois and in Federal Court. *See* Ex. A (William Butcher, Esq., Resume and Information for Special Representative Practice). Mr. Butcher's special legal knowledge about being a special representative will facilitate the administration of these matters before the Court.

3. Plaintiff was not aware that Mr. McDonald was deceased at the time of the filing of the original complaint. After a reasonable and diligent search of publicly available records, *see* Ex. B (Declaration of John Conroy), Plaintiff represents that an estate has not been opened for Mr. McDonald. Thus, this Court has authority to appoint a special representative for Mr. McDonald pursuant to 735 ILCS 5/13-209 and *Relf v. Shatayeva*, 2012 Ill. App. 112071 (2012).

4. Section 13-209(b)(2) provides that if a plaintiff commences an action against a deceased person without being aware of his death and before the statute of limitations has run, the court "may appoint a special representative for the deceased party for the purposes of defending the action." 735 ILCS 5/13-209(b)(2). The statute allows for the appointment of a special representative for a deceased defendant for the purpose of defending the action without opening the decedent's estate; it also limits any recovery from the deceased party to the proceeds of liability insurance. *See id. See also Deleon-Reyes v. Guevara*, No. 18-CV-01028, 2019 WL 1200348 (N.D. Ill. Mar. 14 2019) (granting Plaintiffs' Motion to Appoint and Substitute Special Representative for Deceased Defendants in a wrongful conviction suit against two deceased police officers).

5. Appointment of a special representative here is proper under Illinois law, as Plaintiff does not seek to open the deceased officer's estate or obtain monetary damages from that estate. Plaintiff seeks the appointment of a special representative in order to obtain indemnification from Mr. McDonald's Illinois public entity employer, should Mr. McDonald be found liable in this case. Illinois law provides that public entities must pay any tort judgment for compensatory damages for which their employees are liable within the scope of their employment activities. *See* 65 Ill. ST. § 5/1-4-5. Municipal indemnification is functionally equivalent to liability insurance. *Hauschild v. Powers*, Civil No. 09-015-CJP, 2011 WL

2560229, at *1 (S.D. Ill. June 28, 2011). Mr. McDonald was a Chicago police officer and therefore entitled to indemnification under Illinois law as well as under the latest iteration of the contract between the City of Chicago and the Fraternal Order of Police. Given the limited relief being sought, opening an estate would accomplish nothing more than an unnecessary intrusion upon the deceased officer's family.

6. The appointment of a special representative is necessary to protect Plaintiff's rights in this lawsuit, as the attorneys for the City of Chicago will not accept service on behalf of Mr. McDonald. *See* Ex. C (July 16, 2019 Letter from Chicago Police Department General Counsel). Therefore, a special representative must be appointed to ensure that all necessary named-parties are before this Court.

7. Finally, 735 ILCS 5/13-209(b)(2) contemplates notice to the party's heirs or legatees of a special representative's appointment when the court so directs. *Id.* (providing that the court may appoint a special representative "after the notice to the party's heirs or legatees as the court directs"). Here, notice to the heirs and legatees is not necessary. Plaintiff has no desire to involve the deceased offer's family in this matter given the existence of municipal indemnification.

8. Pursuant to Judge Ellis's standing order, Plaintiff's counsel conferred with counsel for the Defendant Police Officers in an attempt to resolve this matter without requiring intervention from the Court. On Tuesday, November 26, 2019, Plaintiff's counsel (Locke Bowman and Maggie Filler) conferred telephonically with counsel for the Defendant Police Officers (Kyle Flynn). Counsel for the Defendant Police Officers advised that they would oppose the motion to appoint a special representative because, in their view, a separate Illinois statute, ILCS 755 5/18-12, renders the suit untimely. Section 18-12(b) bars claims against a

decedent's estate if not filed within two years of the decedent's death. The statute does not apply here, because Plaintiff does not seek to open the deceased officer's estate. Plaintiff is seeking appointment of a personal representative in order to obtain indemnification from Mr. McDonald's municipal employer. Courts have approved the appointment of special representatives in similar circumstances many years after a decedent's death. *See e.g., Deleon-Reyes*, 2019 WL 1200348, at *1 (appointing special representative for defendant police officer who died nearly a decade before Plaintiff brought his civil suit and where no estate was opened). Moreover, Section 18-12(c) specifically states that this statute "does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance." *See Stewart v. Estate of Mesrobian*, 559 Fed. Appx. 543, 548 (7th Cir. Mar. 13, 2014) (explaining that district court could appoint special representative for deceased defendant and that the two-year limitations period on claims against an estate would not apply where there is liability insurance). As discussed in ¶ 5 *supra*, there is no meaningful distinction between liability insurance and the municipal indemnification to which Mr. McDonald is entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting Plaintiffs' Motion and providing the following relief:

1. Appointing William P. Butcher as Special Representative for the deceased Chicago Police Officer Kevin McDonald;

2. Requiring that Mr. Butcher accept service on behalf of Kevin McDonald (deceased) in the above-captioned action; and

3. Granting such other relief this Court deems appropriate.

Respectfully submitted,

**MARCEL BROWN**

By: /s/ Maggie Filler
One of his attorneys

Locke E. Bowman
MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-1336

Maggie E. Filler (*pro hac vice*)
MacArthur Justice Center
160 E. Grand Avenue, 6th Floor
Chicago, Illinois 60611
(312) 503-0899

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 4, 2019, she served the foregoing motion upon all counsel who have filed appearances in these actions via CMECF.

/s/ Maggie E. Filler