UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCEL BROWN, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 19 C 4082 |
| v. | ) ) Judge Sara L. Ellis |
| CITY OF CHICAGO, Chicago Police Detectives MICHAEL MANCUSO, KEVIN McDONALD, GARRICK TURNER, RUBIN WEBER, STEVE CZABLEWSKI, and WILLIAM BURKE; COUNTY OF COOK, ILLINOIS; Assistant State's Attorney MICHELLE SPIZZIRRI, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

The Court grants Plaintiff Marcel Brown's motion to appoint a special representative for deceased officer defendant Kevin McDonald [45] in part. The Court orders (1) Brown to provide McDonald's heirs or legatees with notice of the complaint and this order by February 4, 2020, (2) the parties to confer and agree on a special representative for McDonald, and (3) Brown to file an amended complaint naming McDonald's special representative by February 28, 2020. See Statement.

## STATEMENT

In 2011, Plaintiff Marcel Brown was convicted of the murder of Paris Jackson on August 30, 2008 and sentenced to thirty-five years in prison. Brown maintained his innocence and, on June 19, 2018, the Circuit Court of Cook County vacated Brown's conviction and ordered a new trial. On July 18, 2018, the Cook County State's Attorney dismissed all charges against Brown and, on June 7, 2019, the Circuit Court of Cook County granted Brown's petition for a certificate of innocence. On June 18, 2019, Brown filed the present case against Defendants the City of Chicago; Chicago Police Detectives Michael Mancuso, Kevin McDonald, Garrick Turner, Rubin Weber, Steve Czablewski, and William Burke (the "Defendant Officers"); County of Cook, Illinois; and Assistant State's Attorney Michelle Spizziri. Among other claims, Brown contends that he was wrongfully convicted and imprisoned in violation of the Fifth and Fourteenth Amendments.

McDonald, one of the Defendant Officers, passed away in May 2013. Brown states that he only learned of McDonald's death after filing the complaint and attempting to serve McDonald through the Chicago Police Department. Brown represents that an estate has not been

opened for McDonald and so seeks the appointment of a special representative for McDonald to defend him in this lawsuit pursuant to 735 Ill. Comp. Stat. 5/13-209. The City and Defendant Officers oppose the motion.

The parties agree that the resolution of this question is guided by Illinois law, from which the Court borrows pursuant to 42 U.S.C. § 1988. *See* 42 U.S.C. § 1988(a); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) ("The district court may appoint a 'special administrator' consistent with Illinois law only if a state judge has not opened the estate already; otherwise, Stewart must sue the personal representative of the estate."). Section 13-209(b) provides:

> If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:
>
> (1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;
>
> (2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

735 Ill. Comp. Stat. 5/13-209(b).[1] Brown argues that Section 13-209(b) applies here given that no estate appears to have been opened for McDonald and the statute of limitations for Brown's claims has not yet expired. Brown agrees not to seek monetary damages from McDonald's

---

[1] Section 13-209(c) discusses the right to pursue a claim against a deceased person's personal representative where the party "commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred." 735 Ill. Comp. Stat. 5/13-209(c). The parties appear to agree that Section 13-209(b), and not (c), applies to this case, and so the Court analyzes Brown's request under this subsection. *See Deleon-Reyes v. Guevara*, No. 18-cv-01028, 2019 WL 1200348, at *2 n.3 (N.D. Ill. Mar. 14, 2019) ("[T]he Court finds that Section 209(c) does not apply here because that provision controls where a plaintiff does not discover the defendant's death until after the expiration of the statute of limitations, whereas Section 209(b) controls when the statute of limitations has not yet expired."). Given the agreement that the analysis should proceed under Section 209(b), the Court finds distinguishable those cases that have refused to appoint a special representative under Section 209(c).

2

estate and instead seeks only indemnification from McDonald's employer, the City, should McDonald be found liable in the case.

The City and Defendant Officers respond that another section of Illinois law, 755 Ill. Comp. Stat. 5/18-12, which limits claims brought against the estate of a decedent, makes Brown's claims against McDonald "otherwise barred" so as to preclude operation of Section 13-209(b). As relevant here, Section 18-12 provides that "[e]very claim against the estate of a decedent, except expenses of administration and surviving spouse's or child's award . . . are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 Ill. Comp. Stat. 5/18-12(a)-(b). Brown argues that Section 18-12 cannot apply in a case like this, where the statute of limitations for his claims only began to accrue well after McDonald's death.

