```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


MARCEL BROWN,                      )   No. 19 C 4082
                                   )
              Plaintiffs,          )
                                   )
         vs.                       )   Chicago, Illinois
                                   )
CITY OF CHICAGO, et al.,           )
                                   )   April 13, 2021
              Defendants.          )   9:30 a.m.


                 TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HON. SARA L. ELLIS

APPEARANCES:

For the Plaintiff:     MR. LOCKE E. BOWMAN III
                       MacArthur Justice Center,
                       357 East Chicago Avenue,
                       Chicago, Illinois 60611

                       MS. MAGGIE E. FILLER
                       MS. VANESSA DEL VALLE
                       Roderick & Solange MacArthur
                       Justice Center,
                       160 East Grand Avenue, 6th Floor,
                       Chicago, Illinois 60611

For Defendant
City of Chicago:       MS. ALEXIUS C. O'MALLEY
                       Michael, Best & Friedrich LLP,
                       444 West Lake Street, Suite 3200,
                       Chicago, Illinois 60606




                     PATRICK J. MULLEN
                   Official Court Reporter
                 United States District Court
               219 South Dearborn Street, Room 1412
                    Chicago, Illinois 60604
                         (312) 435-5565
```

```
 1  APPEARANCES: (Continued.)

 2  For Defendants Burke,
    Czablewski, Mancuso,
 3  Turner, and Weber:      MR. KYLE L. FLYNN
                            Greenberg Traurig, LLP,
 4                          77 West Wacker Drive, Suite 3100,
                            Chicago, Illinois  60606
 5
 6  For Defendant
    Spizzirri:              MR. PETER J. O'MARA
 7                          MS. MARGARET A. HAYES
                            O'Mara, Gleason & O'Callaghan, LLC,
 8                          230 West Monroe Street, Suite 2620,
                            Chicago, Illinois  60606
 9
10  For Intervenor
    Branch:                 MR. JOHN K. ADAMS
11                          Eimer Stahl LLP,
                            224 South Michigan Avenue, Suite 1100,
12                          Chicago, Illinois  60604

13                          MR. JONATHAN S. QUINN
                            MR. ERIC Y. CHOI
14                          Neal, Gerber & Eisenberg LLP,
                            Two North LaSalle Street, Suite 1700,
15                          Chicago, Illinois  60602

16

17

18

19

20

21

22

23

24

25
```

1          (Telephonic proceedings on the record.)
2          THE CLERK:  2019 CV 4082, Brown versus City of
3    Chicago.
4          MS. O'MALLEY:  Good morning, Your Honor.  Alexius
5    O'Malley on behalf of the city.
6          MR. ADAMS:  Good morning, Your Honor.  John Adams on
7    behalf of proposed intervenor Renard Branch, Junior.
8          MR. QUINN:  Good morning, Your Honor.  This is
9    Jonathan Quinn also on behalf of proposed intervenor Renard
10   Branch.
11         MR. CHOI:  Good morning, Judge.  This is Eric Choi
12   also on behalf of the proposed intervenor Renard Branch.
13         MR. FLYNN:  Good morning.  This is Kyle Flynn on
14   behalf of the defendant officers.
15         MR. O'MARA:  Good morning, Your Honor.  This is Peter
16   O'Mara and Margaret Hayes on behalf of the county defendants.
17         MS. FILLER:  Good morning, Your Honor.
18         MS. HAYES:  Good morning, Your Honor.  Margaret Hayes.
19         MS. FILLER:  Sorry, Margaret.
20         Good morning, Your Honor.  This is Maggie Filler on
21   behalf of the plaintiff Marcel Brown.
22         MS. DEL VALLE:  Good morning.  This is Vanessa Del
23   Valle on behalf of the plaintiff Marcel Brown.
24         MR. BOWMAN:  Locke Bowman also on behalf of Mr. Brown.
25         THE COURT:  All right.  Is that everybody?

1  MS. FILLER: I believe so, Your Honor.
2  THE COURT: All right. So we've got a couple things
3 up today. Sorry. My computer is very slow this morning.
4  (Brief pause.)
5  THE REPORTER: And if everyone could state their name
6 when they address Court, thank you.
7  THE COURT: Okay. So we've got a number of motions.
8 We'll start with the easy one first. We've got the city's
9 motion for leave to cite supplemental authority in support of
10 their subpoena for plaintiff's phone calls. That is at docket
11 113, and that's granted.
12  Then we've got the plaintiff's motion for leave to
13 file excess pages at docket 110. That's also granted.
14  Then we've got Mr. Branch's motion to intervene which
15 is at docket 98, and I will allow Mr. Branch to intervene for
16 the limited purpose of objecting, essentially seeking to quash
17 the subpoena and objecting to the subpoena. It's my
18 understanding that Mr. Branch has received the calls. Is that
19 correct?
20  MR. ADAMS: John Adams for proposed intervenor
21 Mr. Branch. Good morning, Your Honor. No, that is not
22 correct. We haven't received the recordings at this point.
23  THE COURT: Okay. But do you know what the Department
24 of Corrections has provided to the city in terms of those
25 calls?

