UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marcel Brown,<br><br>    *Plaintiff*,<br><br>v.<br><br>City of Chicago, *et al.*,<br><br>    *Defendants*. | No. 19 CV 4082<br><br>Judge Lindsay C. Jenkins |

**ORDER**

Plaintiff moves to bar admission of all jail calls that Defendants have identified pursuant to the procedure the Court established. [*See* Dkt. 297, Dkt. 335 at 2–5.] The Court has reviewed the excerpts of the calls and Plaintiff's objections to those excerpts. The chart below contains the Court's rulings on most of the calls. First, however, the Court addresses a few of Plaintiff's objections.

*Hearsay*. For some of the excerpts, the statements offered were made by third parties such as Brown's friends or family, and not Brown himself. If Brown were the person speaking, the statements could be admissible as a statement of an opposing party. Fed R. Evid. 801(d)(2). But when he is not the person speaking, the hearsay rule would block the admission of many of the statements. *See* Fed R. Evid. 801(c), 802 (hearsay means a statement the declarant does not make while testifying at the current trial or hearing, which is offered in evidence to prove the truth of the matter asserted in the statement).

Defendants suggest there is no hearsay issue if the statements were made by people "who will be called at trial," but availability to testify at trial is not hearsay exception under Rule 803, nor does it render a statement non-hearsay under Rule 801(d). Defendants also suggest that, regardless of who is speaking, some statements are offered for a non-hearsay purpose such as its effect on the listener (*e.g.*, Calls 2, 7, 8, 11, 25). For other calls, Defendants say they may seek to use the call for impeachment purposes (*e.g.*, Calls 7, 8, 10, 11, 27). The Court reserves final ruling on these questions until trial, but notes below when it appears the excerpt is inadmissible under the hearsay rule.

*Payments for an affidavit*. Defendants seek to offer certain excerpts as evidence that "Plaintiff ultimately paid [Eugene] Stanciel to provide an affidavit" and that any payment to Stanciel is "probative [ ] on the question of whether Brown paid Stanciel to flip in this case." Plaintiff responds that it was "not improper" for Plaintiff "to get

1

affidavits"; there is no evidence in the record that anyone actually paid Stanciel for his affidavit; and that Plaintiff testified in his deposition that he does not believe "EJ actually paid" Stanciel for his affidavit. The Court wishes to better understand the evidence surrounding this topic, including Plaintiff's prior testimony concerning payments in exchange for affidavits. As a general matter, while the topic may clear the low relevance bar, the selected excerpts are only minimally probative of this issue and could lead to confusion, so they may be subject to exclusion under Rule 403.

| Call No. | Call Date | Timestamp Excerpt | Ruling |
|---|---|---|---|
| 1 | 6/13/2013[1] | 17:15–18:45 | • Excluded; the clip has minimal relevance to a collateral issue. The clip itself is confusing and unclear with only a passing reference to RJ and "recklessness" about speaking on a recorded line.<br>• A significant portion of the clip would need to overcome the hearsay rule. |
| 2 | 10/23/2013 | 10:32–12:09<br>17:17–17:33<br>21:55–22:22 | • The first two segments are admissible.<br>• The third clip (21:55 to 22:22) is excluded as unfairly prejudicial. |
| 3 | 7/30/2014 | 23:45–25:02 | • Excluded; misleading and has only minimal relevance to the case. |
| 4 | 7/31/2014 | 22:15–23:28<br>25:14–26:10 | • Excluded; the clips are confusing in part because the person Brown is talking about is referred to only as "dude" in the clip and the call is primarily about Brown's unsuccessful attempt to contact Stanciel (aka dude). |

---

[1] The date on the chart lists June 30, 2013 as the date for Call No. 1, but the date of the call provided is June 13, 2013.

2

| Call No. | Call Date | Timestamp Excerpt | Ruling |
|---|---|---|---|
| 7 | 8/20/2014 | 3:15–4:20 | • Provisionally excluded; EJ does most of the talking so the hearsay problem discussed above applies. |
| 8 | 8/22/2014 | 0:38–0:42<br>1:43–2:54<br>3:48–3:56 | • First clip (:38–:42) is excluded.<br>• The remaining clips are provisionally excluded; EJ does most of the talking so the hearsay problem discussed above applies. |
| 10 | 9/15/2014 | 0:21–1:38 | • Provisionally excluded; D. Scott does most of the talking so the hearsay problem discussed above applies. |
| 11 | 12/14/2014 | 19:35–21:15 | • Defendants say this call is relevant because "RJ Branch and Carlos Bell discuss whether Eugene Stanciel … will provide statements about the Amundsen Park shooting to help RJ's and Brown's post-conviction efforts."<br>• Provisionally excluded; it is not clear which man is speaking when, and to the extent others do most of the talking, the hearsay problem discussed above applies. |
| 13 | 3/21/15 | 2:00–3:00<br>7:20–8:40 | • D. Scott does most of the talking so the hearsay problem discussed above applies. |
| 14 | 4/11/2015 | 9:00–9:30<br>11:25–11:45 | • D. Scott does most of the talking so the hearsay problem discussed above applies. |

3

| Call No. | Call Date | Timestamp Excerpt | Ruling |
|---|---|---|---|
| 15 | 4/12/2015 | 13:18–20:31 | • Admissible; the statements are primarily made by Brown related to the 2008 shooting in Amundsen Park; to the extent Brown argues his statements are misleading, he may explain on direct/cross. |
| 17 | 10/23/2015 | 17:20–17:55 | • D. Scott does most of the talking so the hearsay problem discussed above applies. |
| 18 | 2/2/2016 | 10:15–10:26 11:00–12:16 | • D. Scott does most of the talking so the hearsay problem discussed above applies. |
| 19 | 6/29/2016 | 5:50–6:16 | • D. Scott does most of the talking so the hearsay problem discussed above applies. |
| 20 | 7/13/2016 | 0:10–1:55 | • Admissible; the statements are primarily made by Brown related to the 2008 shooting in Amundsen Park; to the extent Brown argues his statements are misleading, he may explain on direct/cross. |
| 22 | 2/7/2017 | 15:40–16:16 | • D. Scott does most of the talking so the hearsay problem discussed above applies. |
| 23 | 3/11/2017 | 25:00–26:15 26:42–27:00 | • Excluded. The clip is largely irrelevant and any relevance it does have is to a collateral issue. |
| 25 | 8/6/2013 | 14:45–15:45 | • Ocampo appears to do most of the talking so the hearsay problem discussed above applies. |

| Call No. | Call Date | Timestamp Excerpt | Ruling |
|---|---|---|---|
| 27 | 6/30/2013 | 4:35–4:37<br>18:40–19:00<br>22:40–23:00 | • The first and second clips (4:35–4:37, 18:40–19:00) are excluded; minimally relevant and are unfairly prejudicial.<br>• The third clip is also excluded as irrelevant. |
| 30 | 2/18/2017 | 2:01–3:21 | • EJ appears to do most of the talking so the hearsay problem discussed above applies.<br>• The Court needs to better understand Brown's prior testimony concerning payments in exchange for affidavits. |

Enter: 19-cv-4082
Date: August 1, 2024

_____
Lindsay C. Jenkins
United States District Judge