UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNE OLSON, as Trustee of the William Amor Trust for WILLIAM E. AMOR, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REBECCA GOMEZ, as Special Representative of the Estate of MICHAEL CROSS, deceased; and ROBERT GUERRIERI, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | No. 18 C 2523<br><br>Judge John J. Tharp, Jr. |

## **JURY INSTRUCTIONS**

# **TABLE OF CONTENTS**

Roles of the Jury and the Judge ............................................................................... 1

All Litigants Equal Before the Law .......................................................................... 1

What Evidence Is and Is Not .................................................................................... 2

Weighing the Evidence ............................................................................................. 3

Assessing Witness Credibility .................................................................................. 4

Deposition and Prior Testimony ............................................................................... 5

Prior Inconsistent Statements ................................................................................... 5

Prior Convictions ...................................................................................................... 6

Opinion Testimony ................................................................................................... 6

Burden of Proof ........................................................................................................ 6

Instructions Regarding the Claims Asserted ............................................................ 7

    Claims Asserted ................................................................................................. 7

    Multiple Claims – Multiple Defendants ............................................................ 7

Claim One: Involuntary Confession ......................................................................... 7

    Definition of "Knowingly" ................................................................................. 9

Claim Two: Conspiracy to Violate Constitutional Right .......................................... 9

Claim Three: Intentional Infliction of Emotional Distress ..................................... 10

Claim Four: State Civil Conspiracy ....................................................................... 11

Damages: General ................................................................................................... 12

    Damages: Compensatory ............................................................................................. 12

    Damages: Punitive ...................................................................................................... 13

Jury Deliberations ................................................................................................................ 15

The Verdict Form ................................................................................................................. 16

Members of the jury, you have seen and heard all the evidence. Now I will instruct you on the law. You may take notes regarding these instructions, but we will also give each of you a copy of these instructions to use in the jury room.

## Roles of the Jury and the Judge

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, the instructions I am giving you now, and the instructions I will give you after the closing arguments. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

## All Litigants Equal Before the Law

Plaintiff William Amor was a private citizen. Defendants Michael Cross and Robert Guerrieri were governmental employees. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because he was a governmental official, and you are not to afford any less credibility to statements made by a witness or a party because he is a private

citizen.

## **What Evidence Is and Is Not**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence consists of the testimony of the witnesses and the exhibits admitted into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, your recollection of the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question should not be permitted. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been. Nor should you infer that the lawyer who asked the question did anything improper or that my rulings reflect that I have any view as to how you should decide the case.

If, during the trial, I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

You have heard a witness (or witnesses) testify to hearing about statements Marilyn Glisson made to a Naperville Police Department officer about a conversation that Ms. Glisson claims to have heard between Mr. Amor and Tina Miceli about life insurance. You have also heard a witness (or witnesses) testify to hearing a statement made by Ms. Glisson about Mr. Amor owning a house in Iowa. These statements should not be considered for their truth but only as evidence that the statements were, in fact, made and for their effect on the listeners.

Certain diagrams and charts that have been shown to you and were admitted for

demonstrative purposes only. That means that they were admitted for convenience and to help explain the facts of the case. Those exhibits are not themselves evidence or proof of any facts, and you will not have the demonstrative exhibits in the jury room during your deliberations.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## **Weighing the Evidence**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. You are to consider both direct

and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether it is direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point. You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number; you need not accept the testimony of the larger number of witnesses. What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## **Assessing Witness Credibility**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

**<u>Deposition and Prior Testimony</u>**

During the trial, certain testimony was presented to you by reading depositions and prior testimony or by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court. You should not be influenced by the tone or inflection of the individuals reading prior testimony.

**<u>Prior Inconsistent Statements</u>**

You may consider statements made by Mr. Amor and Defendants Cross and Guerrieri before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

Similarly, statements made under oath before trial by a witness who is not a party may be considered as evidence of the truth of what the witness said in the earlier statements, as well as in deciding what weight to give that witness's testimony.

With respect to other witness statements made before the trial, the law is different. If you decide that, before the trial, a witness who is not a party made a statement not under oath or acted in a manner that is inconsistent with the witness's testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact

5

or an unimportant detail.

### Prior Convictions

You have heard evidence that Mr. Amor was convicted of fraud. You may consider this evidence only in assessing the voluntariness of Mr. Amor's confession and in deciding whether Mr. Amor's testimony was truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

### Opinion Testimony

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

### Burden of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all of the evidence that bears on the question under consideration, you must be persuaded that your finding is more probably true than not true.

# Instructions Regarding the Claims Asserted

## *Claims Asserted*

Plaintiff Amor has asserted claims under both federal law and Illinois law against Defendants Cross and Guerrieri. Mr. Amor claims that:

1. The Defendants violated Mr. Amor's Fifth Amendment right against self-incrimination by improperly causing him to give an involuntary confession.

