# EXHIBIT D

## Exhibit Lists

## (Corrected 8/7/2024)

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

## JOINT EXHIBIT LIST

**NOTE:** Consistent with the Court's instructions, the parties have endeavored to assign joint exhibit numbers for exhibits that either side may seek to use, including to refresh recollection or for impeachment. The inclusion of an exhibit on the list of "joint" exhibits, however, does not mean that the parties have agreed that the exhibit is admissible into evidence. All parties reserve their right to object to the admission of the "joint" exhibits, including to object on grounds of hearsay, Rule 401 (relevance), Rule 403 (unfair prejudice, confusion, misleading, cumulative, or waste of time/delay), and the evidentiary rulings of the court.

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX1/DX1 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 1. CITY_MBROWN_000938. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX2/DX2 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 2. CITY_MBROWN_000939. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX3/DX3 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 3. CITY_MBROWN_000940. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX4/DX4 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 4. CITY_MBROWN_000941. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX5/DX5 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 5. CITY_MBROWN_000942. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX6/DX6 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 6. CITY_MBROWN_000943. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX7/DX7 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 7. CITY_MBROWN_000944. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX8/DX8 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 8. CITY_MBROWN_000945. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |

*Brown v. Mancuso*, et al., 19-cv-4082                     August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX9/DX9 | 9/3/2008 | ERI Video of Marcel Brown Interview. Hour 9. CITY_MBROWN_000946. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX10/DX10 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 10. CITY_MBROWN_000947. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX11/DX11 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 1. CITY_MBROWN_000948. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX12/DX12 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 12. CITY_MBROWN_000949. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX13/DX13 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 13. CITY_MBROWN_000950. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX14/DX14 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 14. CITY_MBROWN_000951. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX15/DX15 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 15. CITY_MBROWN_000952. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX16/DX16 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 16. CITY_MBROWN_000953. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX17/DX17 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 17. CITY_MBROWN_000954. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX18/DX18 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 18. CITY_MBROWN_000955. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX19/DX19 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 19. CITY_MBROWN_000956. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX20/DX20 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 20. CITY_MBROWN_000957. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX21/DX21 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 21. CITY_MBROWN_000958. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX22/DX22 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 22. CITY_MBROWN_000959. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX23/DX23 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 23. CITY_MBROWN_000960. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX24/DX24 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 24. CITY_MBROWN_000961. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX25/DX25 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 25. CITY_MBROWN_000962. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX26/DX26 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 26. CITY_MBROWN_000963. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX27/DX27 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 27. CITY_MBROWN_000964. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX28/DX28 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 28. CITY_MBROWN_000965. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX29/DX29 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 29. CITY_MBROWN_000966. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX30/DX30 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 30. CITY_MBROWN_000967. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |

*Brown v. Mancuso*, et al., 19-cv-4082                                 August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX31/DX31 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 31. CITY_MBROWN_000968. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX32/DX32 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 32. CITY_MBROWN_000969. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX33/DX33 | 9/4/2008 | ERI Video of Marcel Brown Interview. Hour 33. CITY_MBROWN_000970. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX34/DX34 | 9/5/2008 | ERI Video of Marcel Brown Interview. Hour 34. CITY_MBROWN_000971. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX35/DX35 | 9/5/2008 | ERI Video of Marcel Brown Interview. Hour 35. CITY_MBROWN_000972. | Relevant to whether Defendant Officers' coerced Plaintiff's statements | |
| PX36/DX36 | 9/3/2008 | CPD Video of Scene. CITY_MBROWN_000984. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX37/DX37 | N/A | Map of Amundsen Park | Relevant to establishing facts regarding events in Amundsen Park on August 30-31, 2008. | |
| PX38/DX38 | N/A | Map of Amundsen Park and Surrounding Area | Relevant to establishing facts regarding events in Amundsen Park on August 30-31, 2008. | |

4

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX39/DX39 | 4/25/2022 | Judge Joanne Rosado Sentencing Order regarding Renard Branch, Jr. Guilty Plea to Aggravated Discharge of a Firearm | Relevant to Plaintiff's guilt or innocence. | |
| PX40/DX40 | 9/9/2008 | OEMC Response to Cook County Subpoena. MB-00017847-17860. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX41/DX41 | 9/4/2008 | CPD 9/4/2008 Photographs. CCSAO_003934-4004. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX42/DX42 | 9/1/2008 | Illinois State Police Evidence Submission Form for CPD. Gun Shot Residue Kit. ISP Laboratory Report (12/3/2008). MB-00009839-41. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX43/DX43 | 8/31/2008 | CPD Detective Division "Homicide Case Folder" Table of Contents. HB-545050. MB-00009038. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX44/DX44 | 8/31/2008 | CPD Investigative File Inventory. HB-545050. MB-00009039 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX45/DX45 | 8/31/2008 | CPD General Offense Case Report. HB-545050. MB-00009040-41. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX46/DX46 | 9/3/2008 | CPD Supplementary Report. Arrangements made for Renard Branch's surrender. HB-545050. MB-00009042 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX47/DX47 | 10/22/2008 | CPD Case Supplementary Report. Field Investigation Cleared Closed (Arrest and Prosecution) Report. HP545050. MB-00009043-57. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX48/DX48 | 9/8/2008 | CPD Case Supplementary Report. Field Investigation Progress, Violent (Scene) Report. HP-545050. MB-00009058-70. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX49/DX49 | 8/31/2008 | CPD Case Supplementary Report. Field Investigation Canvass Report. HP545050. MB-00009071-77. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX50/DX50 | 9/10/2008 | CPD Case Supplementary Report. Field Investigation Progress Report. Corrected previuosy Supp Report to indicate that Janet (not Paris) Jackson arrived at A5/DD. HP-545050. MB-00009078-82. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX51/DX51 | 9/10/2008 | CPD Case Supplementary Report. Field Investigation Progress Report. Janet Jackson arrived at A5/DD. HP-545050. MB-00009083-88. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX52/DX52 | 10/22/2008 | CPD Case Supplementary Report. Field Investigation Progress Report. Reporting Officer: Michael Mancusco. HP545050. MB-00009089-9110. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX53/DX53 | 9/1/2008 | ME Case Report (body diagram) of Pathologist Segovia regarding manner of death. MB-00009111. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                              August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX54/DX54 | 9/1/2008 | CPD Case Supplementary Report. Field Investigation Morgue Report. HP545050. MB-00009112-9116. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX55/DX55 | 9/4/2008 | CPD Crime Scene Processing Report. Chevy Malibu and Garage in Oak Park. HP-545050. MB-00009117-18. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX56/DX56 | 9/4/2008 | CPD Crime Scene Processing Report. Line-up. HP-545050. MB-00009119-20. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX57/DX57 | 9/9/2008 | CPD Property Inventory No. 11429109. Handwritten letter. HP545050.            MB-00009121-24. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX58/DX58 | 8/31/2008 | CPD Crime Scene Processing Report.Crime Scene. HP-545050. MB-00009125-27. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX59/DX59 | 9/4/2008 | CPD Crime Scene Processing Report. Chevy Malibu and Garage in Oak Park. HP-545050. MB-00009128-29. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX60/DX60 | 9/4/2008 | CPD Crime Scene Processing Report. Line-up. HP-545050. MB-00009130-31. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX61/DX61 | 9/1/2008 | CPD Property Inventory No. 11426011. Photo Line-up. HP545050. MB-00009132. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX62/DX62 | 8/31/2008 | CPD Property Inventory No. 11425942. Photo Line-up. HP545050. MB-00009133. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX63/DX63 | 9/4/2008 | CPD Property Inventory No. 11422498. Expended shell recovered from garage floor. HP545050. MB-00009134. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX64/DX64 | 9/3/2008 | CPD Property Inventory No. 11424331. Cell phone / pager. HP545050. MB-00009135. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX65/DX65 | 9/3/2008 | CPD Property Inventory No. 11426253. Signed statement of Renard Branch. HP545050. MB-00009136. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX66/DX66 | 9/3/2008 | CPD Property Inventory No. 11426257. Consent to search form signed by Marcel Brown. HP545050. MB-00009137. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX67/DX67 | 9/4/2008 | CPD Property Inventory No. 11424881. Line-up advisory form Krystine Jenkins. HP545050. MB-00009138. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX68/DX68 | 9/3/2008 | CPD Property Inventory No. 11424940. Prisoner jewelry. HP545050. MB-00009139. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX69/DX69 | 9/4/2008 | CPD Property Inventory No. 11424883. Line-up advisory form Jasmine Jenkins. HP545050.  MB-00009140. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX70/DX70 | 9/4/2008 | CPD Property Inventory No. 11424891. Line-up advisory form Shaquincia Williams. HP545050.  MB-00009141. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX71/DX71 | 9/4/2008 | CPD Property Inventory No. 11422477. Gun shot residue K. HP545050.  MB-00009142. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX72/DX72 | 9/4/2008 | CPD Property Inventory No. 11424853.Line-up advisory form Ebony Jenkins. HP545050.  MB-00009143. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX73/DX73 | 8/31/2008 | CPD Property Inventory No. 11424727. Cell phone / pager. HP545050.  MB-00009144. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

11

*Brown v. Mancuso*, et al., 19-cv-4082 August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX74/DX74 | 9/3/2008 | CPD Property Inventory No. 11426257. Consent to search form signed by Marcel Brown. HP545050.  MB-00009145. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX75/DX75 | 9/3/2008 | CPD Property Inventory No. 11424331. Cell phone / pager. HP545050.  MB-00009146. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX76/DX76 | 10/3/2008 | CPD Property Inventory No. 11454980. Black and white photos. HP545050.  MB-00009147. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX77/DX77 | 9/4/2008 | CPD Property Inventory No. 11422528. Receipt - towing report. HP545050.  MB-00009148. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX78/DX78 | 12/31/2008 | CPD Case Supplementary Report. Field Investigation Cleared Closed (Arrest and Prosecution) Supplement Report.  HP545050.  MB-00009149-55. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

12

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX79/DX79 | 9/1/2008 | Illinois State Police Evidence Submission Form for CPD. Gun Shot Residue Kit. ISP Laboratory Report (12/3/2008). MB-00009156-58. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX80/DX80 | 8/31/2008 | CPD Criminal History Report for Paris Jackson. IR# 183888. MB-00009159-65. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX81/DX81 | 9/4/2008 | Felony Minutes. Renard Branch. Date of Arrest: September 3, 2008; Complaint. MB-00009166-67. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX82/DX82 | 9/5/2008 | Felony Minutes Sheet. Marcel Brown. Date of Arrest: September 5, 2008; Complaint. MB-00009168-69. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX83/DX83 | 9/3/2008 | CPD Arrest Report. Name: Renard Branch. CB # 17351650. MB-00009170-75. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                         August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX84/DX84 | 9/3/2008 | CPD Arrest Report. Name: Marcel Brown. CB # 17351951. MB-00009179-81. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX85/DX85 | 9/17/2008 | Leads Responses. Driver Information. Marcel Brown. MB-00009183-84. | Relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX86/DX86 | 8/31/2008 | CPD Case Supplementary Report. HP-544519. CCSAO_003832 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX87/DX87 | 9/4/2008 | CPD Case Supplementary Report. HP-545050. Field Investigation Progress - Line Up Report. Viewing line up: Jasmine Jenkins. Renard Branch identified. MB-00009189-94. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX88/DX88 | 9/4/2008 | CPD Case Supplementary Report. HP-545050. Field Investigation Progress - Line Up Report. Viewing line up: Ebony Jenkins. Renard Branch identified. MB-00009195-200. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

