IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCEL BROWN,** <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF CHICAGO;** Chicago Police Detectives **MICHAEL MANCUSO, GERI YANOW,** Personal Representative of the Estate of **KEVIN McDONALD, GARRICK TURNER, RUBIN WEBER, STEVE CZABLEWSKI** and **WILLIAM BURKE; COUNTY OF COOK, ILLINOIS;** Assistant State's Attorney **MICHELLE SPIZZIRRI,** <br><br> Defendants. | No. 19-cv-4082 <br><br> The Honorable Lindsay C. Jenkins |

**DEFENDANT OFFICERS' MOTION FOR RELIEF OR BRIEFING SCHEDULE
CONCERNING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER GRANTING SUMMARY JUDGMENT
AGAINST PLAINTIFF'S MALICIOUS PROSECUTION CLAIM**

Defendants Michael Mancuso, Garrick Turner, Rubin Weber, William Burke, and Geri Lynn Yanow ("Defendants"), by and through their undersigned counsel, file this Motion for Relief or Briefing Schedule Concerning Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment Against Plaintiff's Malicious Prosecution Claim. In support thereof, Defendant Officers state as follows:

1. On December 29, 2023, this Court issued a Memorandum Opinion and Order ("Order") granting in part Defendant Officers' Motion for Summary Judgment. (*See* Dkt. No. 294). In this Order, the Court granted summary judgment in Defendant Officers' favor as to Plaintiff's malicious prosecution claim. (*See id.* at p. 36).

2. Plaintiff, nearly eight months later and less than a week before trial is scheduled to begin, filed his Motion for Reconsideration of the Court's Order Granting Summary Judgment Against Plaintiff's Malicious Prosecution Claim ("Motion") seeking reconsideration of the Court's Order. (*See* Dkt. No. 372).

3. In addition to the timing being incredibly prejudicial to Defendants, there is a high standard to a motion to reconsider summary judgment that Plaintiff has not attempted to overcome:

> [M]otions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Turner v. M.B. Fin. Bank*, 2018 WL 1920195, at *2 (N.D. Ill. 2018) (Dow, J.) Under Rule 59(e), the Court may alter or amend a judgment if the movant clearly establishes "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted). A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

*Tolston-Allen v. City of Chicago*, No. 16-CV-6981, 2020 WL 5578425, at *1 (N.D. Ill. May 27, 2020). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d 601, 606 (7th Cir. 2000).

4. It is Defendant Officers' position that Plaintiff's Motion is untimely and frivolous and should be denied without briefing.

5. Although Defendant Officers believe briefing is unnecessary, Defendant Officers will submit a substantive response to Plaintiff's Motion if that is the Court's preference.

## **CONCLUSION**

Defendants respectfully ask the Court to enter an order denying Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment Against Plaintiff's Malicious Prosecution Claim [Dkt. No. 372] or, in the alternative, enter a deadline for Defendant Officers to file a substantive response.

Respectfully submitted,

Dated: August 20, 2024

**DEFENDANT OFFICERS**

By:   */s/ Kyle L. Flynn*
      One of Their Attorneys

John F. Gibbons
Kyle L. Flynn
Thomas Quinn Ford
Tyler Lynn Salway
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
gibbonsj@gtlaw.com
flynnk@gtlaw.com
fordq@gtlaw.com
salwayt@gtlaw.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on August 20, 2024.

*/s/ Kyle L. Flynn*