**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Marcel Brown,

    *Plaintiff,*

v.

City of Chicago, et al.

    *Defendants.*

No. 19 CV 4082

Judge Lindsay C. Jenkins

**ORDER**

Before the Court is Defendants'[1] motion to clarify and reconsider portions of the Court's ruling on Defendants' motions *in limine*. More specifically, Defendants ask the Court to clarify whether Plaintiff is permitted to use certain 911-call materials to support his *Brady* suppression claim, and to reconsider its decision to allow Plaintiff to seek damages for his pre-conviction incarceration based on his coerced confession claim. For the following reasons, the Court will bar Plaintiff from using the 911 materials to support a suppression claim because Plaintiff failed to timely disclose this theory of liability, but declines to alter its ruling on pre-conviction damages.

## I.    Motion to Clarify

Defendants' motion *in limine* No. 6 asked the Court to completely bar Plaintiffs from introducing as evidence or mentioning (1) a phone call from Officer Reed to an OEMC dispatcher; and (2) a document that purportedly showed all the 911 calls OEMC received on the night of Paris Jackson's death (collectively, "911 Documents"). [Dkt. 333 at 43.][2] The Court denied the motion without prejudice but noted the 911 Documents could be relevant to Defendants' state of mind during their investigation. [Dkt. 343 at 15.] Defendants' motion does not challenge the Court's ruling, but asks the Court to address whether Plaintiff may use the 911 Documents to support the *Brady* claim that Defendants withheld exculpatory evidence in Plaintiff's underlying criminal case. [Dkt. 357 at 2-4.]

Defendants' position is that Plaintiff should not be able to use the 911 Documents to support his *Brady* claim because Plaintiff did not timely disclose this as a theory of liability. In support, Defendants argue that Plaintiff neither alleged in the operative pleading that the 911 Documents were relevant to the *Brady* claim

---

[1]    Michael Mancuso, Garrick Turner, Rubin Weber, William Burke, and Geri Yanow.

[2]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

(despite receiving the 911 Documents in discovery nearly two years prior) or in their interrogatory responses.[3] [Dkt. 357 at 3.] And because Plaintiff failed to disclose that he wanted to use the 911 Documents for this purpose, Defendants did not have the opportunity to formulate defenses during discovery and are therefore prejudiced. [*Id.* at 4.] Defendants also note that Plaintiff's lawyer in the underlying criminal case, David Wiener, passed away last year without being deposed, so there is no straightforward way to determine whether Wiener had or knew of the 911 Documents. [*Id.* at 4-5.]

Plaintiff makes multiple arguments as to why he should be able to use the 911 Documents. First, he argues that Defendants' motion is a motion for summary judgment in disguise and should be denied as untimely and in violation of the Local Rules. Second, Plaintiff contends he did not run afoul of his obligation to supplement his discovery responses under Rule 26(e) because Defendants were aware that Plaintiff intended to use the 911 Documents for his *Brady* claim. [Dkt. 367 at 3-4.] To support this latter argument, Plaintiff points to deposition testimony and requests to admit that purportedly put Defendants on notice of the theory. [*Id.* at 4-6.]

Defendants have the better argument. First, there is no dispute that the 911 Documents were the subject of substantial discovery between the parties, so Plaintiff's focus on how long ago the 911 Documents were disclosed (or that Defendants produced them) is beside the point. The salient question is whether, in light of Plaintiff's admitted failure to allege this theory in the complaint or identify it in discovery responses, the conducted discovery itself fairly put Defendants on notice that Plaintiff was planning to argue the Defendants suppressed the 911 Documents. On this record, the answer to that question is no.

The deposition snippets Plaintiff provides, (Dkt. 367 at 5), relate to Defendants' investigation, not how the 911 Documents were used (or not used) in the criminal proceedings. Likewise, the Court disagrees that Plaintiff's Second Set of Requests for Admission to the City of Chicago "surely let Defendants know" "Plaintiff was targeting a suppression theory," as Plaintiff argues. [Dkt. 367 at 6.] Those requests do mention the 911 Documents, but they focus on matters like whether the records were included within the police's investigatory file, who printed them out and when. [Dkt. 271-20.] These requests could easily have been aimed at the underlying investigation itself or to lay a foundation for other evidence, as Defendants argue, not necessarily at their use in the criminal proceeding.

