IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCEL BROWN,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF CHICAGO;** Chicago Police Detectives **MICHAEL MANCUSO, GERI YANOW,** Personal Representative of the Estate of **KEVIN McDONALD, GARRICK TURNER, RUBIN WEBER, STEVE CZABLEWSKI** and **WILLIAM BURKE; COUNTY OF COOK, ILLINOIS;** Assistant State's Attorney **MICHELLE SPIZZIRRI,**<br><br>Defendants. | No. 19-cv-4082<br><br>The Honorable Lindsay C. Jenkins |

**DEFENDANT OFFICERS' RESPONSE TO PLAINTIFF'S MOTION
FOR RECONSIDERATION ON ADMISSIBILITY OF STATE-LAW
VIOLATION EVIDENCE AND ARGUMENT**

Defendants Michael Mancuso, Garrick Turner, Rubin Weber, William Burke, and Geri Lynn Yanow ("Defendants"), by and through their undersigned counsel, file this Response to Plaintiff's Motion for Reconsideration on Admissibility of State-Law Violation Evidence and Argument. In support thereof, Defendants state as follows:

**INTRODUCTION**

This case is about whether Plaintiff's federal constitutional rights were violated by Defendants. Plaintiff has continuously tried to make an alleged violation of Illinois law the focal point of this litigation despite the fact that Plaintiff has no evidence that Defendants actually violated Illinois law. There is no evidence that Defendants denied Attorney Cary access to Plaintiff because they, at no time, were informed that Cary requested to see Plaintiff or were even made aware that Plaintiff had legal representation. Plaintiff knows this yet insists that he can put before

the jury that the alleged denial of Cary ran afoul of Illinois statutes. More importantly, this Court has already (and repeatedly) ruled that whether Defendant **violated Illinois law** is not relevant and will not be at issue in the upcoming trial. *See, e.g.*, (Dkt. No. 343, at 12 ("[T]he jury will need to consider questions of federal constitutional law, not state law."); Dkt. No. 360, at 37 ("Whether Defendants violated Illinois law is not at issue in the trial[.]")). The Court, for this reason, has made clear that Plaintiff is not permitted to present evidence or argue to the jury that Defendants violated Illinois law. (*See, e.g.*, Dkt. No. 343, at 12 ("The Court agrees to that extent, and it will not permit Plaintiff to argue that refusing to allow Cary to speak with Plaintiff or inform Plaintiff of Cary's presence violates state law."); Dkt. No. 360, at 25 ("Defendants argue that Jones should not be permitted to testify that the refusal to allow Brown to make a phone call and denying Stephen 'Wham' Cary, an attorney who represented RJ Branch, the ability to speak to Brown violated Illinois law. The Court agrees that these opinions are improper.") (internal citation omitted)). Nevertheless, Plaintiff asks the Court to reconsider its rulings on this issue based on the same, already rejected, arguments he previously made. Plaintiff's motion for reconsideration should be denied. Plaintiff improperly rehashes arguments that have already been rejected, Plaintiff fails to address the Court's conclusion that allowing him to present such evidence or argue to the jury that Defendants violated Illinois law runs afoul of Rule 403, and Plaintiff has not, in any way, demonstrated that the Court's rulings amount to "manifest error."

## ARGUMENT

Federal Rule of Civil Procedure 54(b) grants a court the inherent authority to reconsider its prior orders "at any time before entering a final judgment." *See Kim v. Hakuya Sushi, Inc.*, 2017 WL 11886342, at *3 (N.D. Ill. July 5, 2017). "Motions to reconsider under Rule 54(b) 'are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e).'" *Tolston-*

*Allen v. City of Chicago*, 2020 WL 5578425, at *1 (N.D. Ill. May 27, 2020) (quoting *Turner v. M.B. Fin. Bank*, 2018 WL 1920195, at *2 (N.D. Ill. 2018)). "Under Rule 59(e), the Court may alter or amend a judgment if the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" (*Id.* (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, "[a] 'manifest error' is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Tolston-Allen*, 2020 WL 5578425, at *1 (quoting *Oto*, 224 F.3d at 606). A motion to reconsider is only proper when "the Court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). It is well established that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* (quoting *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)).

