## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MARCEL BROWN,** | |
| Plaintiff, | |
| v. | **No. 19-cv-4082** |
| **CITY OF CHICAGO;** Chicago Police Detectives **MICHAEL MANCUSO, GERI YANOW,** Personal Representative of the Estate of **KEVIN McDONALD, GARRICK TURNER, RUBIN WEBER, STEVE CZABLEWSKI** and **WILLIAM BURKE; COUNTY OF COOK, ILLINOIS;** Assistant State's Attorney **MICHELLE SPIZZIRRI,** | **The Honorable Lindsay C. Jenkins** |
| Defendants. | |

### DEFENDANT OFFICERS' RESPONSE TO PLAINTIFF'S MOTION
### FOR RECONSIDERATION

Defendants Michael Mancuso, Garrick Turner, Rubin Weber, William Burke, and Geri Lynn Yanow ("Defendants"), by and through their undersigned counsel, file this Response to Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment Against Plaintiff's Malicious Prosecution Claim. In support thereof, Defendant Officers state as follows:

### INTRODUCTION

Plaintiff's untimely motion for reconsideration seeks to reverse this Court's well-reasoned summary judgment order just days before the scheduled start of trial. Last year, this Court granted summary judgment in Defendants' favor as to Plaintiff's malicious prosecution claim. The Court, in its ruling, applied Seventh Circuit precedent establishing that a malicious prosecution claim is defeated by the existence of probable cause and that probable cause can be established by a statement of a single eyewitness. Based on this application of law, the Court concluded that the

1

many eyewitness accounts of the events that took place at Amundsen Park on August 30, 2008, were sufficient to establish probable cause to arrest and prosecute Plaintiff. Plaintiff now argues that the Court should revisit its ruling because there existed sufficient exculpatory evidence to "require further instigation." Even if Plaintiff's arguments were timely, they are without merit because they misapply the law and misrepresent the facts of the case. The Court should stand by its prior ruling and dismiss Plaintiff's Motion for Reconsideration.

## STANDARD

Federal Rule of Civil Procedure 54(b) grants a court the inherent authority to reconsider its prior orders "at any time before entering a final judgment." *See Kim v. Hakuya Sushi, Inc.*, 2017 WL 11886342, at *3 (N.D. Ill. July 5, 2017). "Motions to reconsider under Rule 54(b) 'are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e).'" *Tolston-Allen v. City of Chicago*, 2020 WL 5578425, at *1 (N.D. Ill. May 27, 2020) (quoting *Turner v. M.B. Fin. Bank*, 2018 WL 1920195, at *2 (N.D. Ill. 2018)). "Under Rule 59(e), the Court may alter or amend a judgment if the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" (*Id.* (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, "[a] 'manifest error' is 'the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Tolston-Allen*, 2020 WL 5578425, at *1 (quoting *Oto*, 224 F.3d at 606). A motion to reconsider is only proper when "the Court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). It is well established that "[r]econsideration is not an appropriate forum for rehashing previously

rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* (quoting *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)).

Plaintiff's motion is not based on the discovery of new evidence; therefore, he must demonstrate that the Court has committed a manifest error of law or fact for his motion to succeed. Plaintiff, however, fails to demonstrate that the Court disregarded, misapplied, or failed to recognize controlling precedent or that the Court patently misunderstood the arguments he previously raised. Rather, Plaintiff merely rehashes factual arguments that were already before the Court and raises new meritless legal arguments premised on case law that was available to him during the pendency of Defendants' motion for summary judgment. His motion should, therefore, be denied.

## **ARGUMENT**

### *1. Plaintiff's Motion for Reconsideration Is Untimely*

Foremost, Plaintiff's Motion for Reconsideration is clearly untimely. Trial is scheduled to begin in this matter on August 26, 2024. (Dkt. No 353). Plaintiff filed his Motion for Reconsideration on August 19, 2024, a week before the start of trial. (Dkt. No. 372). The Court granted summary judgment in Defendant's favor on Plaintiff's malicious prosecution claim on December 29, 2023. (*See* Dkt. No. 294). This represents a delay of nearly eight months (235 total days). During those eight months, the following has occurred: (1) this matter was scheduled for trial, (Dkt. No. 297), (2) the parties attended a formal settlement conference with the Magistrate Judge, (Dkt. No. 326), (3) the parties fully briefed Daubert motions and the Court issued its rulings on those motions, (Dkt. Nos. 306, 307, 308, 309, 310, 359), (4) the parties fully briefed 28 motions *in Limine* and the Court issued its rulings on those motions, (Dkt. Nos. 333, 335, 343), (5) the parties submitted their proposed pretrial order, (Dkt. No. 348), and (6) the parties have attended the final pretrial conference, (Dkt. No. 352). At no time during these briefings and conferences has

Plaintiff raised any issue concerning the Court's order granting summary judgment. (*See, e.g.*, Dkt. No. 375 ("Yet, several additional motions for reconsideration raising significant issues have been filed in recent days on topics that were not raised by the filing party at the hearing. This approach is unacceptable, particularly when at least one motion for reconsideration 372 relates to an order the Court issued last year.").

