UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marcel Brown,<br><br>    *Plaintiff*,<br><br>v.<br><br>City of Chicago, et al.<br><br>    *Defendants*. | No. 19 CV 4082<br><br>Judge Lindsay C. Jenkins |

### ORDER

Before the Court are Plaintiff's two motions for reconsideration. Motions for reconsideration serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A manifest error of law occurs "when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (cleaned up); *see also United States v. Ligas*, 549 F.3d 497, 501-502 (7th Cir. 2008) (a manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it.")

Plaintiff's first motion asks the Court to reconsider its decision to refuse Plaintiff and his experts from discussing Defendants' alleged violations of Illinois law. [Dkt. 368 at 1.][1] Plaintiff's second motion asks the Court to reconsider a portion of its summary judgment ruling that Plaintiff's malicious prosecution claim could not proceed because probable cause existed exclusive of the alleged coerced confusion. [Dkt. 372.] Both motions are denied.

### I.    References to Illinois State Law

Before analyzing the merits of Plaintiff's motion, the Court clarifies its prior rulings. There are two rights and corresponding duties created by Illinois law that are at issue. The first is the right for an arrestee to be informed that his attorney wants to speak with him. *See People v. McCauley*, 163 Ill. 2d 414 (1994). The second is the right for an arrestee "to communicate with an attorney of their choice and a member of their family … within a reasonable time after arrival at the first place of custody." 725 ILCS 5/103-3(a). Based on these rights, under Illinois law, police

---

[1]    Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

personnel have duties to both ensure that arrestees are informed of their attorney's presence and to let the arrestee make phone calls to their attorney or family within a reasonable amount of time.

In ruling on the parties' *Daubert* motions and motions *in limine*, the Court held that Plaintiff and his expert could explore at trial whether Defendants violated these duties because they are relevant to Defendants' state of mind during the investigation. [Dkt. 343 at 11-12; Dkt. 360 at 25-26.] What the Court's ruling did not allow, however, is testimony regarding the source of those duties: Illinois law. The Court determined the discussion of Illinois law would lead to jury confusion and unfair prejudice to Defendants because this case only has Constitutional claims; state law violations are not at issue. [*Id.*] With this background in mind, the Court turns to the motion.

Plaintiff's first argument is that while violations of state law do not establish a Constitutional violation, they can be relevant to whether a Constitutional violation occurred. [Dkt. 368 at 2.] The Court agrees. That is why it is allowing Plaintiff to offer testimony on the conduct he believes purportedly violated state law. But that does not mean Plaintiff needs to inform the jury that the source of Defendants' obligation arose from state law. As the Court explained, any probative value from allowing Plaintiff to argue that the refusal violated state law—as opposed to Chicago Police Department policies, the common law, or any other source—is outweighed by the risk of confusion the issues, unfair prejudice, and misleading the jury under Rule 403. The claims that remain for trial depend on whether Defendants violated the federal Constitution and a "violation of . . . even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). The Court does not read *Thompson* to suggest that violations of state law are immaterial to Constitutional claims, but *knowledge* that state law was violated is immaterial. Accordingly, evidence that Defendants turned Cary away is relevant because it is probative of Defendants' state of mind with respect to the investigation. But the relevance that it involved state law is outweighed by the Rule 403 concerns outlined above and in the Court's prior rulings.[2]

Plaintiff next argues that the Court's ruling permits Defendants and their expert to argue that violating state law is appropriate. [Dkt. 368 at 2-3.] That is not true. With respect to Defendants' duty to inform Plaintiff his attorney wanted to speak with him, Defendants have not argued their refusal to do so was reasonable or

---

[2] In this way, Plaintiff's reliance on *Dunn v. City of Elgin*, 347 F.3d 641 (7th Cir. 2003) and *Pasiewicz v. Lake Cnty. Forest Pres. Dist.*, 270 F.3d 520 (7th Cir. 2001) is not especially helpful. Those cases were decided at the summary judgment stage and did not involve a circumstance where, as here, the Court is required at trial to balance substantial Rule 403 concerns with Plaintiff's desire to present evidence probative of Defendants' state of mind and the voluntariness of his statement. The Court ruled so as to allow this evidence to be presented without misleading or confusing the jury.