The Court need not resolve how Section 18-12's bar on claims interacts with the statute of limitations in this case, however. Even assuming Section 18-12 does take precedence, Section 18-12(c) carves out from the two-year bar "actions to establish liability of the decedent to the extent the estate is protected by liability insurance."[2] 755 Ill. Comp. Stat. 5/18-12(c); *see Stewart*, 559 F. App'x at 548 ("[T]he application of Illinois law would bar Stewart's suit unless the estate is covered by liability insurance because Dr. Mesrobian died more than two years before Stewart filed his complaint." (citing 755 Ill. Comp. Stat. 5/18-12(b), (c))). Brown argues that municipal indemnification is the equivalent of liability insurance, citing to the provision of Illinois law requiring a municipality to indemnify one of its police officers for injuries caused while the officer was engaged in the performance of duties as a police officer as long as the injured party was not contributorily negligent and the officer did not engage in willful misconduct. *See* 65 Ill. Comp. Stat. 5/1-4-5. The City and Defendant Officers respond that the Court should not equate liability insurance with the City's indemnification obligations because factual questions surround McDonald's eligibility for indemnification. But the same eligibility concerns apply to whether a liability policy would ultimately provide coverage for a claim brought against a deceased party. Because the City and Defendant Officers do not provide any other argument as to why the Court should treat indemnity differently, the Court concludes that the City's indemnification obligation functionally serves as a "liability policy" for purposes of Sections 13-209(b) and 18-12.[3] *See Hauschild v. Powers*, No. 09-015-CJP, 2011 WL 2560229,

---

[2] The City and Defendant Officers have filed as supplemental authority Judge Cole's report and recommendation in *Ezell v. City of Chicago*, which recommends the denial of the plaintiffs' motion to appoint a special representative. No. 18 C 1049, Doc. 175 (N.D. Ill. Jan. 17, 2020). But in considering the interaction between Section 13-209(b) and Section 18-12, Judge Cole did not address Section 18-12(c) and the City's potential indemnification obligations.

[3] In a case considering a similar Massachusetts statute, which limited recovery to the "proceeds of a policy of liability bond or liability insurance," the court there treated a city's indemnification obligation as "a policy of liability bond." *Rosario v. Waterhouse*, No. 1:19-cv-10532-LTS, 2019 WL 4765082, at *3–4 (D. Mass. Sept. 27, 2019). But the court noted that the indemnification obligation did not amount to a liability insurance policy because Massachusetts courts only treated them similarly where the governmental entity had both a duty to defend and indemnify and the statute in question did not require the city to provide a defense. *Id.* at *3 n.5. The City and the Defendant Officers have not raised a similar argument here, and the Court has not located any Illinois authority suggesting that such a distinction would apply here to negate the Court's authority to appoint a special representative.

at *1 (S.D. Ill. June 28, 2011) ("Indemnification by the State is the functional equivalent of liability insurance."). Brown need not establish McDonald's entitlement to indemnification before discovery has occurred in order for the Court to appoint a special representative.[4] At this point, he has met his obligation to sufficiently raise the prospect so as to invoke Section 18-12(c) and avoid any bar imposed by the filing of his complaint more than two years after McDonald's death.

Therefore, the Court finds it appropriate to appoint a special representative to defend McDonald against Brown's claims, with any recovery against McDonald limited to the City's indemnification obligations under Illinois law. Although Brown indicates no need exists to involve McDonald's family given the existence of municipal indemnification, the Court orders Brown to give proper notice to McDonald's heirs or legatees prior to naming a special representative as a defendant. After Brown provides such notice, the Court orders the parties to confer and identify a special representative for McDonald, at which time Brown should file an amended complaint naming the special representative as a defendant.

Date: January 28, 2020                                                    /s/ Sara L. Ellis

---

[4] The case the City and Defendant Officers cite, *Tamburo v. Dworkin*, does not impose any greater burden on Brown. In *Tamburo*, the Court allowed for additional discovery to determine whether the deceased had liability insurance that would potentially cover the claim. No. 04 C 3317, 2012 WL 104545, at *4 (N.D. Ill. Jan. 11, 2012). Here, no such discovery is necessary because the potential for indemnification exists by operation of Illinois law. *See Rosario*, 2019 WL 4765082, at *3 n.4 (finding eventual availability of indemnification beyond the scope of a request to proceed against a deceased defendant's representative).