1    MR. ADAMS: Yes, Your Honor. We've seen call logs,
2 and we're also familiar with the joint motion that the parties
3 filed on Friday which alludes to the calls that the city deems
4 relevant.
5    THE COURT: All right. But you just haven't received
6 the calls themselves.
7    MR. ADAMS: Correct, Your Honor.
8    THE COURT: All right. Then are you at this point
9 adopting the arguments of Mr. Brown with regard to the
10 subpoena?
11    MR. ADAMS: Yes, Your Honor. We do agree with
12 Mr. Brown that the subpoena is overly broad and overly
13 intrusive, and we would look to quash the subpoena to that
14 extent.
15    THE COURT: Okay. So do you need -- do you want to
16 stand on Mr. Brown's argument? So do you want to adopt those
17 and stand on those? In addition, I know in your reply that you
18 did address certain of the points that the city raised with
19 regard the subpoena itself. So putting aside whether or not
20 you could intervene, you did address some of those arguments.
21 Is there anything else that you would want to add?
22    MR. ADAMS: Yes, Your Honor. I'm not totally familiar
23 with the contours of the plaintiff's arguments, but in addition
24 to quashing the overly broad and overly intrusive subpoena we
25 would look to the Court to order the destruction or the return

1 of any irrelevant calls involving Mr. Branch, which as we
2 understand it at this point involves hundreds of calls
3 pre-dating the time period around the post-conviction
4 proceedings.
5     THE COURT: And what's the city's position on calls
6 that are either irrelevant or fall outside of this time period?
7     MS. O'MALLEY: Good morning, Your Honor.
8     MR. ADAMS: I'd just say any call that --
9     MS. O'MALLEY: Go ahead.
10     MR. ADAMS: Pardon me. I thought that was for me.
11     MS. O'MALLEY: Okay.
12     THE COURT: No, that's for the city.
13     MS. O'MALLEY: Okay. This is Alexius O'Malley on
14 behalf of the city. Your Honor, two things on that. I believe
15 at the end of the last hearing we held on Mr. Branch's motion
16 to intervene, you noted that you would consider their motion to
17 intervene to be also their objection and motion to quash the
18 subpoena. So that was why the city had addressed all of those
19 arguments in our response brief.
20     This is the first we've heard the request to destruct
21 the irrelevant calls. We don't agree necessarily that the
22 post-conviction proceeding time period is the only relevant
23 time period. That was why we subpoenaed the records for the
24 entirety of his incarceration, because they -- you know,
25 according to the call summaries that we've listened to and the

1    calls, he began discussing potential affidavits and testimony
2    from fact witnesses -- excuse me -- starting very soon after
3    being incarcerated.
4        So we wouldn't necessarily agree to the limited time
5    period, but I think, you know, as it stands the calls are
6    subject to the motion for -- or the confidentiality order.  So
7    we would certainly destroy the calls or dispose of them
8    pursuant to the confidentiality order anyhow.  We don't have a
9    use for the irrelevant calls, you know.
10       At this point, we haven't listened to every single
11   call for relevance.  We weren't sure whether the Court was
12   going to allow the motion to intervene and quash the subpoena.
13   So while we have call summaries, I have not had an opportunity
14   to identify every single one of what we've deemed to be the
15   relevant calls.  But we certainly can do that, and I don't
16   foresee an issue with, you know, disposing of irrelevant calls.
17       THE COURT:  Okay.  I think if I'm reading everything
18   correctly, one of the concerns that Mr. Branch has is that
19   because he is facing a retrial -- and I think that trial is
20   scheduled for this summer -- he does not want the prosecutor
21   trying to obtain these calls from the city as opposed to having
22   to go through the Illinois Department of Corrections.  Is that
23   correct?
24       MR. ADAMS:  John Adams for the proposed intervenor.
25   Yes, Your Honor, that is correct.  It's an ancillary claim to

1  the primary privacy interest here that would guide our analysis
2  of whether the calls are relevant and should be admitted into
3  this case and made public, but it is true that Mr. Branch is
4  currently represented and is facing a retrial.
5       We haven't scheduled a trial just yet.  We have a
6  status conference with the state court tomorrow morning.  We do
7  anticipate the trial occurring sometime this summer, but that
8  would be a burden and we would be making the very same
9  arguments if the prosecution in the state court all of a sudden
10  moved for such an overly broad and intrusive subpoena right
11  ahead of his criminal proceedings.
12       THE COURT:  All right.  Then I've read the joint
13  motion.  Is there anything that either side would like to add
14  or highlight before I make my decision?
15       MS. FILLER:  Your Honor, this is Maggie Filler for the
16  plaintiff Marcel Brown.  I think the only thing I would add is
17  that we still have not -- although we have received the third
18  party calls, we have not listened to them.  So we could not
19  really rebut or question any of the allegations as to the
20  content of those calls in the joint motion.  So I did want Your
21  Honor to be aware of that.
22       THE COURT:  All right.  Then anything from the city?
23       MS. O'MALLEY:  Your Honor, I just wanted to -- this is
24  Alexius O'Malley on behalf of the city.  I just wanted to note
25  -- and thank you for granting our motion to file the

1 supplemental authority. The Williams case, I'm not sure if you
2 had an opportunity to take a look at that minute order, but
3 there are a lot of analogous --

4 THE COURT: I have.

5 MS. O'MALLEY: Oh, great. Okay. There are a lot of
6 analogous arguments made in that case, and there were more than
7 double the number of calls at issue for Mr. Williams in that
8 case than there are for plaintiff here. He's got approximately
9 1500 calls at issue. But aside from that, I think we set out,
10 you know, the arguments that are relevant in the motion, the
11 joint motion.