2. The Defendants conspired to deprive Mr. Amor of his constitutional right against self-incrimination.

3. The Defendants intentionally inflicted emotional distress upon Mr. Amor in violation of Illinois law.

4. The Defendants conspired to intentionally inflict emotional distress upon Mr. Amor in violation of Illinois law.

The Defendants deny all of these claims.

## *Multiple Claims – Multiple Defendants*

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other must also be liable.

## Claim One: Involuntary Confession

Plaintiff Amor's first claim is that Defendants Cross and Guerrieri violated his Fifth Amendment right against self-incrimination by improperly causing him to give an involuntary confession.

To succeed on this claim as to the particular Defendant you are considering, Mr. Amor must prove each of the following things by a preponderance of the evidence:

7

1. Mr. Amor gave a confession;

2. This confession was not made by Mr. Amor voluntarily but rather was made involuntarily as a result of improper tactics knowingly used by the Defendant;

3. The confession was used against Mr. Amor during his criminal case; and

4. Mr. Amor was damaged as a result.

If you find that Mr. Amor has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for Mr. Amor on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Amor has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for the Defendant as to this claim, and you will not consider the question of damages.

A confession is voluntary if, in the totality of the circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics which have overcome a person's free will and ability to make a rational choice. In assessing whether a confession is voluntary, you should consider the "totality of the circumstances" pertaining to the interrogation. This means that you should consider all factors relating to the interrogation together, instead of considering different factors in isolation.

Factors you may consider include, but are not limited to whether Mr. Amor was in custody; whether Mr. Amor was advised of his rights and waived them; characteristics of Mr. Amor that were known or should have been known to the Defendant under consideration; circumstances relating to Mr. Amor's physical condition; the length, time of day, and the setting of the interrogation, and the interrogation tactics used by the Defendant under consideration. Specific methods of interrogation, including the use of deceit, engaging in accusatory questioning, making

false or misleading statements about evidence of a person's guilt, posing as a friend, supplying details of an incident, employing minimization techniques, and making statements to each such person about the potential legal consequences of the crime being investigated, are not in and of themselves prohibited unless, if taken together with the totality of circumstances, they result in overcoming a person's free will and ability to make a rational choice.

### *Definition of "Knowingly"*

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

### **Claim Two: Conspiracy to Violate Constitutional Right**

Plaintiff Amor claims that Defendants Cross and Guerrieri conspired with each other to violate Mr. Amor's Fifth Amendment right against self-incrimination.

To succeed on this claim as to the particular Defendant you are considering, Mr. Amor must prove each of the following things by a preponderance of the evidence:

1. Mr. Amor's constitutional right against self-incrimination was violated as explained in the Claim One Instruction, above;

2. The Defendant entered into an agreement with at least one other person to coercively obtain a false confession from Mr. Amor;

3. The Defendant knowingly entered the agreement with the intention to carry it out; and

4. One or more of the participants in the agreement committed an action in furtherance of the agreement.

If you find that Mr. Amor has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for Mr. Amor on this

claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Amor has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for the Defendant as to this claim, and you will not consider the question of damages.

Mr. Amor does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

### Claim Three: Intentional Infliction of Emotional Distress

Plaintiff Amor's third claim is that Defendants Cross and Guerrieri intentionally inflicted emotional distress upon him in violation of Illinois state law.

To succeed on this claim as to the particular Defendant you are considering, Mr. Amor must prove each of the following things by a preponderance of the evidence:

1. The Defendant engaged in conduct that was extreme and outrageous;

2. The Defendant either intended his conduct to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and

3. The Defendant's conduct in fact caused Mr. Amor severe emotional distress.

If you find that Mr. Amor has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for Mr. Amor on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Amor has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for the Defendant as to this claim, and you will not consider the question of damages.

"Extreme and outrageous conduct" means conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community.

In determining whether conduct is extreme and outrageous, factors you may consider include, but are not limited to: the degree of power or authority which Mr. Cross and Mr. Guerrieri had over Mr. Amor; whether Mr. Cross and Mr. Guerrieri reasonably believed that their conduct had a legitimate objective; and whether Mr. Amor was particularly susceptible to emotional distress because of some mental condition or state.

### **Claim Four: State Civil Conspiracy**

Plaintiff Amor's fourth claim is that Defendants Cross and Guerrieri entered into an agreement to inflict emotional distress on him.

To succeed on this claim as to the particular Defendant you are considering, Mr. Amor must prove each of the following things by a preponderance of the evidence:

1. Mr. Amor was damaged as explained in the Claim Three Instruction, above;
2. The Defendant entered into an agreement with at least one other person to inflict emotional distress on Mr. Amor;
3. The Defendant knowingly entered the agreement with the intention to carry it out; and
4. One or more of the participants in the agreement committed an action in furtherance of the agreement.