14

*Brown v. Mancuso*, et al., 19-cv-4082                                   August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX89/DX89 | 9/4/2008 | CPD Case Supplementary Report. HP-545050. Field Investigation Progress - Line Up Report. Viewing line up: Shaquincia Williams. Renard Branch and Marcel Brown identified. MB-00009201-06. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX90/DX90 | 9/4/2008 | CPD Case Supplementary Report. HP-545050. Field Investigation Progress - Line Up Report. Viewing Line up: Krystine Jenkins. Renard Branch and Marcel Brown identified. MB-00009207-12. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX91/DX91 | 10/22/2008 | CPD Case Supplementary Report. Field Investigation Progress Report. HP-545050. MB-00010105-124 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX92/DX92 | 11/24/2008 | CPD Case Supplementary Report. Field Investigation Progress Report. HP544519. CITY-MBROWN_001688-1694 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX93/DX93 | 8/31/2008 | To / From. Subject: Request for Telephone Records. HP-545050. MB-00009213-14. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX94/DX94 | 8/5/2008 | Grand jury subpoena for selected CPD detectives assisting in the investigation. MB-00009215. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX95/DX95 | 9/8/2008 | Request for phone records of Debra Scott and list of calls made from telephone number 773-759-0656. MB-00009216-29. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX96/DX96 | 9/8/2008 | Request for phone records of Taneshia Branch and list of calls made from telephone number 773-879-8250. MB-00009230-39. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX97/DX97 | 9/4/2008 | Search Warrant, Complaint for Search Warrant. In the Circuit Court of Cook County, Illinos. Search of Chevrolet Malibu. MB-00009240-42. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX98/DX98 | 9/4/2008 | CPD Search Warrant Data form. Search Warrant, Complaint for Search Warrant. In the Circuit Court of Cook County, Illinos. Search of Garage located at 906 N. Humphtry Oak Park. MB-00009243-46. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX99/DX99 | 9/4/2008 | CPD Search Warrant Data form. Search of Chevrolet Malibu. MB-00009247. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX100/DX100 | 8/31/2008 | CPD General Offense Case Report. HP-545050. MB-00011270-71. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX101/DX101 | 8/31/2008 | CPD General Progress Report. Victim information. HP-545050. MB-00009772. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX102/DX102 | 8/31/2008 | CPD General Progress Report. Mancuso's observations at the scene. HP-545050. MB-00009757. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX103/DX103 | 8/31/2008 | CPD General Progress Report. Canvass. HP-545050. MB-00009248. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX104/DX104 | 8/31/2008 | CPD General Progress Report. Canvass - Merimac. HP-545050. MB-00009249. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX105/DX105 | 8/31/2008 | CPD General Progress Report. Canvass. HP-545050. MB-00009250. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX106/DX106 | 8/31/2008 | CPD General Progress Report. Canvass. HP-545050. MB-00009251. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX107/DX107 | 8/31/2008 | CPD General Progress Report. Canvass. HP-545050. MB-00009252. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX108/DX108 | 9/4/2008 | Page from Search Warrant 08SW6562.  Sketch of garage at 906 N. Humphrey Oak Park where spent shell casing was recovered. MB-00009253. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX109/DX109 | Not dated | CPD General Progress Report. Marcel Brown interview. HP-545050. MB-00009254-56. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX110/DX110 | 9/3/2008 | CPD General Progress Report - 9/3/2008. Timeline. HP-545050. MB-00009258 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX111/DX111 | 9/4/2008 | CPD General Progress Report. Timeline 9/4/2008. HP-545050. MB-00009259-60. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX112/DX112 | 8/31/2008 | CPD General Progress Report. Interview of Shaquincia Williams. HP-545050. MB-00009261-62. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX113/DX113 | 8/31/2008 | CPD General Progress Report. Interview of Ebony Jenkins. HP-545050. MB-00009263. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX114/DX114 | 8/31/2008 | CPD General Progress Report. Interview of Shaniqua Grayer. HP-545050. MB-00009264-65. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX115/DX115 | 8/31/2008 | CPD General Progress Report. Amanda Moore interview. HP-545050. MB-00009266-67. (Two copies of the same interview.) | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX116/DX116 | 8/31/2008 | CPD General Progress Report. Kristine Jenkins interview. HP-545050. MB-00009268. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX117/DX117 | 8/31/2008 | CPD General Progress Report. Jasmine Jenkins interview. HP-545050. MB-00009269. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX118/DX118 | 8/31/2008 | CPD General Progress Report. Krystal interview. HP-545050. MB-00009270. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX119/DX119 | 8/31/2008 | CPD General Progress Report. Interview of Isaiah Davis. HP-545050. MB-00009271. | Relevant to manner and time of death; relevant to Defendant Officers' | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| | | | investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX120/DX120 | 9/3/2008 | CPD General Progress Report. Interview of Tyrone Bailey. HP-545050. MB-00009272-3. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX121/DX121 | 9/2/2008 | CPD General Progress Report. Interview of Rasheda Ahkeemie Davis. HP-545050. MB-00009274-5. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX122/DX122 | 9/2/2008 | CPD General Progress Report. Interview of Kayla Kuykendoll. HP-545050. MB-00009276-77. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX123/DX123 | 8/31/2008 | CPD General Progress Report. Witnesses W. 5555 W Grand. HP-545050. MB-00009278-79. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX124/DX124 | 8/31/2008 | CPD General Progress Report. Interview of Eugene Stanciel. HP-545050. MB-00009280-81. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX125/DX125 | 8/31/2008 | CPD General Progress Report. Interview of Brandon Powell. HP-545050. MB-00009282. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX126/DX126 | 8/31/2008 | CPD General Progress Report. Canvass notes. HP-545050. MB-00009283. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX127/DX127 | 8/31/2008 | CPD General Progress Report. Interview of Mari Ocampo. HP-545050. MB-00009284. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX128/DX128 | 8/31/2008 | CPD General Progress Report. Interview of David Portis. HP-545050. MB-00009285. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX129/DX129 | 8/31/2008 | CPD General Progress Report. Interview of Tytiana Williams. HP-545050. MB-00009286. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX130/DX130 | 9/3/2008 | CPD General Progress Report. Text messages from Marcel | Relevant to manner and time of death; relevant to Defendant Officers' | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | Brown. HP-545050. MB-00009287. | investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX131/DX131 | 8/31/2008 | CPD General Progress Report. McDonald's 1st and Lake. HP-545050. MB-00009288. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX132/DX132 | 8/31/2008 | CPD General Progress Report. On scene notes - description of body, officers assigned to scene, ME case number. HP-545050. MB-00009289. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX133/DX133 | 9/1/2008 | CPD General Progress Report. Interview of Brittany Williamson. HP-545050. MB-00009290, MB-00009304-05 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX134/DX134 | 8/31/2008 | CPD General Progress Report. Crime Scene Diagram. HP-545050. MB-00009291. | Relevant to establishing facts regarding events in Amundsen Park on August 30-31, 2008. | |
| PX135/DX135 | 9/3/3008 | CPD General Progress Report. Interview of Terry Scott, HP-545050. MB-00009292. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX136/DX136 | 9/4/3008 | CPD General Progress Report. Execution of Search Warrant | Relevant to manner and time of death; relevant to | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | of garage. Interview of Terry Scott, HP-545050. MB-00009293. | Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX137/DX137 | 8/31/2008 | CPD General Progress Report. Interview of Rita Myles. HP-545050. MB-00009294. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX138/DX138 | 9/1/2008 | CPD General Progress Report. Interview of Ashtin Warner. HP-545050. MB-00009295-96. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX139/DX139 | 9/1/2008 | CPD General Progress Report. Interview of Deshaun Grayer. HP-545050. MB-00009297-98. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX140/DX140 | 9/1/2008 | CPD General Progress Report. Interview of Vanessa Bell. HP-545050. MB-00009299-9303. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX141/DX141 | 9/1/2008 | CPD General Progress Report. Interview notes. HP-545050. MB-00009304. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | mind; relevant to Plaintiff's guilt or innocence | |
| PX142/DX142 | 9/1/2008 | CPD General Progress Report. List of persons at park. HP-545050. MB-00009305. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX143/DX143 | 9/3/2008 | CPD General Progress Report. Tanisha, Marcel cell phone numbers. HP-545050. MB-00009306. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX144/DX144 | 8/31/2008 | CPD General Progress Report. Interview of Sophia Bell. HP-545050. CCSAO_000245. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX145/DX145 | 8/31/2008 | CPD Property Inventory No. 11424727. HP545050. CITY_MBROWN_000435. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX146/DX146 | 9/5/2008 | Copy of Stephen Wham Cary's ARDC and Cook County Sheriff cards. MB-00009349. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence; relevant to the matters addressed in the | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | Court's ruling on Defendants' MIL No. 1 regarding Stephen "Wham" Cary. | |
| PX147/DX147 | 8/31/2008 | Leads Responses. Vehicle Information. 2004 Chevrolet 4 door. MB-00009350. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX148/DX148 | 8/4/2008 | CPD Vehicle Tow Report. Chevy Malibu from 906 N. Humphrey Oak Park. HP-545050.  MB-00009351. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX149/DX149 | 9/1/2008 | CPD Line up / Photo Spread Advisory Form. Signed by Marisol Ocampo. MB-00009499. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX150/DX150 | 9/4/2008 | Statement of Krystine Jenkins. MB-00009352-9360. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX151/DX151 | 9/4/2008 | Statement of Terry Scott.  MB-00009361-9368. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX152/DX152 | 9/2/2008 | Statement of Shaniqua Grayer. MB-00009369-85. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX153/DX153 | 9/4/2008 | Statement of Tyrone Bailey. MB-00009386-95. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX154/DX154 | 9/1/2008 | Statement of Eugene Stanciel. MB-00009396-9413. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX155/DX155 | 9/1/2008 | Statement of Krystal Jenkins. MB-00009414-20. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX156/DX156 | 9/1/2008 | Statement of Jasmine Jenkins. MB-00009421-37. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX157/DX157 | 9/1/2008 | Statement of Brittany Williamson. MB-00009438-44. | Relevant to manner and time of death; relevant to Defendant Officers' | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             | investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX158/DX158 | 9/2/2008 | Statement of Kayla Kuykendoll. MB-00009445-52. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX159/DX159 | 9/2/2008 | Statement of Kema Davis. MB-00009453-58. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX160/DX160 | 9/2/2008 | Statement of Ebony Jenkins. MB-00009459-74. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX161/DX161 | 9/1/2008 | Statement of Ashtin Warner. MB-00009475-85. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX162/DX162 | 9/1/2008 | Statement of Mari Ocampo. MB-00009486-98. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX163/DX163 | 8/31/2008 | Statement of Shaquincia Williams. MB-00009500-15. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX164/DX164 | 9/2/2008 | Statement of Shaniqua Grayer. MB-00009516-32. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX165/DX165 | N/A | Paris Jackson letter detailing violence in the neighborhood. MB-00007841-42. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX166/DX166 | 1/20/2022 | Aerial map of Amundsen Park annotated by Rufus McGee. Not bates numbered. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX167/DX167 | 11/11/2021 | Aerial map of Amundsen Park area annotated by Eugene Stanciel. Not bates numbered. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX168/DX168 | 4/30/2021 | Aerial Map of Amundsen park area annotated by Fred | | |

29

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | Heideman. Not bates numbered | | |
| PX169/DX169 | 8/31/2008 | Crime Scene Photos, Photos of Gold Chevy Malibu, and Photos of Lineup, produced by Chicago Police Department in Response to Subpoena in People v. Brown, No. 08 CR 18742(02) (MB-00008560 to MB-00008641) | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX170/DX170 | 9/4/2008 | CPD Crime Scene Processing Report. HP-545050. MB-00010002-03. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX171/DX171 | 9/3/2008 | Marcel Brown ASA felony review folder. CCSAO_007890-913. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX172/DX172 | 10/17/2008 | ASA Grand Jury Folder. Appearances log, indictment return sheet re R. Branch and M. Brown, Renard Branch count charges, Renard Branch and Marcel Brown count charges. CCSAO_001079-1106. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX173/DX173 | 9/4/2008 | Memo. To CPD, From Felony Review Unit regarding locating witnesses; Grand Jury | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of | |

*Brown v. Mancuso*, et al., 19-cv-4082                         August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | Notification Form. MB-00017833-35. | mind; relevant to Plaintiff's guilt or innocence | |
| PX174/DX174 | 9/1/2008 | Report of Postmortem Examination of Paris Jackson. Includes results of toxicologic analyses, notes, medical examiner case report, case checklist, inventories, subpoena and certificate of death worksheet. MB-00017347-71. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX175/DX175 | 7/17/2023 | Bode Technology Serology Case File and Related Documents. BODE000001-119. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX176/DX176 | 7/11/2023 | Bode Technology Serology Case Report & DNA Case Report. BODE000120-124. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX177/DX177 | 4/4/2024 | Bode Technology Supplemental DNA Case Report. BODE000125-27. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX178/DX178 | 11/21/2022; 1/9/2023 | Dr. Jonathan Arden Expert Report and attachments | | |
| PX179/DX179 | 1/1/2022 | Dr. Brian Cutler Expert Report and attachments | | |