Plaintiff's last piece of cited evidence is his Second Set of Requests for Admission to the County Defendants. True, these are more targeted at the contents of the prosecutor's criminal file, [Dkt. 367-3], but as Defendants note, these requests were not timely filed, the County Defendants did not respond, and Plaintiff did not

---

[3]    After Defendants filed this motion, Plaintiff amended their interrogatory responses on August 12, 2024. [Dkt. 367 at 4.]

move to compel.[4] While these requests may have given Defendants an inkling that Plaintiff was considering a *Brady* theory based on the 911 Documents, his abandonment of the requests combined with the lack of prior corroborating discovery and Plaintiff's failure to amend his pleading or supplement his interrogatories is sufficient to establish Plaintiff did not fairly put Defendants on notice. *Moran v. Calumet City*, 54 F.4th 483, 497 (7th Cir. 2022) (a party has a duty to update discovery responses that are "incomplete or incorrect" and the failure to timely do so means he "is not allowed to use that information.")

Under these circumstances, the Court disagrees with Plaintiff's argument that Defendants' motion is really one for summary judgment. Rather, it is a motion *in limine* that appropriately seeks to bar certain evidence from being used at trial for a certain purpose. *See e.g., Valdez v. Lowry*, 2021 WL 5769533, at *8 (N.D. Ill. Dec. 5, 2021) (admitting evidence for certain purposes but not others through a motion *in limine*); *Lyles v. Gambino*, 2019 WL 5654227, at *6 (N.D. Ill. Oct. 31, 2019) (same). As the Court warned in its initial ruling, "late disclosure is itself often prejudicial, and if a party has represented that it will proceed on one argument or theory, the Court would be disinclined to permit the late addition of a distinct theory." [Dkt. 343 at 22.] Using the 911 Documents to argue Defendants suppressed exculpatory information at Plaintiff's criminal trial is a distinct and belatedly disclosed theory, so Plaintiff cannot use them for that purpose at trial. *Moran*, 54 F.4th 483, at 497 (affirming district court's decision to not consider certain evidence where party failed to put his adversary on notice of their theory in a timely manner).

## II.    Motion to Reconsider

The Court now turns to Defendants' motion to reconsider its ruling that Plaintiff is permitted to seek damages for his pretrial detention based on his coerced confession claim. [Dkt. 343 at 19-20.] Motions for reconsideration serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A manifest error of law occurs "when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (cleaned up); *see also United States v. Ligas*, 549 F.3d 497, 501-502 (7th Cir. 2008) (a manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it.")

Defendants have not identified such a manifest error of law. Defendants' primary argument is that the Court already determined probable cause exists

---

[4]     Defendants provide this context in their reply brief which was filed without permission. [Dkts. 352, 373.] The Court does not condone the filing, but agrees with Defendants that the context surrounding these requests is important.

without the confession, so it is a legal impossibility that the confession was the but-for cause of Plaintiff's pretrial detention. [Dkt. 357 at 5-8.] But Defendants admit this issue has not been squarely decided by the Seventh Circuit, [*id.* at 6], so the Court has not departed from precedent. *Caisse Nationale*, 90 F.3d 1264, at 1270.

On the merits, Defendants do not dispute that a Fifth Amendment violation occurs when a coerced confession is used at pretrial proceedings, that probable cause is not a defense to a coerced confession claim, and that plaintiffs can recover damages caused by Constitutional violations. [*See* Dkt. 343 at 19.] The Court stands by its decision that these principles establish the possibility that a jury could conclude a plaintiff was detained because of a confession notwithstanding the existence of probable cause without the confession. [*See id.* ("the existence of probable cause—meaning Plaintiff *could have been* detained without the confession—does not mean that a jury could not find that Plaintiff *would have been* detained without the confession").] For example, if a judge at a bond hearing spent several minutes discussing a (coerced) confession and its impact on his decision to order detention, could a reasonable jury nonetheless conclude the confession caused the detention, regardless of whether probable cause existed independently? The Court sees no reason why it could not.

Defendants' contention that there is no evidence in this case that the judge in Plaintiff's bond proceeding relied on the confession is an argument better left for the jury at trial. If Defendants are correct that Plaintiff cannot establish the confession was material to the bond determination (or to the grand jury), then they will not be liable for pre-conviction damages because the confession was not the but-for cause of Plaintiff's detention.

The Court appreciates Defendants' position on an uncertain area of law, but merely stating a disagreement with the Court's analysis does not give the Court "a reason for changing its mind", so the motion to reconsider is denied. *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).[5]

Enter: 19 CV 4082
Date: August 22, 2024

_____
Lindsay C. Jenkins
United States District Judge

---

[5]    In acknowledgment of this issue's complexity, the Court intends to adopt Defendants' suggestion to bifurcate compensatory damages on the verdict form between pre- and post-conviction damages.

4