Plaintiff's motion is not based on the discovery of newly discovered evidence; therefore, he must demonstrate that this Court has committed a manifest error of law or fact for his motion to succeed. Plaintiff, however, fails to demonstrate that this Court disregarded, misapplied, or failed to recognize controlling precedent or that this Court patently misunderstood the arguments he previously raised. Rather, Plaintiff merely rehashes arguments that were already considered and rejected by the Court. His motion should be denied.

1. ***The Court's Order Was Clear: No Arguments Concerning a Violation of Illinois Law Are Permitted.***

Foremost, this Court should disregard Plaintiff's mischaracterizations and misinterpretations of this Court's prior orders. This Court's orders concerning evidence and

3

arguments that Defendants violated Illinois law could not be clearer: Plaintiff is permitted to introduce evidence and argument surrounding the violative conduct, but he cannot introduce evidence or argument indicating that such conduct violated Illinois law. (*See, e.g.*, Dkt. No. 343, at 12). Despite this clear instruction, Plaintiff attempts to characterize this Court's orders as vague or confusing in order to expand this Court's ruling in his favor or to create an issue for reconsideration where no such issue exists. For example, Plaintiff suggests that "[r]eferences to what the law requires do not seem to be barred from cross-examination," but this Court clearly explained that Plaintiff is barred from arguing that Defendants violated Illinois law. (*See, e.g.*, Dkt. No. 343, at 12 ("The Court agrees . . . it will not permit Plaintiff to argue [Defendants] . . . violate[d] state law."); Dkt. No. 360, at 25 ("Defendants argue that Jones should not be permitted to testify that [Defendants] . . . violated Illinois law. The Court agrees that these opinions are improper.").[1] This Court should disregard Plaintiff's attempt to muddy the waters, and stand by its clear, well-reasoned rulings on this issue.

## 2. *Plaintiff Fails to Address the Court's Ruling that Defendants Would Be Prejudiced by Arguments Concerning Violations of Illinois Law.*

This Court ruled that Plaintiff cannot present arguments concerning Defendants' alleged violation of Illinois law because it "would create a high risk of confusion and unfair prejudice given that the jury will need to consider questions of federal constitutional law, not state law." (Dkt. No. 343, at 12; *see also* Dkt. No. 360, at 25 ("The Court also agrees that allowing testimony

---

[1] Plaintiff also repeatedly makes arguments as if this Court's rulings were conditional, which they were not. (*Compare* Dkt. 368, at 4 ("If the Court were planning to allow Plaintiff to introduce the violative conduct *without* allowing Plaintiff to show that the conduct violated a law . . . .") *with* Dkt. 343, at 12 (ruling that Plaintiff can introduce evidence concerning the violative conduct but barring Plaintiff from arguing that the conduct violated Illinois law), *compare* Dkt. 368, at 4 ("To the extent the Court has barred the experts from referencing what the law requires . . . .") *with* Dkt. 360, at 25 (barring Jones from testifying about what Illinois law requires because he "is not a legal expert, so he lacks the specialized training necessary to provide helpful testimony on this topic.")

4

about possible violations of Illinois law could mislead the jury because the claims at issue depend on whether Defendants violated the federal Constitution.")). Plaintiff must demonstrate that this conclusion represents a "manifest error." *See, e.g.*, *Tolston-Allen*, 2020 WL 5578425, at *1. He cannot do so. Indeed, Plaintiff simply ignores the Court's well-reasoned justification for precluding evidence and argument concerning violations of Illinois law, and, instead, merely reiterates the same points he raised in his Responses to Defendant's Motions *in Limine* and Daubert Motions. These previously rejected arguments do not warrant reconsideration of this Court's prior rulings.