The prejudice caused to Defendants by this late filing is obvious. Defendants are fully prepared for trial on Plaintiff's claims that survived summary judgment, and Defendants have not prepared for claims that are not pending, such as a malicious prosecution claim.[1] Courts routinely deny motions to reconsider that are significantly delayed or raised too close to trial. *See, e.g.*, *Wine & Canvas Dev. LLC v. Weisser*, 2014 WL 5089122, at *2 (S.D. Ind. Oct. 9, 2014) (denying motion to reconsider as untimely and explaining that "justice does not require the Court to reconsider its summary judgment order at this late date" where motion was filed "34 days after the Court's entry of summary judgment" and "2 months before trial"); *MedApproach Holdings, Inc. v. Hawkins*, 2014 WL 317710, at *2 (M.D. Tenn. Jan. 28, 2014) (denying motion to reconsider because it was raised 137 days after order was issued); *Franzen v. Ellis Corp.*, 2004 WL 2535263, at *4 (N.D. Ill. Sept. 15, 2004) ("A motion to reconsider filed several months after the Court's orders and after multiple other issues have been presented by the parties and addressed by the Court is untimely."). This Court should do the same. Plaintiff has had numerous opportunities to timely raise a motion for reconsideration, but, for some reason, has elected to do so a week before the start a trial. Plaintiff does not attempt to justify his delay, primarily because no legitimate justification exists.

---

[1] Indeed, the mere filing of this Motion for Reconsideration prejudices Defendants, because their counsel, in the days leading up to trial, have been required to spend the time they set aside for trial preparation responding to meritless and untimely arguments.

Plaintiff's attempt to ambush Defendants days before trial by materially altering the claims at issue should not be entrained, and his motion should be summarily denied.

### 2. *Plaintiff's Motion for Reconsideration Fails on the Merits*

More importantly, Plaintiff's Motion for Reconsideration fails on the merits. The Court, in its ruling, correctly applied Seventh Circuit precedent holding that "[a] single eyewitness identification of a suspect is sufficient to create probable cause, even if the identification is questionable or police doubt its accuracy." (Dkt. No. 294, at 17 (citing *Moran v. Calumet City*, 54 F.4th 483, 499-500 (7th Cir. 2022); *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019)). In this case, there were several eyewitnesses who reported to Defendants that they witnessed R.J. Branch ("R.J.") fire a gun multiple times in the direction of Paris Jackson at Amundsen Park on August 30, 2008, and that they saw Plaintiff drive R.J. to and from Amundsen Park. (*Id.* at 17-18). The Court observed that "the statements written by ASAs and adopted by witnesses establish probable cause" because they "'would lead a reasonably cautious person to believe, or to entertain an honest and strong suspicion,'" that R.J. came to the park and began shooting in response to Taneshia's phone call; that he shot and killed Paris; and that Brown, the driver, was involved in that plain." (*Id.* (quoting *Beaman v. Freesmeyer*, 183 N.E.3d 767, 798 (Ill. 2021)). The Court should stand by its analyses and conclusions and reject Plaintiff's arguments for several reasons.

**First**, Plaintiff's argument is contrary to law, as courts routinely find that malicious prosecution claims cannot be maintained where probable cause has been established by an eyewitness. *See, e.g.*, *Moran*, 54 F.4th at 499-500; *Coleman*, 925 F.3d at 351. Indeed, even the cases Plaintiff relies on confirm this legal principle. *See, e.g.*, *Hart v. Mannia*, 798 F.3d 578, 587-90 (7th Cir. 2015) (affirming the district court's finding of probable cause based on the statements

and identifications of four eyewitnesses); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 744-46 (7th Cir. 2003) (affirming finding of probable cause based on eyewitness statement).