2

lawful; they argue that there is no evidence *Defendants* in fact refused.[3] [Dkt. 380 at 7.] Regarding Defendants' duty to permit Plaintiff to call an attorney or family within a "reasonable" amount of time, the Court will allow Defendants (and their expert) to argue their conduct was reasonable under the circumstances. Likewise, Plaintiff and his expert will be allowed to argue it was not reasonable. And neither side will be permitted to mention the Illinois statute. Defendants' arguments are aimed at convincing the jury they did not breach duties imposed by Illinois law, not, as Plaintiff contends, at claiming violating the law is appropriate.

Plaintiff's final argument is that discussion of state law must be permitted because Defendants' knowledge that they were violating state law "is separately relevant from the conduct itself." [Dkt. 368 at 4.] The Court disagrees and Plaintiff provides no citation for his argument. The Court is permitting Plaintiff to elicit testimony that general police standards require a police officer to inform an arrestee of his attorney's presence, and to allow an arrestee to contact his attorney/family within a reasonable time. In addition, the Court will allow Plaintiff to elicit testimony that Defendants were aware of these standards.[4] And Plaintiff may argue that Defendants' knowing refusal to follow those standards is relevant to deciding Plaintiff's claims. Nothing more is required, and Plaintiff's motion is denied.

## II.     Probable Cause and Malicious Prosecution

Plaintiff's motion asking the Court to reconsider its summary judgment ruling is denied because the request is untimely and fails on the merits.

The untimeliness of Plaintiff's motion is beyond dispute. The Court issued its summary judgment ruling on December 29, 2023. In that order, the Court explained that probable cause existed exclusive of the coerced confession because there was ample evidence supporting the conclusion R.J. Branch killed Paris Jackson. [Dkt. 294 at 17-22.] Accordingly, the Court dismissed Plaintiff's malicious prosecution claim. Almost eight full months passed without any indication from Plaintiff that he intended to challenge the holding. During these months, the parties had a settlement conference, set a trial date, submitted *Daubert* and motion *in limine* briefing, had that briefing ruled on, and complied with the Court's substantial pretrial order requirements. Then, with no warning to the Court or Defendants—and less than a week before trial—Plaintiff filed the pending motion.

Plaintiff recognizes that granting his motion "would have profound implications for the upcoming trial." [Dkt. 372 at 1.] That is putting it mildly. The consequences of granting the motion would disrupt a considerable number of other

---

[3]     For the avoidance of doubt, the Court would not permit testimony that Defendants had no duty to inform Plaintiff his attorney wanted to speak with him, but the Court does not read Defendants' submissions to make that argument.

[4]     Should Defendants deny or disagree with these duties, the Court will consider appropriate next steps at trial.

pretrial rulings, and would almost certainly require moving the trial itself. The motion is not timely, would seriously prejudice Defendants (beyond the prejudice in having to exert valuable pre-trial hours responding to this motion) and is therefore denied.

The motion fares no better on the merits. Plaintiff contends the Court "focused on a narrow subset of the evidence rather than its totality" and made inferences against Plaintiff in concluding there was sufficient evidence to establish probable cause. [Dkt. 372 at 2.] Plaintiff argues Defendants should have been "suspicious" of the evidence tying R.J. Branch to Paris Jackson's death because the police did not find Jackson's body during their initial search, Rufus McGee saw Jackson after RJ fired gunshots at Amundsen Park, and nobody saw Jackson collapse after RJ fired. [*Id.* at 2-4.]

Contrary to Plaintiff's position, the Court considered all this evidence[5], but nevertheless determined the substantial evidence from eyewitnesses established probable cause. [Dkt. 294 at 19-20.] The Court explained the difference between probable cause and reasonable doubt, and cited to Seventh Circuit caselaw holding police do not have to "draw inferences in favor of the suspects" to establish probable cause, nor do they have a duty to continue investigating once probable cause is established. [*Id.* (quoting *Bridewell v. Eberle*, 730 F.3d 672, 676 (7th Cir. 2013); citing *Beauchamp v. City of Noblesville*, 320 F.3d 733, 745–46 (7th Cir. 2003)).]

The Court need not belabor the point. Plaintiff's motion cites to the same evidence the Court already considered and rejected when ruling on summary judgment. Plaintiff does not cite to any caselaw showing that the Court misapplied precedent and has not provided the Court with any other reasons from departing from its prior analysis, which it stands by. The motion is denied.

Enter: 19 CV 4082
Date: August 25, 2024

Lindsay C. Jenkins
United States District Judge

---

[5] Plaintiff himself acknowledges the Court considered the evidence in its initial ruling. [Dkt. 372 at 4 (quoting the portion of the Court's opinion explaining why Rufus McGee's statement did not destroy probable cause).]

4