12 THE COURT: All right. Then I'm going to deny both
13 the plaintiff's and the intervenor's motion to quash the
14 subpoena. I think at this point the city has identified the
15 relevance of these calls and that the issue or the issues that
16 are raised by the plaintiff in this litigation really come down
17 to, you know: Was he involved in the underlying shooting? Was
18 he aware that Mr. Branch allegedly had a gun? Did the police
19 officers coerce statements from Mr. Brown and/or Mr. Branch and
20 other witnesses?

21 A number of these witnesses, as I understand it, later
22 recanted their testimony, and so I think that any calls
23 relating to what these witnesses may have said, what these
24 witnesses may have been instructed to do or not do are going to
25 be relevant, and you're not going to know that until you listen

1  to the calls. There may be calls that are utterly irrelevant,
2  but there may also be calls that are relevant to the central
3  issues that are at stake in this litigation.
4      I do find that Mr. Brown and Mr. Branch do have an
5  expectation of privacy in those calls, but that expectation of
6  privacy is limited. These are calls that both men knew were
7  being recorded and knew that prison officials would be
8  listening to them, could be listening to them, and certainly
9  that they were recorded and being kept. So there may be some
10 anticipation then that these calls would be used for other
11 purposes, whether disciplinary purposes within the prison
12 system or later as evidence because they were recorded calls.
13 When someone knows that their calls are being recorded, it
14 doesn't destroy any expectation of privacy, but it certainly
15 limits it. So I am going to deny the motions, essentially both
16 motions to quash the subpoena.
17     With regard to Mr. Branch, I do specifically find that
18 all of these calls are subject to the Court's confidentiality
19 order and that they cannot be turned over to any third party
20 without the Court's explicit permission, and I am going to
21 order that the city, pursuant to the confidentiality order,
22 destroy any calls that are not relevant and would not be used
23 in the litigation and that the city provide either an affidavit
24 or a stipulation to Mr. Branch's counsel that all of those
25 calls have been destroyed along with a subsequent call log

1 indicating which of the calls the city destroyed.

2 All right. So at this point I believe the city has
3 all the calls, is that correct?

4 MS. O'MALLEY: Your Honor, we have the third party
5 witness calls, but we do not yet have plaintiff's calls.

6 THE COURT: All right. I'm trying to see where we're
7 at.

8 (Brief pause.)

9 THE COURT: Okay. It looks like we've got a close of
10 fact discovery on November 23rd. Does it look like people are
11 marching along towards that?

12 MS. O'MALLEY: Yes, Your Honor. This is Alexius
13 O'Malley on behalf of the city. I think we're making good
14 progress. In fact, we're starting to schedule plaintiffs'
15 depositions. We have a tentative date set for early June.
16 Depending on how long it takes IDOC, presumably now we can move
17 forward with obtaining those calls from IDOC for plaintiff. We
18 may need a little more time or the parties may need a little
19 bit more time to review those calls, but I think we're still on
20 track.

21 THE COURT: Okay.

22 MR. BOWMAN: Your Honor, Locke Bowman on behalf of
23 Mr. Brown. I would register a soft dissent. At this point, we
24 have completed one deposition in this 2019 case, and we do have
25 some depositions scheduled. There was a request for

1  Mr. Brown's deposition which we responded to promptly, but
2  staying on track is going to involve some concentrated
3  attention to this matter.  We've got a lot to accomplish in
4  just a few months.
5      THE COURT:  Okay.  Well, I know that we are set to
6  come back December 1st.  If it looks like, you know, you're
7  moving along but you're not going to make it, it looks like you
8  have a status report due November 22nd.  So in that report if
9  it looks like you're just not going to make it, you know,
10 certainly propose a new close of fact discovery.  I'm certainly
11 open to that.
12     MR. BOWMAN:  Thank you, Judge.
13     THE COURT:  All right.  Otherwise, if there are no
14 more issues, then I'll see everybody December 1st.
15     MS. O'MALLEY:  Thank you, Your Honor.
16     MR. BOWMAN:  Thanks, Your Honor.
17     THE COURT:  Thank you.
18   (Proceedings concluded.)
19                    C E R T I F I C A T E
20     I, Patrick J. Mullen, do hereby certify that the
foregoing is a complete, true, and accurate transcript of the
21 proceedings had in the above-entitled case before the Honorable
SARA L. ELLIS, one of the judges of said Court, at Chicago,
22 Illinois, on April 13, 2021.
23                    /s/ Patrick J. Mullen
                       Official Court Reporter
24                     United States District Court
                       Northern District of Illinois
25                     Eastern Division