If you find that Mr. Amor has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you must decide for Mr. Amor on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Amor has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you must

decide for the Defendant as to this claim, and you will not consider the question of damages.

### **Damages: General**

I will now instruct you on damages. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Mr. Amor is entitled to damages. I am instructing you on damages only so that you will have guidance in the event you decide that one or both of the Defendants is liable on one or more of Mr. Amor's claims.

If you find in favor of Mr. Amor on any of his claims, then you must determine what amount of damages, if any, Mr. Amor is entitled to recover.

If you find in favor of both of the Defendants on all of Mr. Amor's claims, then you should not consider the question of damages.

### *Damages: Compensatory*

If you find in favor of Mr. Amor on any of his claims, you are then to determine the amount of money that will fairly compensate Mr. Amor for any injury that you find he sustained as a result of Defendant Cross and Guerrieri's wrongful conduct. These are called "compensatory damages."

Mr. Amor must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical, mental, and emotional aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages and no others:

- The physical, mental, and emotional pain and suffering that Mr. Amor experienced;
- The loss of liberty that Mr. Amor experienced; and

- The loss of a normal life that Mr. Amor experienced.

No evidence of the dollar value of physical, mental, or emotional pain and suffering, loss of liberty, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Mr. Amor for the injury he has sustained.

*Damages: Punitive*

If you find for Plaintiff Amor, you may, but are not required to, assess punitive damages against Defendant Guerrieri. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Mr. Amor must prove by a preponderance of the evidence that punitive damages should be assessed against Mr. Guerrieri. You may assess punitive damages against Mr. Guerrieri only if you find that his conduct was malicious or in reckless disregard of Mr. Amor's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Mr. Amor. Conduct is in reckless disregard of Mr. Amor's rights if, under the circumstances, it reflects complete indifference to Mr. Amor's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages against Mr. Guerrieri, you should consider the following factors:

- the reprehensibility of Mr. Guerrieri's conduct;

- the impact of Mr. Guerrieri's conduct on Mr. Amor;

- the relationship between Mr. Amor and Mr. Guerrieri;

- the likelihood that Mr. Guerrieri would repeat the conduct if an award of punitive damages is not made;

- and the relationship of any award of punitive damages to the amount of actual harm Mr. Amor suffered.

## Jury Deliberations

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.

You may discuss the case only when all jurors are present. Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You cannot talk to anyone in person or on the phone, correspond with anyone, or electronically communicate with anyone about the case. All forms of communication are subject to this instruction, including email, text messaging, instant messaging, blogging, and posting on social media and networking platforms such as Facebook, Twitter, Tumblr, Instagram, or Snapchat. You may not use any electronic device, such as a cell phone or computer to communicate with anyone about this case. If anyone attempts to communicate with you about the case, through any of the methods I have listed or any others, you must inform me right away.

Also, you may not conduct any independent research about this case. This means that you may not use any printed or electronic source to look up any information about the case. You should not consult any reference materials or search the Internet to obtain information about the matters in the case, or the individuals involved in the case, or to help you decide the case in any other way. You may not do any personal investigation of the events which are the subject of this case.

The reason that you cannot communicate with anyone about the case or conduct your own investigation and research is that it is critically important that you decide this case based solely on the evidence presented in this courtroom. That is the only information that has been seen and heard by all of your fellow jurors as well as the parties in the case. Permitting communications or investigation outside the courtroom would jeopardize the fairness of these proceedings because your verdict might

15

then be based on information that is not reliable or admissible, that the parties did not have an opportunity to address, and that your fellow jurors did not have the opportunity to consider.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, any communications with me must be by written note. Please understand that I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my response.

***If you send me a message, do not include the breakdown of any votes you may have conducted.*** In other words, do not tell me that you are split 8-1, or 5-4, or whatever your vote happens to be.

The exhibits introduced at trial will be available to you in digital form for use in the jury room during your deliberations. The necessary equipment to review the exhibits will be provided. Please be advised that transcripts of trial testimony will not be available to you. You must rely on your individual and collective memory of the testimony. Copies of these instructions will also be provided for each of you.

## **The Verdict Form**

Along with these instructions, a verdict form has been prepared for you and you will have that form with you in the jury room. This is what it looks like.

When you have reached unanimous agreement as to your verdicts, your foreperson will fill in, date, and sign the verdict form. Each of you will also sign the verdict form. Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

A verdict must represent the considered judgment of each juror. Your verdict, whether it is for the plaintiff or the defendants, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

REMEMBER: You are the impartial judges of the facts.

You will now retire to deliberate. Your deliberations should continue as necessary during the same general hours that we have conducted trial, that is, weekdays between roughly 9:00 a.m. and 5:00 p.m. In providing you with this information, I intend no comment on the appropriate length of your deliberations; that is a matter for you, the jury, to determine.