*Brown v. Mancuso*, et al., 19-cv-4082                                        August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX180/DX180 | 12/9/2022 | Matthew Jones Expert Report and attachments | | |
| PX181/DX181 | 4/17/2023 | Matthew Jones Supp Expert Report | | |
| PX182/DX182 | 6/23/2021 | Deposition of John Haniacek | Prior testimony. | |
| PX183/DX183 | 3/31/2021 | Deposition Transcript of Brian Dorsch | Prior testimony. | |
| PX184/DX184 | 4/20/2021 | Deposition Transcript of Victor Kubica | Prior testimony. | |
| PX185/DX185 | 4/30/2021 | Deposition Transcript of Fred Heidmann | Prior testimony. | |
| PX186/DX186 | 5/26/2021 | Deposition Transcript of Stephen Czablewski | Prior testimony. | |
| PX187/DX187 | 5/26/2021 | Video Deposition of Stephen Czablewski - video 1 of 2 | Prior testimony. | |
| PX188/DX188 | 5/26/2021 | Video Deposition of Stephen Czablewski - video 2 of 2 | Prior testimony. | |
| PX189/DX189 | 6/4/2021 | Deposition Transcript of William Burke | Prior testimony. | |
| PX190/DX190 | 6/4/2021 | Video of Deposition of William Burke - video 1 of 6 | Prior testimony. | |
| PX191/DX191 | 6/5/2021 | Video of Deposition of William Burke - video 2 of 6 | Prior testimony. | |
| PX192/DX192 | 6/6/2021 | Video of Deposition of William Burke - video 3 of 6 | Prior testimony. | |
| PX193/DX193 | 6/7/2021 | Video of Deposition of William Burke - video 4 of 6 | Prior testimony. | |
| PX194/DX194 | 6/8/2021 | Video of Deposition of William Burke - video 5 of 6 | Prior testimony. | |
| PX195/DX195 | 6/9/2021 | Video of Deposition of William Burke - video 6 of 6 | Prior testimony. | |
| PX196/DX196 | 6/15/2021 | Deposition Transcript of Eddie Reed | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX197/DX197 | 6/29/2021 | Deposition Transcript of Ruben Weber | Prior testimony. | |
| PX198/DX198 | 6/29/2021 | Video of Deposition of Ruben Weber - video 1 of 6 | Prior testimony. | |
| PX199/DX199 | 6/30/2021 | Video of Deposition of Ruben Weber - video 2 of 6 | Prior testimony. | |
| PX200/DX200 | 7/1/2021 | Video of Deposition of Ruben Weber - video 3 of 6 | Prior testimony. | |
| PX201/DX201 | 7/2/2021 | Video of Deposition of Ruben Weber - video 4 of 6 | Prior testimony. | |
| PX202/DX202 | 7/3/2021 | Video of Deposition of Ruben Weber - video 5 of 6 | Prior testimony. | |
| PX203/DX203 | 7/4/2021 | Video of Deposition of Ruben Weber - video 6 of 6 | Prior testimony. | |
| PX204/DX204 | 7/20/2021 - 7/21/2021 | Deposition Transcripts of Michael Mancuso | Prior testimony. | |
| PX205/DX205 | 7/20/2021 | Video of Deposition of Michael Mancuso (Vol. I) - video 1 of 4 | Prior testimony. | |
| PX206/DX206 | 7/20/2021 | Video of Deposition of Michael Mancuso (Vol. I) - video 2 of 4 | Prior testimony. | |
| PX207/DX207 | 7/20/2021 | Video of Deposition of Michael Mancuso (Vol. I) - video 3 of 4 | Prior testimony. | |
| PX208/DX208 | 7/20/2021 | Video of Deposition of Michael Mancuso (Vol. I) - video 4 of 4 | Prior testimony. | |
| PX209/DX209 | 7/21/2021 | Video of Deposition of Mic hael Mancuso (Vol. II) video 1 of 6 | Prior testimony. | |
| PX210/DX210 | 7/21/2021 | Video of Deposition of Mic hael Mancuso (Vol. II) video 2 of 6 | Prior testimony. | |
| PX211/DX211 | 7/21/2021 | Video of Deposition of Mic hael Mancuso (Vol. II) video 3 of 6 | Prior testimony. | |
| PX212/DX212 | 7/21/2021 | Video of Deposition of Mic hael Mancuso (Vol. II) video 4 of 6 | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX213/DX213 | 7/21/2021 | Video of Deposition of Mic hael Mancuso (Vol. II) video 5 of 6 | Prior testimony. | |
| PX214/DX214 | 7/21/2021 | Video of Deposition of Mic hael Mancuso (Vol. II) video 6 of 6 | Prior testimony. | |
| PX215/DX215 | 9/7/2021 - 9/8/2021 | Deposition Transcripts of Marcel Brown | Prior testimony. | |
| PX216/DX216 | 9/7/2021 | Video of Deposition of Marcel Brown (Vol. I) - video 1 of 2 | Prior testimony. | |
| PX217/DX217 | 9/7/2021 | Video of Deposition of Marcel Brown (Vol. I) - video 2 of 2 | Prior testimony. | |
| PX218/DX218 | 9/8/2021 | Video of Deposition of Marcel Brown (Vol. II) - video 1 of 2 | Prior testimony. | |
| PX219/DX219 | 9/8/2021 | Video of Deposition of Marcel Brown (Vol. II) - video 2 of 2 | Prior testimony. | |
| PX220/DX220 | 9/30/2021 | Deposition Transcript of Stephen Wham Cary | Prior testimony. | |
| PX221/DX221 | 11/3/2021 | Deposition Transcript of Michelle Spizzirri | Prior testimony. | |
| PX222/DX222 | 11/3/2021 | Video of Deposition of Michelle Spizzirri - video 1 of 5 | Prior testimony. | |
| PX223/DX223 | 11/3/2021 | Video of Deposition of Michelle Spizzirri - video 2 of 5 | Prior testimony. | |
| PX224/DX224 | 11/3/2021 | Video of Deposition of Michelle Spizzirri - video 3 of 5 | Prior testimony. | |
| PX225/DX225 | 11/3/2021 | Video of Deposition of Michelle Spizzirri - video 4 of 5 | Prior testimony. | |
| PX226/DX226 | 11/3/2021 | Video of Deposition of Michelle Spizzirri - video 5 of 5 | Prior testimony. | |
| PX227/DX227 | 11/11/2021 | Deposition Transcript of Eugene Stanciel | Prior testimony. | |
| PX228/DX228 | 11/11/2021 | Video of Deposition of Eugene Stanciel - video 1 of 3 | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|---------------------|
| PX229/DX229 | 11/11/2021 | Video of Deposition of Eugene Stanciel - video 2 of 3 | Prior testimony. | |
| PX230/DX230 | 11/11/2021 | Video of Deposition of Eugene Stanciel - video 3 of 3 | Prior testimony. | |
| PX231/DX231 | 11/16/2021 | Deposition Transcript of Debra Scott | Prior testimony. | |
| PX232/DX232 | 11/18/2021 | Deposition Transcript of Garrick Turner | Prior testimony. | |
| PX233/DX233 | 11/18/2021 | Video of Deposition of Garrick Turner - video 1 of 4 | Prior testimony. | |
| PX234/DX234 | 11/18/2021 | Video of Deposition of Garrick Turner - video 2 of 4 | Prior testimony. | |
| PX235/DX235 | 11/18/2021 | Video of Deposition of Garrick Turner - video 3 of 4 | Prior testimony. | |
| PX236/DX236 | 11/18/2021 | Video of Deposition of Garrick Turner - video 4 of 4 | Prior testimony. | |
| PX237/DX237 | 12/15/2021 | Deposition Transcript of Cierra Jackson | Prior testimony. | |
| PX238/DX238 | 1/20/2022 | Deposition Transcript of Rufus McGee | Prior testimony. | |
| PX239/DX239 | 1/20/2022 | Video of Deposition of Rufus McGee - video 1 of 3 | Prior testimony. | |
| PX240/DX240 | 1/20/2022 | Video of Deposition of Rufus McGee - video 2 of 3 | Prior testimony. | |
| PX241/DX241 | 1/20/2022 | Video of Deposition of Rufus McGee - video 3 of 3 | Prior testimony. | |
| PX242/DX242 | 2/24/2022 | Deposition Transcript of Sarah Scott | Prior testimony. | |
| PX243/DX243 | 3/2/2022 | Deposition Transcript of Taneshia Branch Bell | Prior testimony. | |
| PX244/DX244 | 3/9/2022 | Deposition Transcript of William Whalen | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX245/DX245 | 3/16/2022 | Deposition Transcript of Renard Branch, Sr. | Prior testimony. | |
| PX246/DX246 | 4/19/2022 | Deposition Transcript of Terry Scott | Prior testimony. | |
| PX247/DX247 | 4/29/2022 | Deposition Transcript of Amanda Moore | Prior testimony. | |
| PX248/DX248 | 5/25/2022 | Deposition Transcript of Renard Branch, Jr. | Prior testimony. | |
| PX249/DX249 | 5/25/2022 | Video of Deposition of Renard Branch, Jr. - video 1 of 4 | Prior testimony. | |
| PX250/DX250 | 5/25/2022 | Video of Deposition of Renard Branch, Jr. - video 2 of 4 | Prior testimony. | |
| PX251/DX251 | 5/25/2022 | Video of Deposition of Renard Branch, Jr. - video 3 of 4 | Prior testimony. | |
| PX252/DX252 | 5/25/2022 | Video of Deposition of Renard Branch, Jr. - video 4 of 4 | Prior testimony. | |
| PX253/DX253 | 6/22/2022 | Deposition Transcript of Lisa Longo | Prior testimony. | |
| PX254/DX254 | 6/23/2022 | Deposition Transcript of Aidan O'Connor | Prior testimony. | |
| PX255/DX255 | 8/8/2022 | Deposition Transcript of Marisol Ocampo | Prior testimony. | |
| PX256/DX256 | 8/8/2022 | Video Deposition Transcript of Marisol Ocampo - video 1 of 2 | Prior testimony. | |
| PX257/DX257 | 8/8/2022 | Video Deposition Transcript of Marisol Ocampo - video 2 of 2 | Prior testimony. | |
| PX258/DX258 | 8/26/2022 | Deposition Transcript of Adrienne Segovia   . | Prior testimony. | |
| PX259/DX259 | 8/31/2022 | Deposition Transcript of Alicea Hardiman | Prior testimony. | |
| PX260/DX260 | 9/2/2022 | Deposition Transcript of Allegra Martin | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX261/DX261 | 9/7/2022 | Deposition Transcript of Karen Kerbis | Prior testimony. | |
| PX262/DX262 | 9/8/2022 | Deposition Transcript of Kevin DeBoni | Prior testimony. | |
| PX263/DX263 | 9/12/2022 | Deposition Transcript of Brittany Williamson | Prior testimony. | |
| PX264/DX264 | 9/14/20222 | Deposition Transcript of Kayla Kuykendoll . | Prior testimony. | |
| PX265/DX265 | 9/16/2022 | Deposition Transcript of Daniel McHugh | Prior testimony. | |
| PX266/DX266 | 10/3/2022 | Deposition Transcript of Felicia Frazier | Prior testimony. | |
| PX267/DX267 | 10/11/2022 | Deposition Transcript of Eric Olson | Prior testimony. | |
| PX268/DX268 | 10/25/2022 | Deposition Transcript of Charles Halpern | Prior testimony. | |
| PX269/DX269 | 1/9/2022 | Deposition Transcript of Jonathan L. Arden | Prior testimony. | |
| PX270/DX270 | 3/1/2023 | Deposition Transcript of Brian Cutler | Prior testimony. | |
| PX271/DX271 | 3/3/2023, 4/20/2023 | Deposition Transcripts of Matthew Jones | Prior testimony. | |
| PX272/DX272 | 3/3/2023 | Video of Deposition of Matthew Jones (Vol. I) - videos 1 of 3 | Prior testimony. | |
| PX273/DX273 | 3/3/2023 | Video of Deposition of Matthew Jones (Vol. I) - videos 2 of 3 | Prior testimony. | |
| PX274/DX274 | 3/3/2023 | Video of Deposition of Matthew Jones (Vol. I) - videos 3 of 3 | Prior testimony. | |
| PX275/DX275 | 4/20/2023 | Video of Deposition of Matthew Jones (Vol. II) - video 1 of 4 | Prior testimony. | |
| PX276/DX276 | 4/20/2023 | Video of Deposition of Matthew Jones (Vol. II) - video 2 of 4 | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX277/DX277 | 4/20/2023 | Video of Deposition of Matthew Jones (Vol. II) - video 3 of 4 | Prior testimony. | |
| PX278/DX278 | 4/20/2023 | Video of Deposition of Matthew Jones (Vol. II) - video 4 of 4 | Prior testimony. | |
| PX279/DX279 | 10/3/2023 | Deposition Transcript of William Marsh | Prior testimony. | |
| PX280/DX280 | 10/24/2023 | Deposition Transcript of Michael Welner | Prior testimony. | |
| PX281/DX281 | 10/26/2023 | Deposition Transcript of Mark Cichon | Prior testimony. | |
| PX282/DX282 | 3/22/2016 | Affidavit of Rufus McGee. MB-00001605-07. | Prior testimony. | |
| PX283/DX283 | 5/26/2015 | Affidavit of Debra Scott. MB-00000068-72. | Prior testimony. | |
| PX284/DX284 | 10/8/2016 | Affidavit of Almanique Scott. NU0000741-42. | Prior testimony. | |
| PX285/DX285 | 4/25/2016 | Affidavit of Taneshia Branch Bell. MB-00002481-83 | Prior testimony. | |
| PX286/DX286 | 6/5/2015 | Affidavit of Stephen Wham Cary. MB-00000065-66. | Prior testimony. | |
| PX287/DX287 | 5/26/2015 | Affidavit of Cierra Jackson. MB-00000071-72. | Prior testimony. | |
| PX288/DX288 | 4/17/2015 | Affidavit of Eugene Stanciel. MB-00016138-40. | Prior testimony. | |
| PX289/DX289 | 10/5/2015 | Affidavit of Eugene Stanciel. MB-00016137 | Prior testimony. | |
| PX290/DX290 | 9/11/2008 | Grand jury - Amanda Moore exhibit. MB-00017392-96. | Prior testimony. | |
| PX291/DX291 | 9/11/2008 | Grand jury - Amanda Moore testimony. MB-00017397-410. | Prior testimony. | |
| PX292/DX292 | 9/25/2008 | Grand jury - Ashtin Warner exhibit. MB-00017411-28. | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX293/DX293 | 9/25/2008 | Grand jury - Ashtin Warner testimony. MB-00017429-48. | Prior testimony. | |
| PX294/DX294 | 9/11/2008 | Grand jury - Brittany Williamson exhibit. MB-00017449-61. | Prior testimony. | |
| PX295/DX295 | 9/11/2008 | Grand jury - Brittany Williamson testimony. MB-00017462-76. | Prior testimony. | |
| PX296/DX296 | 9/18/2008 | Grand jury - David Portis exhibit. MB-00017477-83. | Prior testimony. | |
| PX297/DX297 | 9/18/2008 | Grand jury - David Portis testimony. MB-00017484-94. | Prior testimony. | |
| PX298/DX298 | 9/26/2008 | Grand jury - Michael Mancuso testimony. MB-00017495-503. | Prior testimony. | |
| PX299/DX299 | 9/9/2008 | Grand jury - Ebony Jenkins exhibit. MB-00017504-26. | Prior testimony. | |
| PX300/DX300 | 9/9/2008 | Grand jury - Ebony Jenkins testimony. MB-00017627-44. | Prior testimony. | |
| PX301/DX301 | 9/17/2008 | Grand jury - Eugene Stanciel exhibits and testimony. MB-00017445-616. | Prior testimony. | |
| PX302/DX302 | 9/9/2008 | Grand jury - Jasmine Jenkins exhibits. MB-00017617-40. | Prior testimony. | |
| PX303/DX303 | 9/9/2008 | Grand jury - Jasmine Jenkins testimony. MB-00017641-58. | Prior testimony. | |
| PX304/DX304 | 9/18/2008 | Grand jury - Johnella Dabbs exhibits. MB-00017659-62. | Prior testimony. | |
| PX305/DX305 | 9/18/2008 | Grand jury - Johnella Dabbs testimony. MB-00017663-74. | Prior testimony. | |
| PX306/DX306 | 9/9/2008 | Grand jury - Krystal Jenkins exhibits. MB-00017675-87. | Prior testimony. | |
| PX307/DX307 | 9/9/2008 | Grand jury - Krystal Jenkins testimony. MB-00017688-702. | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX308/DX308 | 9/9/2008 | Grand jury - Krystine Jenkins exhibits. MB-00017703-09. | Prior testimony. | |
| PX309/DX309 | 9/9/2008 | Grand jury - Krystine Jenkins testimony. MB-00017710-28. | Prior testimony. | |
| PX310/DX310 | 9/9/2008 | Grand jury - Marisol Ocampo exhibits. MB-00017729-48. | Prior testimony. | |
| PX311/DX311 | 9/9/2008 | Grand jury - Marisol Ocampo testimony. MB-00017749-68. | Prior testimony. | |
| PX312/DX312 | 9/18/2008 | Grand jury - Shaquincia Williams exhibits. MB-00017769-92. | Prior testimony. | |
| PX313/DX313 | 9/18/2008 | Grand jury - Shaquincia Williams testimony. MB-00017793-808. | Prior testimony. | |
| PX314/DX314 | Various | Group exhibit: complete record of Proceedings at Grand Jury, including transcripts and exhibits (MB-00017392-00017830) | Prior testimony; relevant to claims regarding due process/trial rights. | |
| PX315/DX315 | Various | Group exhibit: Records of the Cook County State's Attorney's Office Relating to Grand Jury proceedings, including CCSAO narrative of allegations, subpoenas, documents received in GJ investigation (MB-00017832 to MB-00017967) | Relevant to claims regarding due process/trial rights. | |
| PX316/DX316 | 5/12/2016 | Request to CPD Subpoena Unit for HP454050 crime scene photographs, along with copies of photographs. MB-00008561-641 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                                     August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX317/DX317 | 8/30/2008 | Group Exhibit - CPD AA Sheets from August 30, 2008 through September 5, 2008. CITY_MBROWN_000001 - CITY_MBROWN_000080. | Refresh recollection; foundation purposes; proves when particular officers were or were not on duty. | |
| PX318/DX318 | 8/31/2008 | On scene and autopsy polaroid photos - Paris Jackson. MB-00017332-88. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX319/DX319 | 8/31/2008 | Photos of crime scene, gold Chevy Malibu, police station photos from line-up. CITY_MBROWN_001323 to CITY_MBROWN_001403. | Shows how and where Paris Jackson was found dead; relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX320/DX320 | 8/31/2008 | Audio of 911 call from Amundsen Park employee reporting Jackson's body. MB-00017389 | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX321/DX321 | 8/31/2008 | Audio of second 911 call from Park employee reporting Jackson's body. MB-00017390. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX322/DX322 | 2/10/2017 | Affidavit of Terry Scott. MB-00015537-39. | Prior statement | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|---------------------|
| PX323/DX323 | 3/15/2016 | Affidavit of Jonathan Searcy. MB-00001706 - MB-00001709 | Prior statement | |
| PX324/DX324 | undated | Indictment (CCSAO_001085 and 001087) | Relevant to Plaintiff's guilt or innocence; damages. | |
| PX325/DX325 | Various | People v. Brown 08CR18742 Index to Transcript and Pretrial Transcripts (MB-00002768 to MB-00002873) | Prior testimony; relevant to claims regarding due process/trial rights. | |
| PX326/DX326 | 11/24/2009 | People v. Brown 08CR18742 Transcript of Criminal Trial, Day 1 (MB-00002886 to MB-00003057) | Prior testimony; relevant to claims regarding due process/trial rights. | |
| PX327/DX327 | 3/24/2010 | People v. Brown 08CR18742 Transcript of Criminal Trial, Day 2 (MB-00003058 to MB-00003216) | Prior testimony; relevant to claims regarding due process/trial rights. | |
| PX328/DX328 | 06/08/10 and 6/22/10 | People v. Brown 08CR18742 Transcript of Criminal Trial, Day 3 and 4 (MB-00003217 to MB-00003355) | Prior testimony; relevant to claims regarding due process/trial rights. | |
| PX329/DX329 | Various | People v. Brown 08CR18742 Transcript of Criminal Trial, Day 5 through Sentencing (MB-00003356 to MB-00003565) | Prior testimony; relevant to claims regarding due process/trial rights. | |
| PX330/DX330 | 11/24/2009 | People's Exhibit 1 - Photo of Taneisha Branch. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012392. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX331/DX331 | 11/24/2009 | People's Exhibit 2 - Photo of Paris Jackson. People v. | Relevant to manner and time of death; relevant to | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| | | Marcel Brown. Case No. 08 CR 18742-02. MB-00012393-94. | Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX332/DX332 | 11/24/2009 | People's Exhibit 3 - Marked up copy of crime scene photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012395-97. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX333/DX333 | 11/24/2009 | People's Exhibit 4 - Marked up copy of crime scene photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012398-401. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX334/DX334 | 3/24/2010 | People's Exhibit 5 - Search warrant execution photo - car, garage. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012402-04. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX335/DX335 | 3/24/2010 | People's Exhibit 6 - Search warrant execution photo - car, garage. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012405-07. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX336/DX336 | 3/14/2010 | People's Exhibit 7 - Search warrant execution photo - car, garage. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012408-09. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | mind; relevant to Plaintiff's guilt or innocence | |
| PX337/DX337 | 3/14/2010 | People's Exhibit 8 - Line up photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012410-12. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX338/DX338 | 6/8/2010 | People's Exhibit 9 - ME photo - Paris Jackson. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012423-25. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX339/DX339 | 6/8/2010 | People's Exhibit 10 - pages CPD Case Supplementary Report. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012426-27. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX340/DX340 | 6/8/2010 | People's Exhibit 11 - Crime scene photo.  People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012428-31. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX341/DX341 | 6/8/2010 | People's Exhibit 12 - Marked up copy of a crime scene photo. People v. Marcel Brown. Case No. 08 CR 18742-02.  MB-00012432-34. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

*Brown v. Mancuso*, et al., 19-cv-4082                         August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX342/DX342 | 6/8/2010 | People's Exhibit 13 - Crime scene photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012435-36. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX343/DX343 | 6/8/2010 | People's Exhibit 14 - Crime scene photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012437-39. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX344/DX344 | 6/8/2010 | People's Exhibit 15 - Execution of search warrant photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012440-42. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX345/DX345 | 6/8/2010 | People's Exhibit 16 - Crime scene photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012443-44. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX346/DX346 | 6/8/2010 | People's Exhibit 16 - Office of the Medical Examiner County of Cook, Illinois Report of Postmortem Examination. Paris Jackson. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012413-22. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX347/DX347 | 6/8/2010 | People's Exhibit 17 - ME photo. People v. Marcel Brown. Case | Relevant to manner and time of death; relevant to | |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | No. 08 CR 18742-02. MB-00012445-46. | Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX348/DX348 | 6/8/2010 | People's Exhibit 18 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012447-49. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX349/DX349 | 6/8/2010 | People's Exhibit 19 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012450-52. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX350/DX350 | 6/8/2010 | People's Exhibit 20 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012453-54. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX351/DX351 | 6/8/2010 | People's Exhibit 21 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012455-56. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX352/DX352 | 6/8/2010 | People's Exhibit 22 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012457-58. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of | |

46

*Brown v. Mancuso*, et al., 19-cv-4082                     August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | mind; relevant to Plaintiff's guilt or innocence | |
| PX353/DX353 | 6/8/2010 | People's Exhibit 23 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012459-60. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX354/DX354 | 6/8/2010 | People's Exhibit 24 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012461-62. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX355/DX355 | 6/8/2010 | People's Exhibit 25 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012463-64. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX356/DX356 | 6/8/2010 | People's Exhibit 26 - ME photo. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012465-66. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX357/DX357 | | Defendants' Exhibit 2. - Photo of scene. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012388-89. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |

47

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX358/DX358 | | Defendants' Exhibit 3. - Photo of scene. People v. Marcel Brown. Case No. 08 CR 18742-02. MB-00012390-91. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX359/DX359 | 11/23/2009 - 6/19/2018 | People of State of Illinois v. Renard Branch, Jr. and Marcel Brown (08 CR 18742) - Full Report of Criminal Proceedings and Post-Conviction Proceedings. CCSAO_005000 - CCSAO_006018 | Prior testimony. | |
| PX360/DX360 | 1/23/2011 | Complaint Register File. MB-00004536 - 4620. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX361/DX361 | 1/15/2020 | CPD Chain of Custody Reports re evidence from Paris Jackson Homicide Investigation. CITY_MBROWN_000299-312. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX362/DX362 | 8/31/2008 - 9/4/2008 | Crime Lab Reports, Forensic Reports, and Crime Scene Processing Reports relating to Paris Jackson Homicide. CITY_MBROWN_000314-23. | Relevant to manner and time of death; relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX363/DX363 | 12/3/2008 | Illinois State Police Laboratory Report re Paris Jackson DNA | Relevant to manner and time of death; relevant to | |

48

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | swab testing. CCSAO_004551-52. | Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX364/DX364 | 8/30/2008 | Taneisha Branch Bell cell phone records showing telephone numbers called. MB-00010252-61. | Relevant to Defendant Officers' investigation and state of mind; relevant to Plaintiff's guilt or innocence | |
| PX365/DX365 | 6/8/2015 | Affidavit of Marcel Brown. MB-00000074. | Prior testimony. | |
| PX366/DX366 | 4/25/2018 | People v. Brown 08CR18742 Transcript of Post-Conviction Proceeding of Marcel Brown (MB-00002240 to MB-00002361) | Prior testimony | |
| PX367/DX367 | 5/22/2018 | People v. Brown No. 08 CR 18742-02, Transcript of Post-Conviction Proceeding of Marcel Brown (MB-00002362 to MB-00002380) | Prior testimony | |
| PX368/DX368 | 5/29/2018 | People v. Brown No. 08 CR 18742-02, Transcript of Post-Conviction Proceeding of Marcel Brown (MB-00002381 to MB-00002404) | Prior testimony | |
| PX369/DX369 | 6/19/2018 | People v. Brown, No. 08 CR 18742-02, Transcript of Post-Conviction Proceeding of Marcel Brown (MB-00002405 to MB-00002450) | Prior testimony | |
| PX370/DX370 | 5/29/2018 | People of State of Illinois v. Renard Branch, Jr. (08 CR 18742) - Report of Proceedings | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082                                      August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| | | fron RJ Branch Post-Conviction Proceedings. MB-00015662-MB00015775. | | |
| PX371/DX371 | 5/30/2018 | People v. Branch, No. 08 CR 18742-01, Transcript of Post-Conviction Proceeding of RJ Branch. MB-00015776 to MB-00015832. | Prior testimony. | |
| PX372/DX372 | 12/13/2018 | People of State of Illinois v. Renard Branch, Jr. (08 CR 18742) - Report of Proceedings fron RJ Branch Post-Conviction Proceedings. MB-00015833-MB-00015993. | Prior testimony. | |
| PX373/DX373 | 12/17/2018 | People v. Branch, No. 08 CR 18742-01, Transcript of Post-Conviction Proceeding of RJ Branch. MB-00015994 to MB-00016034. | Prior testimony. | |

*Brown v. Mancuso*, et al., 19-cv-4082            August 6, 2024 (corrected August 7, 2024)

## PLAINTIFF'S EXHIBIT LIST

**NOTE:** Exhibits are provided for identification purposes. Certain exhibits may be used solely for impeachment or to refresh recollection. Inclusion of an exhibit on this list is not intended as a concession that the exhibit may be offered into evidence by another party. Plaintiff reserves his right to object to the admissibility of any of the below-listed exhibits by Defendants, including on grounds of hearsay, unfair prejudice (Rule 403), relevance (Rule 401), or other bases, including the evidentiary rulings of the Court. Plaintiff also reserves his objection to the Court's rulings on motions *in limine. See* ECF Nos. 343-345. Plaintiff may ask the Court to reconsider its rulings barring certain evidence, including evidence omitted from this list, at the appropriate time.