**First**, Plaintiff contends that he should be permitted to present evidence and argument to the jury that Defendants violated Illinois law because such violations may be relevant to Defendants' states of mind. (*See generally* Dkt. No. 368). He also contends that the unfair prejudice these arguments will cause Defendants can be mitigated through jury instructions. (Dkt. No. 368, at 4). However, these arguments were already raised by Plaintiff in his Response to Defendants' Motion in *Limine*, (Dkt. No 336, at 4 (arguing that violations of Illinois law are relevant); Dkt. No. 336, at 7-8 ("They can be instructed that the violation of *McCauley* is not a federal constitutional violation but is one factor to consider in weighing the circumstances leading to Plaintiff's confession[.]"), and considered by this Court in its ruling, (Dkt. No. 343, at 12). It is well established that a motion for reconsideration is not an appropriate forum for rehashing previously rejected arguments. *Tolston-Allen*, 2020 WL 5578425, at *1 (quoting *Ahmed*, 388 F.3d at 249); *see also Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) ("A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected."). Further, the Seventh Circuit has held that the type of instructions Plaintiff proposes can create further juror confusion and are insufficient to cure unfair prejudice. *See Thompson v. City*

5

*of Chicago*, 472 F.3d 444, 457 (7th Cir. 2006) ("Any limiting instruction explaining to the jury that, although the General Orders do not create a duty on the part of an officer and can only be used as evidence of a breach of protocol in a disciplinary proceeding—and that they could not be considered in conjunction with the plaintiffs' § 1983 claims—would have led to unnecessary and detrimental jury confusion."). Therefore, these arguments should be rejected.

**Second**, Plaintiff ignores the Court's well-reasoned justification for precluding any argument concerning violations of Illinois law. Plaintiff addresses only why the purported violations of Illinois law are relevant. However, this Court barred arguments concerning violations of Illinois law under Rule 403, which expressly permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Thompson*, 472 F.3d at 456 (quoting Fed. R. Evid. 403) ("Rule 403 provides a district court with discretion to exclude evidence where 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'"). The Court's July 30, 2024 Order confirms that it properly conducted the analysis required under Rule 403: It considered Plaintiff's arguments concerning the relevancy of Defendant's purported violation of Illinois law, it weighed the relevancy of those arguments against Defendants' concerns that they would result in unfair prejudice, and, finally, it concluded that the unfair prejudice to Defendants outweighed the probative value of Plaintiff presenting evidence purportedly showing and arguing that Defendants violated Illinois law. (Dkt. No. 343, at 12). Although Plaintiff is disappointed by this conclusion, it does not amount to a manifest error of law. *See Oto*, 224 F.3d at 606.

**Third**, this Court's July 30, 2024 Order also confirms that this Court did not patently misunderstand Plaintiff's argument that violations of Illinois law may be relevant. Indeed, this Court expressly explained that it "agrees with Plaintiff that if Defendants turned away Cary, it is probative of their state of mind with respect to the investigation." (Dkt. No. 343, at 12). Further, this Court, based on this conclusion, is permitting Plaintiff to introduce evidence, as speculative as it is, and argument that Defendants knew Cary was trying to see Plaintiff. (*Id.*). He is only precluded from taking the next step, by arguing that the conduct, if it occurred, amounted to a violation of Illinois law. (*Id.*). Although Plaintiff argues that this ruling amounts to an error, he fails to provide any explanation or case law in support of this argument. (Dkt. No. 368, at 4). This perfunctory and unsupported argument should be rejected, and the Court should stand by its prior ruling. *Argyropoulos v. City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008) ("perfunctory and undeveloped" arguments are waived); *Cerda v. Chicago Cubs Baseball Club, LLC*, 405 F. Supp. 3d 780, 794 (N.D. Ill. 2019) ("The Court has no duty to research and construct legal arguments available to a party, especially when he is represented by counsel."). Regardless, the Court's decision to allow evidence and argument concerning Defendant's conduct while barring reference to purported violations of Illinois law is consistent with Seventh Circuit precedent. *See Thompson*, 472 F.3d at 456-458.

**Fourth**, Plaintiff misconstrues the matters at issue by contending that he must be permitted to inform the jury what is required under Illinois law in order to adequately respond to Defendants' argument that their conduct was reasonable under federal law. (*See, e.g.*, Dkt. No. 368, at 2-4). At issue in this case is whether Defendants violated federal law. (*See, e.g.*, Dkt. No. 343, at 12 ("[T]he jury will need to consider questions of federal constitutional law, not state law."). This Court, and many others, have recognized that violations of state law are not relevant to whether a violation of

7

a federal constitutional right has occurred. *See, e.g.*, (*id.*; Dkt. No. 360, at 37 ("Whether Defendants violated Illinois law is not at issue in the trial[.]")); *see also Thompson*, 472 F.3d at 456-458 ("In other words, the violation of . . . a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."). Plaintiff is, again, merely repackaging his prior arguments and requesting that the Court reach a different conclusion. It should decline to do so. *Tolston-Allen*, 2020 WL 5578425, at *1. Further, plaintiff absurdly argues that failing to tell the jury here—where there is no state law claim—that the alleged conduct violates state law is akin to preventing the jury from being told, in a §1983 action where officers state that they ignored a suspect's invocation of his right to remain silent, that such conduct violates the Fifth Amendment. That is of course not the same, and here the jury is going to be instructed, and should be instructed, as to the elements of the federal constitutional claims before it.