**Second,** recent Seventh Circuit case law confirms that this Court, when considering the existence of probable cause, properly questioned whether probable cause would exist absent the allegedly "tainted" evidence. *See, e.g.*, *Cairel v. Alderden*, 821 F.3d 823, 834-35 (7th Cir. 2016) (holding that even without considering the tainted confession of plaintiff Johnson, there was still evidence to support probable cause against him); *Nugent v. Hayes*, 88 F. Supp. 2d 862, 869 (N.D. Ill. 2000) ("Even excluding all of the evidence Mr. Nugent claims is tainted or concocted and including all of the evidence that Mr. Nugent believes is exculpatory, the remaining evidence and testimony establishes probable cause . . . Therefore his arrest and prosecution was lawful."); *Velez v. City of Chicago*, 2023 WL 6388231, at *14-15 (N.D. Ill. Sept. 30, 2023) (finding probable cause considering only two identifications that were not fabricated or coerced).

In *Washington v. City of Chicago*, 98 F.4th 860 (7th Cit. 2024), the Seventh Circuit explained that, to proceed on a malicious prosecution claim, a plaintiff must overcome the "presumption of validity created by the judicial determinations of probable cause at their bail hearings and in their indictment" by "showing that the false statements were necessary to the judicial officer's determination that probable cause existed." *Id.* at 870. A presumption of validity exists here, as bail was set for Plaintiff following a bail hearing and Plaintiff was indicted by a grand jury. Even if knowingly false statements were made to the judicial arbiter, if "there remained enough uncontested, reliable evidence to support probable cause" the malicious prosecution claims fail. *Id.* at 874.

This Court did exactly what *Washington* instructs and determined that the eyewitness statements alone established probable cause, such that the "tainted" evidence was not necessary to

support a probable cause determination. (Dkt. No. 294,. at 17-18). Plaintiff's Motion for Reconsideration does not demonstrate that the allegedly "tainted" evidence was necessary to establish probable cause; therefore, it should be denied.

**Third**, Plaintiff's argument that other "suspicious" evidence somehow invalidates the probable cause established by the eyewitness statements is not supported by law. Indeed, in each of the cases Plaintiff relies on, the "suspicious" piece of evidence was the eyewitness statement itself, not a contradictory statement or other conflicting evidence. *See Beauchamp*, 320 F.3d at 744-45 (7th Cir. 2003) ("Even if Klingerman's story had inconsistencies, the officers were under no constitutional obligation to exclude every possibility that she was not telling the truth, unless the inconsistencies were such that a reasonable officer would become suspicious."); *Guzell v. Hiller*, 223 F.3d 518, 520 (7th Cir. 2000) ("Police are entitled to base an arrest on a citizen complaint, whether of a victim (as here) or a nonvictim witness, without investigating the truthfulness of the complaint, unless—this turns out to be an important qualification—they have reason to believe it's fishy"); *Hebron v. Touhy*, 18 F.3d 421, 422-23 (7th Cir. 1994) ("Before they arrested Hebron, the police received complaints from two persons (the tenants) who depicted themselves as victims of crimes. Such reports ordinarily establish probable cause . . . Parks and Touhy knew that the tenants were being evicted, and the significant chance that they bore a grudge against their landlords would have made it unreasonable—and therefore unconstitutional—to arrest the landlords on the tenants' mere say-so. Having received a report of questionable reliability, the police needed to investigate[.]"); *Grayson v. City of Aurora*, 157 F. Supp. 3d 725, 745 (N.D. Ill. 2016) ("Alvorado's eyewitness statement that she saw the shooter at the time of the incident is fraught with credibility and reliability concerns.").

7

Here, Plaintiff does not identify any legitimate concern as to the credibility or reliability of any of the eyewitness statements the Court relied on in its ruling. He suggests that it is "suspicious" that "no witness who saw or heard RJ Branch shooting also saw Paris Jackson get hit or fall[.]" (Dkt. No. 372, at 3). However, this is not inconsistent with the eyewitness statements; in fact, many of the eyewitnesses reported that they began running away for their safety immediately after they saw or heard RJ firing his gun. (*See, e.g.*, Dkt. No. 247, Ex. 24 (reporting that everyone in the park began running away when R.J. started shooting); Ex. 27 (reporting that the witness started running after RJ began shooting)). Plaintiff also tries to undermine the eyewitnesses' credibility by referencing the account of Rufus McGee; however, as this Court has already identified, probable cause can exist despite the existence of conflicting witness statement. (Dkt. No. 294, at 18 n.12 (citing *Coleman*, 925 F.3d at 351; *Cairel*, 821 F.3d at 835); *see also Nugent*, 88 F. Supp. 2d at 869 ("[I]ncluding all of the evidence that Mr. Nugent believes is exculpatory, the remaining evidence and testimony establishes probable cause . . . Therefore his arrest and prosecution was lawful.")). Plaintiff has failed to establish that Defendants should have been "suspicious' of any eyewitness statements; therefore, his augment that the statements do not establish probable cause must be rejected.