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX374 | | Plaintiff's Electronically Recorded Interrogation (ERI) Transcript | Transcript of Plaintiff's interrogation | Objection. At the time the ERI video was transcribed, the parties disagreed over what is said in certain portions of the transcript. To the extent these portions become at issue at trial, Defendants object to Plaintiff's use of those portions.<br><br>**Pl. Response:** Plaintiff believes his version of the ERI transcript is accurate. |

*Brown v. Mancuso*, et al., 19-cv-4082                              August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX375 | 9/3/2008 to 9/5/2008 | Video of electronically-recorded interview of Marcel Brown, compilation of periods of active questioning (MB-00018305) | Proves coercive interrogation | No objection. |
| PX376 | | Video clips/summary exhibit showing specific portions of electronically-recorded interview of Marcel Brown | Proves coercive interrogation | No objection. |
| PX377 | 8/31/2008 | Audio from 9:02 a.m. call to 9-1-1 reporting body on ground behind Amundsen Park Fieldhouse (CCSAO_007756) | Evidence of manner and time of death; Defendants' investigation; helps prove Plaintiff's innocence | Objection. Irrelevant and hearsay.<br><br>**Pl. Response:** This evidence may be admitted for a non-hearsay purpose, including to show how law enforcement responded when first notified that a body had been found in the park, and how the police response and investigation commenced. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|---------------------|
| PX378 | 8/31/2008 | Audio from 9:10 a.m. call to 9-1-1 reporting that fire department is responding to wrong location at Amundsen Park (CCSAO_007757) | Evidence of manner and time of death; Defendants' investigation; helps prove Plaintiff's innocence | Objection. Irrelevant and hearsay.<br><br>**Pl. Response:** This evidence may be admitted for a non-hearsay purpose, including to show how law enforcement responded when first notified that a body had been found in the park, and how the police response and investigation commenced. |

*Brown v. Mancuso*, et al., 19-cv-4082                         August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX379 | 8/31/08 | Audio recording of police dispatch from 9am-10am on August 31, 2008 conatining information regarding 9-1-1 calls of shots fired on August 30, 2008 (CCSAO_007758) | Evidence of manner and time of death; Defendants' investigation; Evidence of 911 calls of shots fired on August 30, 2008 | Objection. This exhibit is irrelevant. It contains hearsay within hearsay, and the effect on the listener is not applicable here because no Defendant Officer is involved. Alternatively, it should be barred under FRE 403 as unduly prejudicial, confusing, and a waste of time.<br><br>**Pl. Response:** This evidence relates to the 911 calls that the Court declined to bar in its ruling on Defs MIL No. 6. Dkt. No. 343 at 15-16. It may be admitted for a non-hearsay purpose, including to show how law enforcement responded when first notified that a body had been found in the park, and how the police response and investigation commenced. |

*Brown v. Mancuso*, et al., 19-cv-4082                                      August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|---------------------|
| PX380 | 8/30/08 | OEMC Event History Tables documenting 9-1-1 calls August 30-31, 2008 (MB-00009716 - MB-00009737 | Evidence of 911 calls of shots fired on August 30, 2008 | Objection. Plaintiff cannot authenticate or lay proper foundation for the document; The document contains hearsay within hearsay. The document is also irrelevant, and alternatively, it should be barred under FRE 403 as unduly prejudicial, confusing, and a waste of time.<br><br>**Pl. Response:** This evidence relates to the 911 calls that the Court declined to bar in its ruling on Defs MIL No. 6. Dkt. No. 343 at 15-16. The document is not barred by the hearsay rule, and may also be used for non-hearsay purposes, including to show Defendants' state of mind and to show what evidence was potentially available to Defendants but not pursued or ignored. Foundation and |

*Brown v. Mancuso*, et al., 19-cv-4082                                      August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | authenticity objections are properly addressed at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                      August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX381 | 8/31/08 | Transcript of 9-1-1 calls reporting body in Amundsen Park and of police dispatch audio from 9-10 a.m. on August 31, 2008 conatining information regarding 9-1-1 calls of shots fired on August 30, 2008 (MB 00016152 - 00016199) | Evidence of manner and time of death; Defendants' investigation; Evidence of 911 calls of shots fired on August 30, 2008 | Objection. This document is irrelevant. It contains hearsay within hearsay, and the effect on the listener is not applicable here because no Defendant Officer is involved. Alternatively, it should be barred under FRE 403 as unduly prejudicial, confusing, and a waste of time.<br><br>**Pl. Response:** This evidence relates to the 911 calls that the Court declined to bar in its ruling on Defs MIL No. 6.  See Dkt. No. 343 at 15-16. It may be admitted for a non-hearsay purpose, including to show how and when law enforcement first learned that a body was found in the park, how law enforcement responded when first notified that a body had been found in the park, and how the police |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | response and investigation commenced. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX382 | | Photcopy of Stephen Wham Cary ID taken at police station (MB-00010251) | Evidence that Attorney Wham Carry was at Area 5 to represent Plaintiff | Objection. This document is irrelevant to any claim in the case. The document should also be barred because it will only be used for purposes that are unfairly prejudicial, confusing, and a waste of time for the jury, as explained in Defendants' MIL#1.<br><br>**Pl. Response:** Evidence that Defendants were aware that Wham Carry was at Area 5 to represent Plaintiff. The Court denied Defendants' MIL No. 1. *See* Dkt. No. 343 at 11-12. |

59

*Brown v. Mancuso*, et al., 19-cv-4082                      August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX383 | | Subpoena Response for Debra Scott Debit Card Transactions (MB-00002225 - 2228) | Evidence proving that Debra took out money to pay for attorney Wham Cerry to represent Plaintiff | Objection. This document is irrelevant to any claim in the case. The document should also be barred because it will only be used for purposes that are unfairly prejudicial, confusing, and a waste of time for the jury, as explained in Defendants' MIL#1.<br><br>**Pl. Response:** Evidence that Wham Carry was at Area 5 to represent Plaintiff. The Court denied Defendants' MIL No. 1. *See* Dkt. No. 343 at 11-12. |
| PX384 | 8/30/08-8/31/08 | CPD Attendance and Assignment Record - Unit 215 (City_MBROWN_001709-001714) | Attendance records to show which officers were working in Unit 215 on August 30, 2008 - August 31, 2008 | No objection. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX385 | 8/30/08 | CPD Attendance Assignment Record - District 025 (City_MB_001631-001656) | Attendance records to show which officers were working in District 025 on August 30, 2008 | No objection. |
| PX386 | Undated | Handwritten Letter of Paris Jackson to Louis (MB-00009699 to MB-00009700) | Proves victim's state of mind prior to shooting; proves existence of multiple conflicts with other individuals; proves Defendants' state of mind in concealing/fabricating evidence. | Objection. The Court has barred this evidence. See Dkt. 343 at 14-15.<br><br>**Pl. Response:** Plaintiff acknowledges the Court's ruling but reserves his right to seek reconsideration or to ask the Court to admit this exhibit for a purpose not addressed in the Court's order or underlying MIL briefing. |
| PX387 | | Map of Admunsen Park with addresses - Burke Dep. Ex. 7 | Demonstrative exhibit; relevant to understand crime scene | No objection to adding this to joint exhibit list. |

*Brown v. Mancuso*, et al., 19-cv-4082                                   August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX388 | | Map of Amundsen Park with addresses (marked with locations of 911 calls) - Dorsch Dep. Ex 2 | Demonstrative exhibit; relevant to understand crime scene | Objection. This exhibit contains markings made by Plaintiff's counsel (who is no longer on this case) during deposition and the markings indicate alleged 911 calls from unidentified people contained in an event history table document objected to by Defendants. Thus, this exhibit amounts to improper statements made by Plaintiff's counsel regarding hearsay within hearsay statements. **Pl. Response:** This is a demonstrative exhibit that shows the locations of the 911 callers from August 30, 2008, The 911 calls evidence is relevant to Defendants' state of mind in concealing/fabricating evidence. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX389 | | Photo of service road behind fieldhouse (Google map) - Brown Ex 3 | Demonstrative exhibit; relevant to understand crime scene | Objection. Plaintiff will be unable to lay proper foundation or properly authenticate exhibit.<br><br>**Pl. Response:** This is a demonstrative exhibit to help understand the crime scene. Per the Court's instructions, foundation and authentication objections are issues to be addressed at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX390 | 11/1/22 | Photographs and diagram of interrogation room and adjacent areas at Area 5 (MB-00018084 to MB-00018139) | Shows location where Plaintiff was taken and held for interrogation; shows location where attorney Stephen "Wham" Cary presented himself, a few yards from where Plaintiff was held; shows coercive circumstances of interrogation room | Objection. Irrelevant and cumulative in light of ERI video provides conditions of Marcel Brown interview. The photographs and diagrams are needlessly cumulative and are misleading in light of the available ERI Video. Also, this evidence was obtained after Area 5 went through renovations.<br><br>**Pl. Response:** The photographs of the interrogation room show different perspectives of the room that are not captured on the ERI video. In addition, the ERI video was recorded with a distorted wide-angle lens that provides a misleading impression of the room's dimensions. The photographs of the adjacent areas of Area 5 are relevant to understand where Plaintiff's family and attorney Wham Carry |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | were in Area 5 when officers denied Carry access to Plaintiff. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX391 | 11/1/22 | Photographs and diagrams of Area 5 interrogation room (MB-00018063 to MB-00018080) | Shows location where Plaintiff was taken and held for interrogation; shows coercive circumstances of interrogation room | Objection. Irrelevant and cumulative in light of ERI video provides conditions of Marcel Brown interview. The photographs and diagrams are needlessly cumulative and are misleading in light of the available ERI Video. Also, this evidence was obtained after Area 5 went through renovations.<br><br>**Pl. Response:** The photographs of the interrogation room show different perspectives of the room that are not captured on the ERI video. In addition, the ERI video was recorded with a distorted wide-angle lens that provides a misleading impression of the room's dimensions. The photographs of the adjacent areas of Area 5 are relevant to understand where Plaintiff's family and attorney Wham Carry |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | were in Area 5 when officers denied Carry access to Plaintiff. Renovations did not change the dimensions or layout of the interrogation room. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX392 | 11/1/22 | Interrogation Room Rotation Video One (MB 00018081) | Shows location where Plaintiff was taken and held for interrogation; shows coercive circumstances of interrogation room | Objection. Irrelevant and cumulative in light of ERI video provides conditions of Marcel Brown interview. The photographs and diagrams are needlessly cumulative and are misleading in light of the available ERI Video. Also, this evidence was obtained after Area 5 went through renovations.<br><br>**Pl. Response:** The videos of the interrogation room show different perspectives of the room that are not captured on the ERI video. In addition, the ERI video was recorded with a distorted wide-angle lens that provides a misleading impression of the room's dimensions.  Renovations did not change the dimensions or layout of the interrogation room. |

*Brown v. Mancuso*, et al., 19-cv-4082                                              August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX393 | 11/1/22 | Interrogation Room Rotation Video Two (MB 00018082) | Shows location where Plaintiff was taken and held for interrogation; shows coercive circumstances of interrogation room | Objection. Irrelevant and cumulative in light of ERI video provides conditions of Marcel Brown interview. The photographs and diagrams are needlessly cumulative and are misleading in light of the available ERI Video. Also, this evidence was obtained after Area 5 went through renovations. **Pl. Response:** The videos of the interrogation room show different perspectives of the room that are not captured on the ERI video. In addition, the ERI video was recorded with a distorted wide-angle lens that provides a misleading impression of the room's dimensions. Renovations did not change the dimensions or layout of the interrogation room. |

*Brown v. Mancuso*, et al., 19-cv-4082                                   August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX394 | 11/1/22 | Interrogation Room Rotation Video Three (MB 00018083) | Shows location where Plaintiff was taken and held for interrogation; shows coercive circumstances of interrogation room | Objection. Irrelevant and cumulative in light of ERI video provides conditions of Marcel Brown interview. The photographs and diagrams are needlessly cumulative and are misleading in light of the available ERI Video. Also, this evidence was obtained after Area 5 went through renovations.<br><br>**Pl. Response:** The videos of the interrogation room show different perspectives of the room that are not captured on the ERI video. In addition, the ERI video was recorded with a distorted wide-angle lens that provides a misleading impression of the room's dimensions. Renovations did not change the dimensions or layout of the interrogation room. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX395 | Undated | Photographs of Area 5 prior to recent renovations (CITY_MBROWN_002385 to CITY_MBROWN_002422) | Shows location where Plaintiff was taken and held for interrogation; shows location where attorney Stephen "Wham" Cary presented himself, a few yards from where Plaintiff was held; shows coercive circumstances of interrogation room | Objection. These photographs are irrelevant to any claim in the case and should also be barred because they will only be used for purposes that are unfairly prejudicial, confusing, and a waste of time for the jury, as explained in Defendants' MIL#1. Further, because the photographs are not from all angles, they offer a misleading view of the dimensions and spacing of Area 5.<br><br>**Pl. Response:** The photographs of the interrogation room show different perspectives of the room that are not captured on the ERI video. In addition, the ERI video was recorded with a distorted wide-angle lens that provides a misleading impression of the room's dimensions. The photographs of the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | adjacent areas of Area 5 are relevant to understand where Plaintiff's family and attorney Wham Carry were in Area 5 when officers denied Carry access to Plaintiff. Renovations did not change the dimensions or layout of the interrogation room. |