**Fifth**, Plaintiff's arguments incorrectly represent that Defendants and their expert, William Marsh, will argue that Defendants' purported violation of Illinois law was reasonable. (*See* Dkt. No. 368, at 4). This argument blatantly misstates the record. Plaintiff is referring to 725 ILCS 5/103-3(a), which provides persons who are arrested the right to make a phone call to an attorney and family member "within a reasonable time after arrival at the first place of custody." Marsh will testify as to why the decision to defer Plaintiff access to a phone call until later in his interrogation was reasonable, not that Defendants were permitted to violate Illinois law by denying Plaintiff a phone call. (William Marsh Dep., attached hereto as **Exhibit A**, 143-145). Moreover, this Court has applied its ruling with equal force by barring Marsh from opining on whether Defendants complied with Illinois law and limiting his testimony to whether Defendants acted reasonably under "generally accepted practices." (Dkt. 360, at 36). This ruling is consistent with

8

this Court's conclusion that whether Defendants' conduct was reasonable under Illinois law is irrelevant. (*See, e.g.*, Dkt. No. 343, at 12; Dkt. No. 360, at 37).

**Sixth**, Plaintiff has failed to demonstrate that barring all evidence and argument that Defendants violated Illinois law under Rule 403 is reversable error. Plaintiff cites *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 650 (7th Cir. 2003) and *Pasiewicz v. Lake Cnty. Forest Pres. Dist.*, 270 F.3d 520, 527 (7th Cir. 2001). These cases, however, are inapposite. Both cases involve a summary judgment ruling and the Seventh Circuit did not, in either case, consider whether argument or evidence of a violation of state law was properly excluded under Rule 403. They, accordingly, do not demonstrate that the Court committed manifest error. *See Thompson*, 472 F.3d at 456-458 (affirming district court's decision to bar evidence under Rule 403).

For each of these reasons, Plaintiff's Motion to reconsider should be denied.

### 3. *Plaintiff's Expert Is Not Qualified to Testify About Violations of Illinois Law*

Plaintiff requests that he be permitted "with expert testimony . . . to introduce the two Illinois laws at issue[.]" (Dkt. No. 368, at 5). Even if the Court concludes that it erroneously applied Rule 403 to preclude Plaintiff from presenting evidence and arguing that Defendants violated Illinois law (it did not), the Court should not permit Plaintiff's expert to testify as to what Illinois law requires or that Defendants violated Illinois law. Plaintiff speculates that "the Court barred the experts from discussing the law because the Court also intended to inform the jury what the law is." (*Id.*) This is incorrect. The Court expressly explained that Plaintiff's expert, Matthew Jones, is barred from testifying on this subject because he lacks the requisite qualifications: "Jones is not a legal expert, so he lacks the specialized training necessary to provide helpful testimony on this topic." (Dkt. 360, at 25). Plaintiff has failed to address this ruling in any manner; therefore, the

9

Court should not reconsider its ruling barring expert testimony concerning the purported violations of Illinois law.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully ask the Court to enter an order denying Plaintiff's Motion for Reconsideration on Admissibility of State-Law Violation Evidence and Argument.

Respectfully submitted,

Dated: August 22, 2024

**DEFENDANT OFFICERS**

By:   */s/ Kyle L. Flynn*
      One of Their Attorneys

John F. Gibbons
Kyle L. Flynn
Thomas Quinn Ford
Tyler Lynn Salway
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
gibbonsj@gtlaw.com
flynnk@gtlaw.com
fordq@gtlaw.com
salwayt@gtlaw.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on August 22, 2024.

                                                */s/ Kyle L. Flynn*