**Fourth**, Plaintiff's vague argument that Defendants had an obligation to investigate further to establish probable cause is contrary to Seventh Circuit precedent. Indeed, the Seventh Circuit has made clear that defendant officers have no constitutional duty to continue instigating when probable cause has been gained from a reasonably credible victim or eyewitness. *Woods v. City of Chicago*, 234 F.3d 979, 997 (7th Cir. 2000). Plaintiff's cited authority confirms that defendant officers have no obligation to eliminate every possibility that an individual is innocent. *See Beauchap*, 320 F.3d at 744-45 (7th Cir. 2003) ("Once an officer learns sufficient trustworthy

8

information establishing probable cause, he is entitled to rely on what he knows in pursuing charges or an arrest, and is under no further duty to investigate . . .[T]he officers were under no constitutional obligation to exclude every possibility that [the eyewitness] was not telling the truth[.]"). Defendants were constitutionally permitted to rely on the credible statements of the various eyewitnesses; Plaintiff's argument suggesting otherwise must be rejected.

**Fifth**, Plaintiff's argument relies on misrepresentations of the facts of this case, specifically that "police searched the area where Paris Jackson's body later appeared but did not the body." (Dkt. No. 372, at 3) Plaintiff relies on the testimony of Eric Olson; however, Mr. Olson testified that he had no recollection of responding to Amundsen Part on August 30, 2008. (*See, e.g.*, Olson Dep., attached hereto as **Exhibit A**, 139:20-140:5). Further, Mr. Olson testified that, depending on what was happening in the area, he may have driven through the park to generally look for offenders or injured persons. (Olson Dep. 141:17-23). He did not testify, as Plaintiff implies, that multiple officers scoured Amundsen Part in search of Paris Jackson, but did not find a body. Plaintiff's representation to the Court is disingenuous and does not warrant reconsideration of the Court's summary judgment ruling.

**Sixth**, Plaintiff does not (and cannot) dispute that R.J. Branch fired a gun in Amundsen Park on August 30, 2008, and that Plaintiff drove R.J. to and from Amundsen Park that evening. (*See, e.g.*, Dkt. No. 272, at ¶¶ 1, 8, 12). The Court has already explained that nothing more than these facts is necessary to establish the existence of probable cause. (Dkt. No. 294, at 21 ('[T]he timing of the events, combined with Brown's driving R.J. to and from the park, would give a reasonable officer reason to believe that Brown was complicit."). The Court's analysis need not go any further, as Plaintiff concedes the truth of the facts necessary for probable cause and, based

on the eyewitness accounts provided to Defendants, it cannot be reasonably argued that these facts were not known by Defendants.

**Seventh**, Plaintiff's arguments not only lack merit, they are also procedurally deficient. It is well-established that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Tolston-Allen*, 2020 WL 5578425, at *1. Here, the factual arguments that Rufus McGee provided an inconsistent statement, that officers did not find Paris Jackson's body on the night of August 30, 2008, that no one saw Paris Jackson get hit by a bullet, and that others may have been shooting were each previously made by Plaintiff and considered by the Court when it ruled on Defendant's motion for summary judgment. (Dkt. No. 294, at 19; Dkt. No. 372, at 3 (citing Plaintiff's statement of facts)). Further, even if Plaintiff's "new" legal arguments were not meritless, they are premised on cases that were available to Plaintiff during the pendency of Defendant's motion for summary judgment and should have been raised then. (Dkt. No. 372, at 2, 5 (citing cases decided before 2023)). These arguments are procedurally deficient and, therefore, should be rejected.

For each of these reasons, Plaintiff's Motion for Reconsideration should be denied.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully ask the Court to enter an order denying Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment Against Plaintiff's Malicious Prosecution Claim.

Respectfully submitted,

Dated: August 23, 2024                    **DEFENDANT OFFICERS**

By:   */s/ Kyle L. Flynn*
            One of Their Attorneys

John F. Gibbons
Kyle L. Flynn
Thomas Quinn Ford
Tyler Lynn Salway
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
gibbonsj@gtlaw.com
flynnk@gtlaw.com
fordq@gtlaw.com
salwayt@gtlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on August 23, 2024.

*/s/ Kyle L. Flynn*