*Brown v. Mancuso*, et al., 19-cv-4082                              August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX396 | Various | CPD Complete Investigative File for the murder of Paris Jackson (RD# HP545050) -- as produced by the City (with redactions) in discovery, and acknowledged in Request for Admission. (CITY_MBROWN_000324 TO CITY_MBROWN_000825) | Police report; Defendants' investigation; materiality of coerced, fabricated and concealed evidence; impeachment | Objection. This exhibit is an imporper group exhibit. All relevant portions of this exhibit are marked separately as exhibits. This group exhibit contains pages that the Court has already barred from trial (see, e.g., Paris Jackson letter; see also Dkt. 343 at 14-15) and contains other pages that are irrelevant, unfairly prejudicial and confusing, and have authentication and foundation issues (e.g., the "event history tables" document). Any attempt to provide this group exhibit in its entirety to the jury must be rejected. Further, to the extent Plaintiff relies on its Request For Admission ("RFA") relating to this document, the RFA was propounded on the City of Chicago, not by the Defendant Officers, and only the City of Chicago responded to |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | Plaintiff's RFA. Because the City of Chicago is not a defendant at trial and because the City of Chicago will not be included in the case caption, this evidence is irrelevant and any attempt to introduce it should also be barred as unduly prejudicial and confusing to the jury.<br><br>**Pl. Response:** Plaintiff offers this exhibit to demonstratie which documents were contained in the complete investigative file for the murder of Paris Jackson. The City admitted in Plaintiff's Request to Admit that this specific exhibit with these bates numbers was the complete investihative file. The City's admissions are properly admitted into evidence, notwithstanding that the City is not |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | participating in the trial, because the City remains a defendant and because the City was the party that propounded this discovery. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX397 | Various | CPD Complete Investigative File for the murder of Paris Jackson (RD# HP545050) -- as produced (without redactions) in resopnse to a subpoena in post-conviction proceedings. (MB-00009037 to MB-00009698) | Police report; Defendants' investigation; materiality of coerced, fabricated and concealed evidence; impeachment | Objection. This exhibit is an imporper group exhibit. All relevant portions of this exhibit are marked separately as exhibits. This group exhibit contains pages that the Court has already barred from trial (see, e.g., Paris Jackson letter; see also Dkt. 343 at 14-15) and contains other pages that are irrelevant, unfairly prejudicial and confusing, and have authentication and foundation issues (e.g., the "event history tables" document). Any attempt to provide this group exhibit in its entirety to the jury must be rejected. Further, to the extent Plaintiff relies on its Request For Admission ("RFA") relating to this document, the RFA was propounded on the City of Chicago, not by the Defendant Officers, and only the City of Chicago responded to |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | Plaintiff's RFA. Because the City of Chicago is not a defendant at trial and because the City of Chicago will not be included in the case caption, this evidence is irrelevant and any attempt to introduce it should also be barred as unduly prejudicial and confusing to the jury.<br><br>**Pl. Response:** Plaintiff offers this exhibit to demonstratie which documents were contained in the complete investigative file for the murder of Paris Jackson. This exhibit is the unredacted version. The City's admissions are properly admitted into evidence, notwithstanding that the City is not participating in the trial, because the City remains a defendant and because the City was the party that |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | propounded this discovery in response to a subpoena in the post-conviction proceedings. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX398 | 8/30/08 | Original Case Incident Report Hardiman Stabbing (CITY_MBROWN_001683-001700). | Police report; Defendants' investigation; impeachment | Objection. Evidence relating to the Alicea Hardiman stabbing is irrelevant and, alternatively, should be barred as unduly prejudicial, confusing, and a waste of time due to the collateral issues and extra testimony it necessary raises. <br><br> **Pl. Response:** The stabbing of Alicea Hardiman occurred shortly after the shooting in the park and involved many of the same third-party witnesses. Defendant Turner investigated the stabbing. Defendants pressured Eugene Stanciel to give a false statement incriminating Plaintiff and RJ by threatening to charge Marisol Ocampo (his children's mother) for stabbing Alicea Hardiman. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX399 | 8/31/08 | CPD Incident Report re Hardiman stabbing(CCSAO_003832) | Police report; Defendants' investigation; impeachment | Objection. Evidence relating to the Alicea Hardiman stabbing is irrelevant and, alternatively, should be barred as unduly prejudicial, confusing, and a waste of time due to the collateral issues and extra testimony it necessary raises.<br><br>**Pl. Response:** The stabbing of Alicea Hardiman occurred shortly after the shooting in the park and involved many of the same third-party witnesses. Defendant Turner investigated the stabbing. Defendants pressured Eugene Stanciel to give a false statement incriminating Plaintiff and RJ by threatening to charge Marisol Ocampo (his children's mother) for stabbing Alicea Hardiman. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX400 | | Phone Record (Def. Officers 000066-158) | Phone log that shows calls between the Defendants | Objection. These phone records are irrelevant and, alternatively, should be barred as unduly prejudicial, confusing, and a waste of time. The probative value of these calls is minimal at best. <br><br> **Pl. Response:** These records show calls and text messages between Defendant Burke and Defendant Turner and calls between Defendant Burke and Defendant Mancuso during relevant time periods include during Plaintif's post-conviction proceedings and after Plaintiff file his civil rights case. This evidence supports Plaintiff's conspiracy claim. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX401 | 7/15/19 | Text Message (Def. Officers 000430) | Text messages between defendants regarding the civil lawsuit | Objection. These phone records are irrelevant and, alternatively, should be barred as unduly prejudicial, confusing, and a waste of time. The probative value of these calls is minimal at best.<br><br>**Pl. Response:** Text message from Defendant Turner to Defendant Burke notifying him of Plaintiff's civil rights lawsuit. This evidence supports Plaintiff's conspiracy claim. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX402 | 8/30/08 | Eugene Stanciel Original Case Incident Report (CITY_MBROWN_001706) | Stanciel's arrest for reckless conduct on August 30, 2008; Defendants' investigation; impeachment | Objection. This document is hearsay, and Plaintiff cannot lay a proper foundation for it. It is irrelevant to anything actually at issue and any limited probative evidence is outweighed by unfair prejudice.<br><br>**Pl. Response:** Defendants arrested Stanciel for reckless conduct the night of the shooting after they were informed he had a gun and did not release him until the following morning. Marisol Ocampo called the police station looking for Stanciel. When Defendants were questioning him later that day on August 31, 2008, they threatened to charge him with the murder. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX403 | 9/1/08 | Case Supplementary Report - Eugene Stanciel (CITY_MBROWN_001707 - 08) | Stanciel's arrest for reckless conduct on August 30, 2008; Defendants' investigation; impeachment | Objection. This document is hearsay, and Plaintiff cannot lay a proper foundation for it. It is irrelevant to anything actually at issue and any limited probative evidence is outweighed by unfair prejudice.<br><br>**Pl. Response:** Defendants arrested Stanciel for reckless conduct the night of the shooting after they were informed he had a gun and did not release him until the following morning. Marisol Ocampo called the police station looking for Stanciel. When Defendants were questioning him later that day on August 31, 2008, they threatened to charge him with the murder. |

*Brown v. Mancuso*, et al., 19-cv-4082 August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX404 | 8/30/08 | Eugene Stanciel Arrest Report (City_MB_001715-001719) | Stanciel's arrest for reckless conduct on August 30, 2008; Defendants' investigation; impeachment | Objection. This document is hearsay, and Plaintiff cannot lay a proper foundation for it. It is irrelevant to anything actually at issue and any limited probative evidence is outweighed by unfair prejudice.<br><br>**Pl. Response:** Defendants arrested Stanciel for reckless conduct the night of the shooting after they were informed he had a gun and did not release him until the following morning. Marisol Ocampo called the police station looking for Stanciel. When Defendants were questioning him later that day on August 31, 2008, they threatened to charge him with the murder. |

85

*Brown v. Mancuso*, et al., 19-cv-4082                                   August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX405 | | Complete Trial File of David Wiener, attorney for Marcel Brown in his original criminal prosecution (MB-00004765 to MB-00005356) | Proves concealment of evidence at trial. | Objection. Plaintiff cannot authenticate or lay proper foundation to show that this group exhibit is what it purports to be.<br><br>**Pl. Response:** Plaintiff will be able to authenticate and lay appropriate foundation at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|---------------------|
| PX406 | | Demonstrative and summary exhibit regarding interrogation of Marcel Brown (MB-00016578 to MB-00016601) | | The exhibit is unreliable; the exhibit contains an explicit admission that it "may contain errors." This exhibit contains inadmissible hearsay. The exhibit amounts to statements made by a non-specified attorney who represented Plaintiff during his post-conviction proceedings. The exhibit is ultimately irrelevant because Plaintiff's post-conviction proceedings are not at issue, and the exhibit should also be barred under FRE 403 because it is unfairly prejudicial and needlessly cumulative, as Plaintiff's counsel in this case will surely be presenting similar evidence in a variety of other ways.<br><br>**Pl. Response:** The exhibit summarizes and categorizes portions of Defendant Officers' |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | interrogations. Given the length of the interrogation, this demonstrative/summary exhibit will assist the jury in considering the evidence and testimony regarding the interrogation presented at trial. The fact that the demonstrative was originally prepared in the context of Plaintiff's post-convictino proceeding is immaterial and, in any case, the exhibit remains relevant and useful for the claims to be tried here. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX407 | | Demonstrative and Summary Exhibits Regarding Interrogation of Marcel Brown, Crime Scene, Defendants' Investigation | | Objection, see comment.<br><br>**Pl. Response:** Plaintiff has not disclosed these demonstrative and summary exhibits at this time, consistent with the Court's order on Plaintiff's MIL No. 11. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX408 | | Def. City of Chicago Response to Plaintiff's First Set of Requests for Admission | Admissions regarding Defendants' investigation, including failure to take certain steps;  relevant to fabrication and suppression claims; conspiracy to suppress and fabricate; state of mind. | Objection. This admission was made by the City of Chicago only and not by the Defendant Officers. Because the City of Chicago is not a defendant at trial and because the City of Chicago will not be included in the case caption, this evidence is irrelevant and any attempt to introduce it should also be barred as unduly prejudicial and confusing to the jury. See Stipulation regarding *In Limine* Orders No. 10. <br><br> **Pl. Response:** The stipulation concerns whether certain documents or records were created or included in CPD's investigative file. The City's admissions are properly admitted into evidence, notwithstanding that the City is not participating in the trial, because the City remains a |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | defendant and because the City was the party that propounded this discovery. Plaintiff would not object to the use of this exhibit with references to the "City of Chicago" redacted; or to the creation of a separate document embodying solely the relevant admissions. |

*Brown v. Mancuso*, et al., 19-cv-4082                     August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX409 | | Def. City of Chicago Response to Plaintiff's Second Set of Requests for Admission | Admission that Paris Jackson investigative file contained the Event History Table reporting 9-1-1 calls reporting gunfire in Amundsen Park on 8/30/2008. | Objection. This admission was made by the City of Chicago only and not by the Defendant Officers. Because the City of Chicago is not a defendant at trial and because the City of Chicago will not be included in the case caption, this evidence is irrelevant and any attempt to introduce it should also be barred as unduly prejudicial and confusing to the jury. Further, the event history table docuemnt is irrelevant and amounts to impermissible hearsay. See Stipulation regarding In Limine Orders No. 10.<br><br>**Pl. Response:** The stipulation concerns which pages of the City's discovery responses constitute the complete investigatory file of CPD. The City's admission in that regard is properly |

*Brown v. Mancuso*, et al., 19-cv-4082                                  August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | admitted, notwithstanding that the City is not participating in the trial, because the City remains a defendant and because the City was the party that propounded this discovery. Plaintiff would not object to the use of this exhibit with references to the "City of Chicago" redacted; or to the creation of a separate document embodying solely the relevant admissions. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX410 | 7/18/18 | Post-Conviction Order, People v. Brown, 08 CR 1874202 (CCSAO_006021) | Damages | Objection. This exhibit contains a statement about the basis for Plaintiff's conviction being vacated - ie, that "he was denied his right to counsel while he was in custody at the police station." This basis is a state law issue which will not be at issue in this trial and is thus irrelevant. The exhibit should also be barred as highly prejudicial because the language of the document improperly suggests wrongful conduct by Defendant Officers.<br><br>**Pl. Response:** This is the order that reversed Plaintiff's conviction, granted a motion of *nolle prosequi*, and ordered Plaintiff to be released from custody. It is extraordinarily relevant and probative to the issues at trial, starting with Plaintiff's innocence, |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | which he has an absolute right to prove. The Court has ruled that Plaintiff is entitled to show the jury precisely what is contained in this Order: that his conviction was reversed by the trial court; that the state declined to prosecute; and that he was ordered released as a result. *See* Dkt. 343, at 24. The passing mention in the Order of a denial of right to counsel will not make "state law" an issue at trial, nor does Defendant claim that introduction of this issue would run afoul of the Court's ruling on Defendant's MIL No. 1, which only prohibits certain argument by Plaintiff but does not exclude evidence regarding Plaintiff's reversed conviction. Dkt. 343, at 11 (only preventing Plaintiff from "argu[ing] that refusing to allow Cary to |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | speak with Plaintiff or inform Plaintiff of Cary's presence violates state law." ). Nor is there any unfair prejudice to Defendants from the introduction of this Court order simply because it finds in Plaintiff's favor. Importantly, the Order does not mention any Defendant, nor does it assign responsibility or fault for Plaintiff's lack of access to counsel. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX411 | 6/7/19 | Order Granting Certificate of Innocence, People v. Brown, 08 CR 1874202 | Damages | The Court has barred evidence relating to the Certificate of Innocence. See Dkt. 343 at 22-25. **Pl. Response:** The Court's ruling permits the Certificate of Innocence to be introduced if Defendants open the dor. Dkt. 343, at 24. Moreover, Plaintiff preserves his objections to the Court's ruling barring the Certificate of Innocence and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX412 | 8/3/15 | People v. Brown, No. 08 CR 18742, Motion for Leave to Subpoena Records from the Chicago Police Department Regarding Reports of Shots Fired Near the Crime Scene on the Night in Question (MB-00001538 to MB-00001539) | Relevant to suppression/concealment of event history tables documenting 9-1-1 calls. | Objection. This exhibit contains inadmissible hearsay. The exhibit amounts to statements made by a now-deceased attorney who represented Plaintiff during his post-conviction proceedings regarding the attorney's belief about what Plaintiff's criminal attorney's file contained. The exhibit is ultimately irrelevant because Plaintiff's post-conviction proceedings are not at issue, and the exhibit should also be barred under FRE 403 because it is unfairly prejudicial. **Pl. Response:** This exhibit is a motion filed by Plaintiff's post-conviction counsel that makes representations regarding the information obtained from Plaintiff's criminal counsel, and records that were not present in the file |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | from the criminal trial. It may be used to refresh recollection, and for other purposes to prove Plaintiff's concealment/suppression claim. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX413 | 12/15/2016 | Marcel Brown Post-Conviction Petitions and Supporting Materials. MB-00000001-518 | Cross examination, prior statements, possible impeachment. | Objection. This exhibit is irrelevant to any claim in this case. The exhibit also amounts to hearsay. The exhibit should be barred under FRE 403 because portions of the petition are unfairly prejudicial and will mislead a jury to blame Defendant Officers for conduct not at issue in this case. Pl. Response. The exhibit contains prior statements and records regarding Plaintiff's post-conviction petitions, which are relevant to Plaintiff's due process and coerced confession claims. Various portions of this exhibit are included as stand-alone exhibits elsewhere (such as affidavits), and Plaintiff submits this group exhibit for completeness and to ensure that additional documents necessary to provide context, |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | background, foundation, or otherwise are available at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                             August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| PX414 | 3/2/2017 | Renard Branch, Jr. Post-Conviction Petitions and Supporting Materials. MB-00002451-2634; MB-00015450-15582 | Cross examination, prior statements, possible impeachment. | Objection. This exhibit is irrelevant to any claim in this case. The exhibit also amounts to hearsay. The exhibit should be barred under FRE 403 because portions of the petition are unfairly prejudicial and will mislead a jury to blame Defendant Officers for conduct not at issue in this case.<br><br>Pl. Response. The exhibit contains prior statements and records regarding Plaintiff's post-conviction petitions, which are relevant to Plaintiff's due process and coerced confession claims. Various portions of this exhibit are included as stand-alone exhibits elsewhere (such as affidavits), and Plaintiff submits this group exhibit for completeness and to ensure that additional documents necessary to provide context, |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | background, foundation, or otherwise are available at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| PX415 | 6/9/11 | Order of Commitment and Sentence to IDOC (CCSAO_005731) | Damages | Objection. This document is not official certified copy of the document and amounts to inadmissble hearsay. The document is irrelevant to any issue in the case, particularly because Plaintiff did not serve his full sentence. For this reason, the document is also misleading and confusing and should be barred under FRE 403.<br><br>**Pl. Response:** This exhibit cites the crime Plaintiff was convicted of and the sentence he received, which is relevant to Plaintiff's damages. |

**DEFENDANTS' NOTE:** As memorialized in the Parties' stipulations regarding orders *in limine*, the parties agree that any evidence of or reference to the City of Chicago as a Defendant shall be barred from trial and that the City of Chicago shall not be referenced in the Case Caption, Jury Instructions, or Verdict Form. Accordingly, to the extent any of Plaintiff's exhibits contain any such reference to the City of Chicago as a Defendant, Defendants object to that portion of the exhibit.

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

## DEFENDANTS' EXHIBIT LIST

**NOTE:** The Court has issued rulings barring certain evidence that Defendants seek to offer at trial. (See Dkts. 343-345.) Accordingly, Defendants do not include exhibits containing evidence explicitly barred by the Court's rulings, but Defendants preserve their objection to the Court's rulings barring such evidence and may ask the Court to reconsider its rulings at the appropriate time.

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX374 | 9/5/2008 | Cook County Juvenile Court Records for Marcel Brown. CCSAO_000303-04. | Used to rebut testimony/argument that Plaintiff was law-abiding and had no meaningful experience with criminal justice system. See Dkt. 343 at 4-5 | Object under R. 404 and 403, and under the Court's ruling on Plaintiff's MIL No. 3 to bar evidence of prior arrests or bad acts. The Court has excluded such evidence unless Plaintiff opens the door and, even then, "the Court sees no reason why the crimes for which Plaintiff was arrested, whether he was charged in connection with the arrests, or the alleged conduct underlying those arrests is relevant to Plaintiff's interactions with police and criminal justice system." This exhibit includes such details and so should be excluded in all circumstances. The exhibit also contains other extraneous markings that are irrelevant and inadmissible. Object under R. 802 (the document is hearsay) and R. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). In addition, Plaintiff preserves all previously-stated objections, notwithstanding the Court's evidentiary rulings.<br><br>**Defendants' Response.** Plaintiff's objection ignores the Court's recognition of possible proper uses of this evidence, as stated in the Court's ruling on Plaintiff's MIL#3. Dkt. 343 at 4-5. The Court's ruling leaves room for the possible use of this evidence, including to refresh Plaintiff's recollection, to prove Plaintiff's knowledge, or to cross examine Plaintiff on certain topics to the extent Plaintiff opens the door, as described in the Court's ruling on MIL#3. Dkt. 343 at 4-5. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX375 | 9/5/2008 | Cook County Juvenile Court Records for Renard Branch. CCSAO_003888-92. | Helps prove Plaintiff's knowledge of RJ's gun and intentions and thus Plaintiff's guilt for the murder of Paris Jackson. See Dkt. 343 at 6. | Object under R. 404, 403, 609, and under the Court's ruling on Plaintiff's MIL No. 4 with respect to RJ Branch's criminal history. Introduction of this exhibit would "waste time, confuse the issues, and . . . unfairly prejudice the jury against Plaintiff." Dkt. No. 343, at 6. Plaintiff further objects to the extent this exhibit includes markings and annotations regarding juvenile charges and dispositions thereof that are irrelevant to the question of Plaintiff's knowledge and intentions. Object under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff also preserves all previously-stated objections, notwithstanding the Court's evidentiary rulings.

**Defendants' Response.** In ruling on Plaintiff's MIL#4, the Court ruled "Defendants can [] probe Plaintiff's knowledge of RJ's arrests, charges, and juvenile |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | adjudications as of August 2008; introduce evidence of RJ's criminal history; and argue that Plaintiff must have known RJ had a gun based on his knowledge of RJ's criminal history." Dkt. 343 at 6. Defendants seek to use this exhibit consistent with the Court's ruling. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| DX376 | 12/10/2019 | Criminal History Report for Marcel Brown. CITY_MBROWN_000830-831. | Used to rebut testimony/argument that Plaintiff was law-abiding and had no meaningful experience with criminal justice system. See Dkt. 343 at 4-5 | Object under R. 404 and 403, and under the Court's ruling on Plaintiff's MIL No. 3 to bar evidence of prior arrests or bad acts. The Court has excluded such evidence unless Plaintiff opens the door and, even then, "the Court sees no reason why the crimes for which Plaintiff was arrested, whether he was charged in connection with the arrests, or the alleged conduct underlying those arrests is relevant to Plaintiff's interactions with police and criminal justice system." This exhibit includes such details and so should be excluded in all circumstances. The exhibit also includes other extraneous details, including a mugshot, which would be unfairly prejudicial and has no probative value. The document is also confusing and should be excluded under R. 403 for that reason too. Object under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| | | | | In addition, Plaintiff preserves all previously-stated objections, notwithstanding the Court's evidentiary rulings.<br><br>**Defendants' Response.** Plaintiff's objection ignores the Court's recognition of possible proper uses of this evidence, as stated in the Court's ruling on Plaintiff's MIL#3. Dkt. 343 at 4-5. The Court's ruling leaves room for the possible use of this evidence, including to refresh Plaintiff's recollection, to prove Plaintiff's knowledge, or to cross examine Plaintiff on certain topics to the extent Plaintiff opens the door, as described in the Court's ruling on MIL#3. Dkt. 343 at 4-5. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. |
| --- | --- | --- | --- | --- |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| DX377 | 5/16/2019 | Criminal History Reports for Renard Branch, Jr. CCSAO_000279-82; CCSAO_003903-10. | Helps prove Plaintiff's knowledge of RJ's gun and intentions and thus Plaintiff's guilt for the murder of Paris Jackson. See Dkt. 343 at 6. | Object under R. 404, 403, 609, and under the Court's ruling on Plaintiff's MIL No. 4 with respect to RJ Branch's criminal history. Introduction of this exhibit would "waste time, confuse the issues, and . . . unfairly prejudice the jury against Plaintiff." Dkt. No. 343, at 6. Plaintiff further objects to the extent this exhibit includes details regarding charges and dispositions--as well as a mugshot and other details-- that are not probative on the question of Plaintiff's knowledge and intentions, and which would be unfairly prejudicial. The document is also confusing and should be excluded under R. 403 for that reason too. Object under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff also preserves all previously-stated objections, notwithstanding the Court's evidentiary rulings. |

*Brown v. Mancuso*, et al., 19-cv-4082                              August 6, 2024 (corrected August 7, 2024)

| | | | | |
|---|---|---|---|---|
| | | | | **Defendants' Response.** In ruling on Plaintiff's MIL#4, the Court ruled "Defendants can [] probe Plaintiff's knowledge of RJ's arrests, charges, and juvenile adjudications as of August 2008; introduce evidence of RJ's criminal history; and argue that Plaintiff must have known RJ had a gun based on his knowledge of RJ's criminal history." Dkt. 343 at 6. Defendants seek to use this exhibit consistent with the Court's ruling. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX378 | 1/13/2020 | Criminal History Reports for Terry Scott. CITY_MBROWN_000866-69; CCSAO_001028-31. | Impeachment, proof of tensions between neighborhood groups leading to shooting. See Dkt. 343 at 8. | Object under R. 404 and 403, and under the Court's Ruling on Plaintiff's MIL No. 4. Dkt. 343, at 8 ("[T]he Court is unlikely to allow Defendants to ask TJ about these convictions or to use extrinsic evidence to impeach Plaintiff about his knowledge of TJ's convictions."). These documents include details about charges and convictions excluded by the Court. Plaintiff further objects to the extent this exhibit includes details regarding charges and dispositions--as well as a mugshot and other information--that are not admissible under the Court's ruling, and because the document is confusing and should be excluded under R. 403. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff preserves all objections, notwithstanding the Court's evidentiary rulings. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| | | | | **Defendants' Response.** In ruling on Plaintiff's MIL#4, the Court found permissible uses for evidence relating to TJ Scott's felony convictions, namely Plaintiff's knowledge of TJ Scott's felony convictions. Dkt. 343 at 8. The Court has not definitively barred use of extrinsic evidence to impeach Plaintiff about knowledge of TJ's convictions nor definitively barred Defendants from asking TJ about his felony convictions. In line with the ruling, Defendants include this exhibit. Defendants must be permitted to possibly use this exhibit to prevent Plaintiff from simply testifying he does not remember these convictions and thus close the door on this relevant subject area; in other words, this exhibit can be used to refresh recollection or impeach Plaintiff and/or TJ Scott, depending on how testimony comes in at trial. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, |
|---|---|---|---|---|

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX379 | 11/24/2009; 1/13/2020 | Criminal History Reports for Eugene Stanciel. CITY_MBROWN_000280-98; CCSAO_000155-66; CCSAO_000781-812. | Relevant for multiple purposes including foundation, possible impeachment, and to rebut argument Defendants coerced/fabricated Stanciel's statement. See Dkt. 343 at 6-7. | Object under R. 404 and 403, and under the Court's Ruling on Plaintiff's MIL No. 4. Dkt. 343, at 6-7. These exhibits, providing extrinsic evidence listing various details about Stanciel's criminal history are excluded. The exhibits contain criminal history categorically excluded under the Court's ruling, including matters that post-date the events in 2008. The Court's ruling further indicates that even if Plaintiff opens to the door to questioning regarding prior arrests, Defendants are limited to questioning with respect to "the number of times Stanciel was arrested prior to August 30, 2008," not the basis for the arrest, disposition of such arrests, or underlying facts. These documents therefore include details about arrests, charges and convictions excluded by the Court. Plaintiff further objects to the extent this exhibit includes details regarding arrests, charges and dispositions--as well as a mugshot and other information--that are not admissible under the Court's |
|-------|------------------------|---------|---------|---------|

*Brown v. Mancuso*, et al., 19-cv-4082            August 6, 2024 (corrected August 7, 2024)

| | | | | ruling, and because the document is confusing and so should be excluded under R. 403. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff preserves all objections, notwithstanding the Court's evidentiary rulings. **Defendants' Response.** In response to Plaintiff's MIL#4, the Court has stated it will "allow Defendants to probe Stanciel's arrest record," including the number of times Stanciel was arrested prior to August 30, 2008, and introduce evidence of his felony conviction, under certain circumstances. Dkt. 343 at 6-7. This exhibit is necessary for Defendants probe Stanciel's arrest record and possibly impeach him regarding his conviction, given the likelihood Stanciel will deny or claim not to remember these events. The exhibit is not hearsay because it can be offered for |
| --- | --- | --- | --- | --- |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Additionally, in the event the Court does not permit a certified copy of Stanciel's felony conviction, this exhibit is necessary for impeachment. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX380 | 9/1/2008; 1/13/2020 | Criminal History Reports for Rufus McGee. CITY_MBROWN_000848-63; CCSAO_000141-42. | Impeachment. See Dkt. 343 at 7-8. | Object under R. 404 and 403, and under the Court's Ruling on Plaintiff's MIL No. 4. Dkt. 343, at 7-8. The exhibits contain criminal history categorically excluded under the Court's ruling regarding criminal history of Rufus McGee, including charges and arrests that did not result in conviction and go far beyond the 3 convictions the Court has permitted to be introduced. These documents also include details that exceed the Court's decision to "limit the evidence to the title of the offense, the date, and the fact that McGee was convicted." Dkt. 343, at 8. Plaintiff further objects to the extent this exhibit includes details regarding arrests, charges and dispositions--as well as a mugshot and other information--that are not admissible under the Court's ruling, and because the document is confusing and so should be excluded under R. 403. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | certified copy of public documents to prove content of an official record). Plaintiff preserves all objections, notwithstanding the Court's evidentiary rulings. <br><br> **Defendants' Response.** Defendants acknowledge the Court's ruling on Plaintiff's MIL#4, specifically that the Court will limit evidence of Rufus McGee's convictions to the title of the offense, the date, and the fact that McGee was convicted." Dkt. 343 at 8. In the event the Court does not permit certified copies of McGee's felony convictions, this exhibit is necessary to prove up McGee's prior convictions/impeachment. Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. Finally, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX381 | Various | IDOC Records for Rufus McGee. IDOC_018548-8647. | Impeachment. See Dkt. 343 at 7-8. Possible foundation because documents contain facts underlying conviction for crime of dishonesty. | Object under R. 404 and 403, and under the Court's Ruling on Plaintiff's MIL No. 4. Dkt. 343, at 7-8. The exhibits contain criminal history categorically excluded under the Court's ruling regarding criminal history of Rufus McGee. These documents also include details that exceed the Court's decision to "limit the evidence to the title of the offense, the date, and the fact that McGee was convicted." Dkt. 343, at 8. Plaintiff further objects to the extent this exhibit includes details regarding arrests, charges, and dispositions--as well as information related to McGee's incarceration and mandatory supervised release--that are not admissible under the Court's ruling, and because the document is confusing and so should be excluded under R. 403. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| | | | | preserves all objections, notwithstanding the Court's evidentiary rulings. |
| | | | | **Defendants' Response.** In Plaintiff's MIL#4, Plaintiff sought to bar evidence of certain criminal convictions of Rufus McGee on the grounds that Defendants could not prove the specific circumstances underlying the convictions. To the extent Plaintiff seeks to raise this objection again at trial, this exhibit contains the requisite proof. Defendants acknowledge the Court's ruling on Plaintiff's MIL#4, specifically that the Court will limit evidence of Rufus McGee's convictions to the title of the offense, the date, and the fact that McGee was convicted." Dkt. 343, at 8. Should the need arise to prove up these points, this exhibit can be used for that purpose. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection. Further, Defendants have used reasonable diligence to |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | | obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX382 | Various | IDOC Records for Eugene Stanciel. IDOC_018388-8547. | Foundation for IDOC Call evidence. | Object under R. 404 and 403, and under the Court's Ruling on Plaintiff's MIL No. 4. Dkt. 343, at 7-8. The exhibits contain criminal history categorically excluded under the Court's ruling regarding criminal history of Eugene Stanciel. Plaintiff further objects to the extent this exhibit includes details regarding arrests, charges, and dispositions--as well as information related to Stanciel's incarceration and mandatory supervised release--that are not admissible under the Court's ruling, and because the document is confusing and so should be excluded under R. 403. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff preserves all objections, notwithstanding the Court's evidentiary rulings. **Defendants' Response.** In response to Plaintiff's MIL#4, the Court has stated it will |
|-------|---------|-----------------------------------------------------|-------------------------------------|-------|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | allow Defendants to introduce evidence of his felony conviction, under certain circumstances. Dkt. 343 at 6-7. One such purpose is to prove that Stanciel was incarcerated in IDOC during a certain time period during which he made a phone call that may be used at trial. This exhibit can be used to prove Stanciel was convicted of a felony and was incarcerated in IDOC, should the need to prove or impeach Stanciel on this point arise at trial. Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX383 | 7/3/2019 | DuPage County/Wheaton Police records relating to October 2022 Rufus McGee Arrest and Charges. DEF.OFFICERS 000709-730. | Potential impeachment. Included in case of event that pending criminal trial proceeds and McGee is convicted prior to providing testimony in this case. | Evidence of this (and other) arrests was specifically excluded by the Court in its ruling on Plaintiff's MIL No. 4. Dkt. 343, at 8. Plaintiff further objects under Rule 37(c) because this document was produced outside the close of discovery, without justification given that the relevant charges have been pending since 2022. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff reserves his right to lodge further objections in the event that Mr. McGee is convicted prior to providing testimony in this case. **Defendants' Response.** Defendants acknowledge the Court's ruling on Plaintiff's MIL#4 regarding evidence of Rufus McGee's arrests. Dkt. 343 at 7-8. However, it is possible McGee is convicted on felony charges reflected in this exhibit, and under those circumstances, evidence of |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | the conviction would be admissible. FRE 609(a)(1). As such, Defendants preserve an objection to the Court's ruling and may ask the Court to reconsider its ruling at the appropriate time. . |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX384 | 10/22/2022 | McHenry County Records relating to 2019 Rufus McGee Arrest and Charges. MB-00013410-25. | Potential impeachment. Included in case of event that pending criminal trial proceeds and McGee is convicted prior to providing testimony in this case. | Evidence of this (and other) arrests was specifically excluded by the Court in its ruling on Plaintiff's MIL No. 4. Dkt. 343, at 8. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff reserves his right to lodge further objections in the event that Mr. McGee is convicted prior to providing testimony in this case.<br><br>**Defendants' Response.** Defendants acknowledge the Court's ruling on Plaintiff's MIL#4 regarding evidence of Rufus McGee's arrests. Dkt. 343 at 7-8. However, it is possible McGee is convicted on felony charges reflected in this exhibit, and under those circumstances, evidence of the conviction would be admissible. FRE 609(a)(1). As such, Defendants preserve an objection to the Court's ruling and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX385 | 9/7/2021 | Aerial map of Amundsen Park annotated by Marcel Brown. Not bates numbered. | Prior statement, possible impeachment | Hearsay; R. 403 (waste of time, confusion)<br><br>**Defendants' Response.** Plaintiff annotated a map as part of his deposition testimony and, as such, the annotations constitute prior statements of a party opponent. The exhibit is clearly not hearsay. FRE 801(d)(2). Moreover, depending on Plaintiff's testimony at trial, the exhibit could be powerful impeachment evidence and should not be barred under FRE 403. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX386 | 5/25/2022 | Aerial map of Amundsen Park annotated by RJ Branch. Not bates numbered. | Prior statement, possible impeachment | Hearsay; R. 403 (waste of time, confusion)<br><br>**Defendants' Response.** RJ Branch annotated a map as part of his deposition testimony and, as such, the annotations constitute prior statements of a declarant/witness who will testify at trial. The exhibit is clearly not hearsay. FRE 801(d)(1). Moreover, depending on RJ Branch's testimony at trial, the exhibit could be powerful impeachment evidence and should not be barred under FRE 403. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX387 | 9/12/2022 | Aerial map of Amundsen Park annotated by Brittany Williamson. Not bates numbered. | Prior statement, possible impeachment; Helps prove Plaintiff is guilty for the murder of Paris Jackson | Hearsay; R. 403 (waste of time, confusion)<br><br>**Defendants' Response.** Brittany Williamson's annotated a map as part of his deposition testimony and, as such, the annotations constitute prior statements of a declarant/witness who will testify at trial. The exhibit is clearly not hearsay. FRE 801(d)(1). Moreover, depending on Williamson's testimony at trial, the exhibit could be impeachment evidence and should not be barred under FRE 403. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX388 | 6/13/2013 | IDOC Call 1 - Disc 2, Call 120 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | The Court excluded this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding. **Defendants' Response.** Defendants acknowledge the Court's ruling as to this IDOC call, but Defendants are unclear from the ruling whether the Court entirely excluded this call. See Dkt. 344 at 2. This call is relevant for impeachment purposes, especially if Plaintiff attempts to deny knowing the IDOC calls were recorded or deny knowledge that any of his friends were involved in gang activity. |

135

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX389 | 10/23/2013 | IDOC Call 2 - Disc 2, Call 251 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344.. | The Court excluded the third clip Defendants proposed in its Order at Dkt. 344. As to the other two clips, Plaintiff preserves and reasserts all objections previously made this call, including hearsay and unfair prejudice. Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged portions of this call are admissible. See Dkt. 344 at 2. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX390 | 8/20/2014 | IDOC Call 7 - Disc 2, Call 495 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | The Court provisionally excluded this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding. **Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 3. Barring this exhibit entirely before trial is inappropriate. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX391 | 8/22/2014 | IDOC Call 8 - Disc 2, Call 497 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | The Court excluded the first clip and provisionally excluded the remaining two clips in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 3. Barring this exhibit entirely before trial is inappropriate. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX392 | 9/15/2014 | IDOC Call 10 - Disc 2, Call 525 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | The Court provisionally excluded this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 3. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                              August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX393 | 12/14/2014 | IDOC Call 11 - Disc 2, Call 648 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | The Court provisionally excluded this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice.  To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 3. Barring this exhibit entirely before trial is inappropriate. Defendants note that RJ Branch will likely be called to testify at trial. |

140

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX394 | 3/21/2015 | IDOC Call 13 - Disc 3, Call 55 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding. **Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 3. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                                   August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX395 | 4/11/2015 | IDOC Call 14 - Disc 3, Call 75 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 3. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

142

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX396 | 4/12/2015 | IDOC Call 15 - Disc 3, Call 76 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court ruled this call is admissible. See Dkt. 344 at 4. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX397 | 10/23/2015 | IDOC Call 17 - Disc 3, Call 204 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 4. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

144

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX398 | 2/2/2016 | IDOC Call 18 - Disc 3, Call 229 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding. <br><br> **Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 4. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                     August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX399 | 6/29/2016 | IDOC Call 19 - Disc 3, Call 302 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 4. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

146

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX400 | 7/13/2016 | IDOC Call 20 - Disc 3, Call 314 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court ruled this call is admissible. See Dkt. 344 at 4. |

147

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX401 | 2/7/2017 | IDOC Call 22 - Disc 4, Call 22 | Impeachment and/or rebut Plaintiff's anticipated testimony. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 4. Barring this exhibit entirely before trial is inappropriate. Defendants note that Debra Scott will likely be called to testify at trial. |

148

*Brown v. Mancuso*, et al., 19-cv-4082                                      August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX402 | 8/6/2013 | IDOC Call 25 - Disc 1, Call 115 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 4. Barring this exhibit entirely before trial is inappropriate. Defendants note that Marisol Ocampo will be called to testify at trial. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX403 | 2/18/2017 | IDOC Call 30 - Disc 1, Call 233 | Impeachment and/or to rebut anticipated testimony offered by Plaintiff in support of his claims. See Dkt. 344. | Object to the extent the Court excluded or otherwise ruled on this call in its Order at Dkt. 344. Plaintiff preserves and reasserts all objections previously made to this call, including hearsay and unfair prejudice. To the extent any portion of this call is admitted, Plaintiff reserves the right to play other portions of the call as necessary to provide context or avoid confusion/misunderstanding.<br><br>**Defendants' Response.** The Court has acknowledged possible permissible uses for this phone call. See Dkt. 344 at 4. Barring this exhibit entirely before trial is inappropriate. |

150

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| DX404 | 1/23/2020 | Plaintiff's Response to Defendant Michael Mancuso's First Set of Interrogatories to Plaintiff | Admissions regarding Plaintiff's failing to disclose certain theories alleging supporting his claims. | The Court has ruled that "[t]here is still time to amend pleadings and discovery materials to ensure that they identify the parties' theories in their current forms." Dkt. 343, at 22. Plaintiff further objects on hearsay grounds and under R. 401 because Defendants' asserted basis for relevance is not a matter properly admitted into evidence or addressed in the presence of the jury.<br><br>**Defendants' Response.** This exhibit contains Plaintiff's position maintained throughout this years-long case about what theories underlie his claims. Plaintiff failed to disclose certain theories of liability--particularly its theory that certain 911 calls were suppressed—to Defendants in this case. The Court acknowledged that "late disclosure [of a theory of liability] is itself often prejudicial, and if a party has represented that it will proceed on one argument or theory, the Court would be disinclined to permit the late |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| | | | | addition of a distinct theory." That is certainly the case regarding Plaintiff's theory of suppressed 911 calls. Had Plaintiff made clear that it was pursuing this theory (rather than simply exploring aspects of the investigation during discovery), Defendants would have taken different steps to defend against and foreclose this meritless theory. This exhibit is necessary support for Defendants' position. |
| DX405 | 4/22/2024 | Defendant Officers' Supplemental Rule 26(a)(2) Disclosures | Disclosures of non-retained BODE expert witnesses; Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper and thorough investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 (relevance). This discovery disclosure/pleading has no probative value and is irrelevant to any issues to be decided by the jury. The document is also hearsay, to the extent defendants intend to rely on any of the representations in the pleading, authored by counsel.<br><br>**Defendants' Response.** Defendants include this exhibit in case Plaintiff raises challenges to propriety of disclosure of these non-retained experts (e.g., notice, timing, etc.). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX406 | 1/20/2022 | Transcript of the Deposition of Detective Matt Jones in the case of Jesus Sanchez v. The Village of Wheeling, et al. Not bates numbered - 289 pages. | Cross examination and possible impeachment | Plaintiff objects under Rules 401 and 403 to the extent use of transcripts or testimony from other cases would be irrelevant, a waste of time, and a distraction from issues present in this case, or risk confusing and unfairly prejudicing the jury by injecting unrelated facts and opinions rendered in unrelated cases. |
| --- | --- | --- | --- | --- |
|  |  |  |  | **Defendants' Response**. The transcript is prior testimony in which Jones testifies on similar subject areas as he will seek to opine on this case. As such, the transcript can be used for, among other things, potential impeachment. Defendants provide an additional response to the extent Plaintiff re-raises an objection that this should be barred pursuant to FRCP 37(c). This deposition testimony was disclosed by Plaintiff in Jones' expert report. However, Plaintiff's counsel did not produce the actual deposition transcript in response to a subpoena seeking the transcript and |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | | other materials. This prior testimony provided by Jones is clearly discoverable, and despite Plaintiff's failure to produce it, Defendants discovered the transcript and provided it to Jones during his deposition (i.e., during expert discovery). |
| DX407 | 9/29/2023 | William Marsh Expert Report and Attachments. Not bates numbered. | Helps prove Defendant Officers conducted proper investigation and did not coerce Plaintiff's confession | Plaintiff refers the Court to his *Daubert* motion to bar Mr. Marsh's expert testimony. Dkt. 310.<br><br>**Defendants' Response.** This objection is without merit as the Court has not yet ruled on Plaintiff's *Daubert* motion. |
| DX408 | 8/29/2023 | Mark E. Cichon, D.O. Expert Report and Attachments. Not bates numbered - 3 pages. | Helps prove Plaintiff is guilty for the murder of Paris Jackson | Plaintiff refers the Court to his *Daubert* motion to bar Dr. Cichon's expert testimony. Dkt. 306.<br><br>**Defendants' Response.** This objection is without merit as the Court has not yet ruled on Plaintiff's *Daubert* motion. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX409 | 8/29/2023; 5/28/2024 | Michael Welner, MD Expert Report and Attachments, including Declaration of Michael Welner, MD | Helps prove Defendant Officers did not coerce Plaintiff's confession | Plaintiff refers the Court to his *Daubert* motion to bar Dr. Welner's expert testimony. Dkt. 307.<br><br>**Defendants' Response.** This objection is without merit as the Court has not yet ruled on Plaintiff's *Daubert* motion. |
| DX410 | N/A | Defendants' demonstrative exhibits including PowerPoints and document blowups | Demonstrative exhibits; to aid the jury in understanding facts and issues in the case. | Plaintiff is unable. to lodge objections because Defendants have not identified or disclosed their demonstratives at this time. Plaintiff reserves the right to lodge objections at trial, per the Court's ruling on Plaintiff's MIL No. 11.<br><br>**Defendants' Response.** Pursuant to the Court's ruling on Plaintiff's MIL No. 11, Defendants do not have to identify with specificity at this time what demonstratives Defendants plan to use. Plaintiff has taken the same position regarding demonstrative exhibits he lists on his exhibit list. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX411 | 8/11/2007 - 2/18/2009 | Group Exhibit - Chicago Police Department Reports regarding Lazerick Webster. CITY_MBROWN_001734-1849 | Relevant to Plaintiff's knowledge of neighborhood tensions and experience with police. See Dkt. 343 at 9 | Object because the Court excluded this evidence in its ruling on Plaintiff's MIL No. 7. This exhibit is CPD's investigative file regarding the death of Laserick Webster (a/k/a "Gaga"). The Court's narrow ruling permits Defendants only to "question [Plaintiff] to a limited extent about Gaga's death and, if the door is opened about his experience with the criminal justice system, about police questioning about the death." The Court ruled that it "will not permit further evidence about Gaga, however." Dkt. 343, at 9. This exhibit is plainly "further evidence" excluded by the Court's ruling. Plaintiff also objects on the grounds of hearsay, R. 401 (relevance), R. 403 (unfair prejudice, waste of time, delay, confusion). **Defendants' Response.** The Court did not exclude this evidence in its ruling on Plaintiff's MIL#7. The Court ruled that Defendants can "question [Plaintiff] to a limited extent about Gaga's |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | death and, if the door is opened about his experience with the criminal justice system, about police questioning about the death." Dkt. 343 at 9. This exhibit may be necessary for Defendants to conduct the limited questioning the Court permits. The exhibit can be used to refresh recollection or possible impeachment. Without this exhibit, Plaintiff can simply state he does not remember anything about this subject and foreclose Defendants from raising the relevant and probative details permitted by the Court's ruling on Plaintiff's MIL#7. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX412 | 12/20/2019 | CPD Complimentary History and Training Information for Michael Mancuso. CITY_MBROWN_000088, CITY_MBROWN_000094-108, CITY_MBROWN_000204-213. | Background and possible rehabilitation. See Dkt. 343 at 10 | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343, at 10. The Court ruled that Defendants may only testify as to "work history and job duties." *Id.* The Court otherwise granted Plaintiff's motion, thereby excluding "work-related commendations, awards, complimentary history, . . . or performance reviews." *Id.* The exhibit contains dozens of pages of training records and summaries of awards and commendations, all of which fall outside the Court's ruling and constitute the "self congratulatory" material and "reasons for attaining promotion" the Court excluded. *Id.* Plaintiff further objects under R. 401 (relevance), R. 404(a) (evidence of good character), R. 403 (waste of time, cumulative, unfair prejudice), hearsay, and R. 1002,1005 (requiring original or certified copies of public records to prove contents). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | **Defendants' Response.** Defendant Officers' job training relates to their job duties, and Defendants include these records for purposes of refreshing the recollection of Defendant Officers about their work history and job duties, consistent with the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343 at 10. Moreover, to the extent Plaintiff attacks their credibility at trial, Defendants should be permitted to offer this evidence to rebut Plaintiff's attacks. Defendants include this exhibit to preserve their objection to the Court's ruling barring evidence of Defendant Officers' commendations and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082                     August 6, 2024 (corrected August 7, 2024)

| DX413 | 12/20/2019 | CPD Complimentary and Training Information for Kevin McDonald. CITY_MBROWN_000089, CITY_MBROWN_000156-170, CITY_MBROWN_000214-221. | Background and possible rehabilitation. See Dkt. 343 at 10 | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343, at 10. The Court ruled that Defendants may only testify as to "work history and job duties." *Id.* The Court otherwise granted Plaintiff's motion, thereby excluding "work-related commendations, awards, complimentary history, . . . or performance reviews." *Id.* The exhibit contains dozens of pages of training records and summaries of awards and commendations, all of which fall outside the Court's ruling and constitute the "self congratulatory" material and "reasons for attaining promotion" the Court excluded. *Id.* Plaintiff further objects under R. 401 (relevance), R. 404(a) (evidence of good character), R. 403 (waste of time, cumulative, unfair prejudice), hearsay, and R. 1002,1005 (requiring original or certified copies of public records to prove contents). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | **Defendants' Response.** Defendant Officers' job training relates to their job duties, and Defendants include these records for purposes of refreshing the recollection of Defendant Officers about their work history and job duties, consistent with the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343 at 10. Moreover, to the extent Plaintiff attacks their credibility at trial, Defendants should be permitted to offer this evidence to rebut Plaintiff's attacks. Defendants include this exhibit to preserve their objection to the Court's ruling barring evidence of Defendant Officers' commendations and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082　　　　　　　　　　August 6, 2024 (corrected August 7, 2024)

| DX414 | 12/20/2019 | CPD Complimentary and Training Information for Garrick Turner. CITY_MBROWN_000090, CITY_MBROWN_000109-116, CITY_MBROWN_000222-235. | Background and possible rehabilitation. See Dkt. 343 at 10 | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343, at 10. The Court ruled that Defendants may only testify as to "work history and job duties." *Id.* The Court otherwise granted Plaintiff's motion, thereby excluding "work-related commendations, awards, complimentary history, . . . or performance reviews." *Id.* The exhibit contains dozens of pages of training records and summaries of awards and commendations, all of which fall outside the Court's ruling and constitute the "self congratulatory" material and "reasons for attaining promotion" the Court excluded. *Id.* Plaintiff further objects under R. 401 (relevance), R. 404(a) (evidence of good character), R. 403 (waste of time, cumulative, unfair prejudice), hearsay, and R. 1002,1005 (requiring original or certified copies of public records to prove contents). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
|  |  |  |  | **Defendants' Response.** Defendant Officers' job training relates to their job duties, and Defendants include these records for purposes of refreshing the recollection of Defendant Officers about their work history and job duties, consistent with the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343 at 10. Moreover, to the extent Plaintiff attacks their credibility at trial, Defendants should be permitted to offer this evidence to rebut Plaintiff's attacks. Defendants include this exhibit to preserve their objection to the Court's ruling barring evidence of Defendant Officers' commendations and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX415 | 12/20/2019 | CPD Complimentary and Training Information for Ruben Weber. CITY_MBROWN_000091, CITY_MBROWN_000117-130, CITY_MBROWN_000236-251. | Background and possible rehabilitation. See Dkt. 343 at 10 | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343, at 10. The Court ruled that Defendants may only testify as to "work history and job duties." *Id.* The Court otherwise granted Plaintiff's motion, thereby excluding "work-related commendations, awards, complimentary history, . . . or performance reviews." *Id.* The exhibit contains dozens of pages of training records and summaries of awards and commendations, all of which fall outside the Court's ruling and constitute the "self congratulatory" material and "reasons for attaining promotion" the Court excluded. *Id.* Plaintiff further objects under R. 401 (relevance), R. 404(a) (evidence of good character), R. 403 (waste of time, cumulative, unfair prejudice), hearsay, and R. 1002,1005 (requiring original or certified copies of public records to prove contents). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | **Defendants' Response.** Defendant Officers' job training relates to their job duties, and Defendants include these records for purposes of refreshing the recollection of Defendant Officers about their work history and job duties, consistent with the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343 at 10. Moreover, to the extent Plaintiff attacks their credibility at trial, Defendants should be permitted to offer this evidence to rebut Plaintiff's attacks. Defendants include this exhibit to preserve their objection to the Court's ruling barring evidence of Defendant Officers' commendations and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| DX416 | 12/20/2019 | CPD Complimentary and Training Information for William Burke. CITY_MBROWN_000093, CITY_MBROWN_000143-155, CITY_MBROWN_000264-279. | Background and possible rehabilitation. See Dkt. 343 at 10 | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343, at 10. The Court ruled that Defendants may only testify as to "work history and job duties." *Id.* The Court otherwise granted Plaintiff's motion, thereby excluding "work-related commendations, awards, complimentary history, . . . or performance reviews." *Id.* The exhibit contains dozens of pages of training records and summaries of awards and commendations, all of which fall outside the Court's ruling and constitute the "self congratulatory" material and "reasons for attaining promotion" the Court excluded. *Id.* Plaintiff further objects under R. 401 (relevance), R. 404(a) (evidence of good character), R. 403 (waste of time, cumulative, unfair prejudice), hearsay, and R. 1002,1005 (requiring original or certified copies of public records to prove contents). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | **Defendants' Response.** Defendant Officers' job training relates to their job duties, and Defendants include these records for purposes of refreshing the recollection of Defendant Officers about their work history and job duties, consistent with the Court's ruling on Plaintiff's MIL No. 9. Dkt. 343 at 10. Moreover, to the extent Plaintiff attacks their credibility at trial, Defendants should be permitted to offer this evidence to rebut Plaintiff's attacks. Defendants include this exhibit to preserve their objection to the Court's ruling barring evidence of Defendant Officers' commendations and may ask the Court to reconsider its ruling at the appropriate time. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX417 | 5/28/2013 | Certified copy of conviction for Eugene Stanciel | Relevant for multiple purposes including foundation and possible impeachment. See Dkt. 343 at 6-7. Plaintiff has notified Defendants Plaintiff will likely not stipulate to authenticity and admissibility of criminal history report, so Defendants now must obtain certified copy of this conviction. | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 4, excluding Stanciel's criminal conviction for nearly all purposes. Dkt. No. 343, at 6-7. Plaintiff further objects under Rule 37(c) to the extent such documents were not timely disclosed in discovery. As noted above, Plaintiff objects to the criminal history reports for numerous reasons, including that they include extensive extraneous (and excluded) information. Plaintiff has raised the possibility of reaching appropriate stipulations regarding criminal convictions, in lieu of introducing certified copies of conviction, but the parties have not yet reached agreement.<br><br>**Defendants' Response.** Defendants asked Plaintiff whether they would stipulate to the admissibility of CPD criminal history reports, given their clear reliability and indisputably accurate content. Defendants acknowledge the parties have |
| | | | | |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| | | | | discussed reaching agreement on stipulations regarding convictions and arrests permitted in the Court's ruling on Plaintiff's MIL#4. Dkt. 343 at 5-8. Defendants include this exhibit in the event the parties cannot reach agreement or in the event that the need arises at trial to prove up convictions/arrests permitted by the Court. Plaintiff's objection pursuant to FRCP 37(c) is meritless; Defendants obtained certified copies only because Plaintiff will not stipulate to the use of documents produced at the earliest stages of this case, and as such disclosure of certified copies is certainly "substantially justified [and] is harmless." FRCP 37(c)(1). Finally, the Court's ruling on Plaintiff's MIL#4 permits possible uses of this exhibit, including Defendant refreshing recollection or otherwise proving the time period during which Eugene Stanciel was incarcerated for his felony conviction or to impeach his credibility |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | depending on his testimony, as described in the Court's ruling. Dkt. 343 at 6-7. |

*Brown v. Mancuso*, et al., 19-cv-4082            August 6, 2024 (corrected August 7, 2024)

| DX418 | 10/18/2013, 11/19/2014, 1/8/2015, 6/28/2017 | Group Exhibit - Certified copies of convictions for Rufus McGee | Impeachment. See Dkt. 343 at 7-8. Plaintiff has notified Defendants Plaintiff will likely not stipulate to authenticity and admissibility of criminal history report, so Defendants now must obtain certified copies of this convictions. | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 4, to the extent Defendants would seek to introduce evidence of convictions other than those specified in the Court's ruling. Dkt. No. 343, at 7-8. Plaintiff further objects under Rule 37(c) to the extent such documents were not timely disclosed in discovery. As noted above, Plaintiff objects to the criminal history reports for numerous reasons, including that they include extensive extraneous (and excluded) information. Plaintiff has raised the possibility of reaching appropriate stipulations regarding criminal convictions, in lieu of introducing certified copies of conviction, but the parties have not yet reached agreement. **Defendants' Response.** Defendants asked Plaintiff whether they would stipulate to the admissibility of CPD criminal history reports, given their clear reliability and indisputably accurate |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | content. Defendants acknowledge the parties have discussed reaching agreement on stipulations regarding convictions and arrests permitted in the Court's ruling on Plaintiff's MIL#4. Dkt. 343 at 5-8. Defendants include this exhibit in the event the parties cannot reach agreement or in the event that the need arises at trial to prove up convictions/arrests permitted by the Court. Plaintiff's objection pursuant to FRCP 37(c) is meritless; Defendants obtained certified copies only because Plaintiff will not stipulate to the use of documents produced at the earliest stages of this case, and as such disclosure of certified copies is certainly "substantially justified [and] is harmless." FRCP 37(c)(1). Finally, the Court ruled evidence of these convictions is admissible. Dkt. 343 at 7. |

172

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX419 | 8/25/2008, 11/2/2009 | Group Exhibit - Certified copies of convictions for Terry Scott | Impeachment, proof of tensions between neighborhood groups leading to shooting. See Dkt. 343 at 8. Plaintiff has notified Defendants Plaintiff will likely not stipulate to authenticity and admissibility of criminal history report, so Defendants now must obtain certified copies of this convictions. | Plaintiff objects under the Court's ruling on Plaintiff's MIL No. 4 Dkt. No. 343, at 8, which ruled that the Court would likely exclude any extrinsic evidence of TJ Scott's conviction. Plaintiff further objects under Rule 37(c) to the extent such documents were not timely disclosed in discovery. As noted above, Plaintiff objects to the criminal history reports for numerous reasons, including that they include extensive extraneous (and excluded) information. Plaintiff has raised the possibility of reaching appropriate stipulations regarding criminal convictions, in lieu of introducing certified copies of conviction, but the parties have not yet reached agreement.<br><br>**Defendants' Response.** Defendants asked Plaintiff whether they would stipulate to the admissibility of CPD criminal history reports, given their clear reliability and indisputably accurate content. Defendants |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| | | | | acknowledge the parties have discussed reaching agreement on stipulations regarding convictions and arrests permitted in the Court's ruling on Plaintiff's MIL#4. Dkt. 343 at 5-8. Defendants include this exhibit in the event the parties cannot reach agreement or in the event that the need arises at trial to prove up convictions/arrests permitted by the Court. Plaintiff's objection pursuant to FRCP 37(c) is meritless; Defendants obtained certified copies only because Plaintiff will not stipulate to the use of documents produced at the earliest stages of this case, and as such disclosure of certified copies is certainly "substantially justified [and] is harmless." FRCP 37(c)(1). Finally, evidence of these convictions is necessary for multiple purposes at trial, including to refresh Plaintiff's recollection. Additionally, Defendants acknowledge the Court said it is unlikely to allow Defendants to ask TJ Scott |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| | | | | about these convictions or to use extrinsic evidence to impeach Plaintiff about his knowledge of these convictions, Dkt. 343 at 8, but Defendants include this exhibit for these purposes in the event such uses do become appropriate at trial. |
| DX420 | N/A | Maps depicting area of North Avenue and Parkside Avenue | Demonstrative exhibit; provides context for circumstances surrounding Amundsen Park shooting | Plaintiff is unable to lodge any objections because they have not seen the exhibit. Plaintiff reserves the right to lodge objections at trial.<br><br>**Defendants' Response.** Pursuant to the Court's ruling on Plaintiff's MIL#11, Defendants do not have to identify with specificity at this time what demonstratives Defendants plan to use. Plaintiff has taken the same position regarding demonstrative exhibits he lists on his exhibit list. |

*Brown v. Mancuso*, et al., 19-cv-4082                                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| DX421 | 9/3/2008 - 9/4/2008 | Cook County State's Attorney - Log & Burn Document | Helps prove Defendant Officers did not coerce Plaintiff's confession | Hearsay (notes taken by ASA's reviewing ERI video). **Defendants' Response.** The records are not hearsay because they were created at the time the ASAs (who are both expected to testify at trial) perceived the events at issue and because creating these records was a regularly conducted activity of the CCSAO. See FRE 803(1); FRE 803(5); FRE 803(6). |
| DX422 | N/A | Video clips/summary exhibit showing specific portions of electronically-recorded interview of Marcel Brown | Helps prove Defendant Officers did not coerce Plaintiff's confession | No objection. Plaintiff notes that he has not seen this summary exhibit and reserves the right to lodge appropriate objections at trial. **Defendants' Response.** Defendants reserve their right to respond to any objection Plaintiff makes at a later time. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX423 | 10/3/2008 | CPD Criminal History Report for Renard Branch. IR# 1815573. MB-00009176-78. | Helps prove Plaintiff's knowledge of RJ's gun and intentions and thus Plaintiff's guilt for the murder of Paris Jackson. See Dkt. 343 at 6. | Object under R. 404, 403, 609, and under the Court's ruling on Plaintiff's MIL No. 4 with respect to RJ Branch's criminal history. Introduction of this exhibit would "waste time, confuse the issues, and . . . unfairly prejudice the jury against Plaintiff." Dkt. No. 343, at 6. Plaintiff further objects to the extent this exhibit includes markings and annotations regarding juvenile charges and dispositions thereof that are irrelevant to the question of Plaintiff's knowledge and intentions.  Object under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). Plaintiff also preserves all previously-stated objections, notwithstanding the Court's evidentiary rulings.<br><br>**Defendants' Response.** In ruling on Plaintiff's MIL#4, the Court ruled "Defendants can [] probe Plaintiff's knowledge of RJ's arrests, charges, and juvenile |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | adjudications as of August 2008; introduce evidence of RJ's criminal history; and argue that Plaintiff must have known RJ had a gun based on his knowledge of RJ's criminal history." Dkt. 343 at 6. Defendants seek to use this exhibit consistent with the Court's ruling. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX424 | 9/17/2008 | CPD Criminal History Report for Marcel Brown. IR# 1746121. MB-00009182. | Used to rebut testimony/argument that Plaintiff was law-abiding and had no meaningful experience with criminal justice system. See Dkt. 343 at 4-5 | Object under R. 404 and 403, and under the Court's ruling on Plaintiff's MIL No. 3 to bar evidence of prior arrests or bad acts. The Court has excluded such evidence unless Plaintiff opens the door and, even then, "the Court sees no reason why the crimes for which Plaintiff was arrested, whether he was charged in connection with the arrests, or the alleged conduct underlying those arrests is relevant to Plaintiff's interactions with police and criminal justice system." This exhibit includes such details and so should be excluded in all circumstances. The exhibit also includes other extraneous details, including a mugshot, which would be unfairly prejudicial and has no probative value. The document is also confusing and should be excluded under R. 403 for that reason too. Object under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content of an official record). |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| | | | | In addition, Plaintiff preserves all previously-stated objections, notwithstanding the Court's evidentiary rulings.<br><br>**Defendants' Response.** Plaintiff's objection ignores the Court's recognition of possible proper uses of this evidence, as stated in the Court's ruling on Plaintiff's MIL#3. Dkt. 343 at 4-5. The Court's ruling leaves room for the possible use of this evidence, including to refresh Plaintiff's recollection, to prove Plaintiff's knowledge, or to cross examine Plaintiff on certain topics to the extent Plaintiff opens the door, as described in the Court's ruling on MIL#3. Dkt. 343 at 4-5. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| DX425 | 10/3/2008 | CPD Criminal History Report for Terry Scott. IR# 1671113. MB-00009185-88. | Impeachment, proof of tensions between neighborhood groups leading to shooting. See Dkt. 343 at 8. | Object under R. 404 and 403, and under the Court's Ruling on Plaintiff's MIL No. 4. Dkt. 343, at 8. The Court only permitted Defendants to question Plaintiff regarding his "knowledge of TJ's criminal conduct or record." *Id.* Crucially, the Court ruled that it is "is unlikely to allow Defendants to ask TJ about these convictions or to use extrinsic evidence to impeach Plaintiff about his knowledge of TJ's convictions." *Id.* This exhibit is precisely such extrinsic evidence. Plaintiff further objects to the extent this exhibit includes details regarding various charges and dispositions--as well as a mugshot and other information--that are not admissible under the Court's ruling for any purpose, and because the document is confusing and should be excluded under R. 403. Plaintiff further objects under R. 802 (the document is hearsay) and R. 1002 and 1005 (requiring original or certified copy of public documents to prove content |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

|  |  |  |  | of an official record). Plaintiff preserves all objections, notwithstanding the Court's evidentiary rulings.<br><br>**Defendants' Response.** In ruling on Plaintiff's MIL#4, the Court found permissible uses for evidence relating to TJ Scott's felony convictions, namely Plaintiff's knowledge of TJ Scott's felony convictions. Dkt. 343 at 8. The Court has not definitively barred use of extrinsic evidence to impeach Plaintiff about knowledge of TJ's convictions nor definitively barred Defendants from asking TJ about his felony convictions. In line with the ruling, Defendants include this exhibit. Defendants must be permitted to possibly use this exhibit to prevent Plaintiff from simply testifying he does not remember these convictions and thus close the door on this relevant subject area; in other words, this exhibit can be used to refresh recollection or impeach Plaintiff and/or TJ Scott, depending on how testimony |
|---|---|---|---|---|

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|  |  |  |  | comes in at trial. The exhibit is not hearsay because it can be offered for non-hearsay reasons, like impeachment and to refresh recollection, and because the exhibit does not actually contain a statement made by a declarant. See, e.g., Robertson v. Keyser, No. 20-CV-4318 (ERK), 2021 WL 2453939, at *2-4 (E.D.N.Y. June 16, 2021). Further, Defendants have used reasonable diligence to obtain the best version of this evidence, and thus the evidence in the form of this exhibit is permitted. FRE 1005. Finally, Defendants do not object to using a version of this exhibit which redacts information which the Court believes is improper. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|---|---|---|---|---|
| DX426 | 9/3/2008 - 9/5/2008 | Defendants' version of Transcript of Electronic Recorded Interview of Marcel Brown | Helps prove Defendant Officers did not coerce Plaintiff's confession | Plaintiff contends that his version of the ERI transcript is accurate, and that Defendants' version is inaccurate.<br><br>**Defendants' Response.** Defendants contend this version of the ERI transcript is accurate, and Plaintiff's version of the ERI transcript is inaccurate. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX427 | 9/3/2008 | ERI Video of RJ Branch Interview. Part 1. CITY_MBROWN_000973. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.

**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| | | | | only Defendant who knew about Mr. Cary—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |
| DX428 | 9/3/2008 | ERI Video of RJ Branch Interview. Part 2. CITY_MBROWN_000974. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| DX429 | 9/3/2008 | ERI Video of RJ Branch Interview. Part 3. CITY_MBROWN_000975. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |
|-------|----------|--------|--------|--------|

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

*Brown v. Mancuso*, et al., 19-cv-4082                                      August 6, 2024 (corrected August 7, 2024)

| DX430 | 9/3/2008 | ERI Video of RJ Branch Interview. Part 4. CITY_MBROWN_000976. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

191

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX431 | 9/3/2008 | ERI Video of RJ Branch Interview. Part 5. CITY_MBROWN_000977. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

*Brown v. Mancuso*, et al., 19-cv-4082                     August 6, 2024 (corrected August 7, 2024)

| DX432 | 9/3/2008 | ERI Video of RJ Branch Interview. Part 6. CITY_MBROWN_000978. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch. **Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

195

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX433 | 9/4/2008 | ERI Video of RJ Branch Interview. Part 7. CITY_MBROWN_000979. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX434 | 9/4/2008 | ERI Video of RJ Branch Interview. Part 8. CITY_MBROWN_000980. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX435 | 9/4/2008 | ERI Video of RJ Branch Interview. Part 9. CITY_MBROWN_000981. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

*Brown v. Mancuso*, et al., 19-cv-4082          August 6, 2024 (corrected August 7, 2024)

| DX436 | 9/4/2008 | ERI Video of RJ Branch Interview. Part 10. CITY_MBROWN_000982. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch. **Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |
|-------|----------|------|------|------|

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
|     |      |             |           | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| DX437 | 9/4/2008 | ERI Video of RJ Branch Interview. Part 11. CITY_MBROWN_000983. | Helps prove Plaintiff is guilty for the murder of Paris Jackson; Helps prove Defendant Officers conducted proper investigation and reasonably believed Plaintiff was guilty for the murder of Paris Jackson | R. 401 relevance; R. 403 unfair prejudice, confusion, waste of time. RJ Branch is not a party; he invoked his right to remain silent; video recording of him inside an interrogation room is not probative of any facts and unfairly prejudicial to the extent jury may find against Plaintiff based on impressions of Mr. Branch.<br><br>**Defendants' Response.** Plaintiff insists on introducing evidence relating to Stephen Wham Cary at trial to argue that Defendant Officers disregarded Plaintiff's rights and wrongfully denied him the opportunity to meet with an attorney. As explained in Defendants' MIL#1, there is no evidence Defendant Officers were involved with allegedly denying Mr. Cary access to Plaintiff. Nevertheless, the ERI video of RJ Branch is highly relevant for multiple purposes. Most importantly, it shows that Chicago police—and Defendant Officer Garrick Turner (the |

*Brown v. Mancuso*, et al., 19-cv-4082                    August 6, 2024 (corrected August 7, 2024)

| No. | Date | Description | Relevance | Objection & Response |
|-----|------|-------------|-----------|----------------------|
| | | | | only Defendant who knew about Mr. Cary)—acted properly based on what they were actually told: that RJ Branch was represented by counsel and had invoked his right to remain silence. The video shows Chicago police acted properly relating to RJ Branch and that undercuts Plaintiff's allegations that, for some reason, Defendant Officers--or non-defendant officers--would jeopardize their investigation by wrongfully denying Mr. Cary access to Plaintiff. Further, the evidence also offers evidence of the timing of when Mr. Cary was at Area 5 and what was happening while Mr. Cary was there. |
| DX438 | 4/25/2022 | Certified copy of conviction for Renard Branch, Jr. | Relevant for multiple purposes including to prove Plaintiff is guilty for the murder of Paris Jackson, foundation, and possible impeachment. Defendants obtain a certified copy of this conviction in light of the parties' inability to reach agreement on a stipulation regarding this conviction. | No objection. |