IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLAINTIFF BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, *et al.* ) <br> ) <br> Defendants. ) | Case No. 19-cv-4082 <br><br> The Hon. Lindsay C. Jenkins <br><br> Magistrate Judge Heather K. McShain |

**PLAINTIFF'S MOTION FOR CLARIFICATION
OF THE COURT'S HEARSAY ADJUDICATIONS**

Plaintiff Marcel Brown, by his undersigned attorneys respectfully moves this Court for entry of an order clarifying that Defendants may not testify as to information they claim to have learned from non-testifying witnesses who were in Amundsen Park on the night before Paris Jackson's body was found. In support, Plaintiff states:

**INTRODUCTION**

1. After the Court's recent ruling on the evidentiary objections as to key documents, counsel for Plaintiff and for the Defendants convened a conference call at Plaintiff's request to confirm that they were on the same page about the admissibility of certain evidence.

2. Unfortunately, they are not on the same page. The issue is sufficiently critical to the trial that it needs to be addressed prior to opening statement

3. The issue is this. Defendants are operating under the assumption that they can overwhelm the jury with a deluge of hearsay: out-of-court statements by multiple witnesses from the park who were not deposed, are not on either party's witness list, and cannot be called at trial. Defense counsel believe they are entitled to introduce this flood of hearsay through the back door on

the theory that the hearsay witness statements are sufficiently probative of their "state of mind" to be admissible.

4. That is improper. There is no way that evidence is admissible. It is not even close.

**ARGUMENT**

5. Defendants won the malicious prosecution arguments and took that claim out of this case. Therefore, whether Defendants had probable cause to arrest and charge Plaintiff is no longer an issue for the jury. The scope of the trial is narrowed. The trial is now limited to whether Defendants coerced Plaintiff's confession, fabricated evidence, and suppressed evidence. Whether Defendants had reasonable grounds to believe Plaintiff was guilty is no longer in issue.

6. Defendants are obviously entitled to explain why they wanted to interrogate RJ, TJ and Plaintiff, the boys in the gold Malibu. But the "limited nonhearsay uses" of police testimony about what witnesses said during an investigation "do not open the door for law enforcement officers to narrate the course of their investigations, and thus spread before juries damning information that is not subject to cross-examination … ." *United States v. Walker*, 673 F.3d 649, 658 (7th Cir. 2012). As the Seventh Circuit has "explained time and again" police "course of investigation" testimony, where officers rely on the nonhearsay purpose of showing "effect on the listener" to introduce heaps of hearsay, is a "gambit [that] is so often abused and/or misunderstood that it is an evidentiary … minefield … ." *Carter v. Douma*, 796 F.3d 726, 736 (7th Cir. 2015). Because this testimony "runs a substantial risk of violating [] the hearsay rules … and trial judges need to be on high alert … ." *Id*.

7. Everything Defendants legitimately might want to introduce, they can introduce with their testimony about the statements of witnesses who on the parties' witness lists and available for

trial. Brittany Williamson, Kayla Kuykendoll, and Amanda Moore gave statements to the police that there was an argument in the park with RJ's sister Taneshia; RJ and Plaintiff drove up in the gold Malibu; RJ took out a gun; and gunfire ensued. Marisol Ocampo, a fourth witness, is also on the witness list and available for trial, and takes things considerably further, stating that RJ waved around his gun, wanted to know who was bothering his sister, made obscene comments, and then started shooting.

8. Those four witnesses provide all the context the jury could ever need for the Defendants' "state of mind" when they undertook to interrogate Plaintiff. And, if Defendants testimony about what these witnesses said is wrong, Plaintiffs at least have a chance of mitigating the damage by calling them.

9. Defendants must not be permitted to fatally contaminate this trial with a bunch of hearsay from half-a-dozen or more additional purported witnesses (all of them referred to by name in this Court's summary judgment ruling on probable cause; *see* ECF No. 294 at 2-12) who supposedly gave statements about the bad things RJ supposedly did. As stated, these witnesses were not deposed, and are not on anyone's witness list. Their out of court statements are unquestionably hearsay and should be barred.

10. It would be profoundly unfair to force Plaintiff to defend against testimony from Defendants about what these other witnesses supposedly said to them. That testimony would be un-cross-examinable. Defendants could say that these six people told them all kinds of terrible facts about what happened in the park, and Plaintiff would have no ability to respond. That is precisely why hearsay is inadmissible. It is unfair, and improper, to admit statements under these circumstances.

3

11. Furthermore, these additional six non-testifying witnesses add no additional facts beyond those already supplied by the four testifying witnesses. Their additional unchallengeable statements would thus by definition by cumulative—and unfairly so.

12. Nor would enforcing the rule prohibiting hearsay be the least bit unfair to Defendants. They elected not to depose none of these six witnesses. It defies belief that the Chicago Police Department (with all its witness-locating resources) truly could locate none of them. They apparently decided that leaving those witnesses' accounts unchallenged and out of this trial was the best path forward.

13. This Court's recent ruling on the disputed exhibits is consistent with the clarification sought. Defendants suggested during today's meet and confer that they do seek to flout the Court's ruling. In response to the Court's request that the parties submit "key exhibits" for pre-trial adjudication, Defendants only proffered witness statements **for witnesses who are going to testify at trial.** Specifically, Defendants sought rulings on detective-written General Progress Report ("GPR") notes concerning interviews with Kayla Kuykendoll, Eugene Stanciel, and Marisol Ocampo, as well as ASA-written statements signed by those same three witnesses. The Court held, with respect to the GPRs of witnesses who will testify at trial, that the records are inadmissible hearsay, but that the officers can testify as to what they knew about those *testifying* witness's statements**.**

14. That ruling makes sense. Defendants must not, however, be permitted to expand that ruling and testify as to the statements supposedly made to them by other park witnesses who are *not* testifying at this trial. It would be profoundly unfair and inappropriate to deluge the jury with "Defendants' knowledge" of six or more hearsay statements from witnesses who are not going to be

4

cross-examined, whose stories have never been tested, and who were not even deposed in this case.

15. Most importantly, there is simply no need for it. While there might be some small incremental probative value that Defendants knew what these additional witnesses were saying, the Defendants will already have available plenty of evidentiary support for the only relevant proposition: based on what they knew (from the witnesses who are testifying at trial) they had a legitimate reason to suspect RJ and Plaintiff, and to interrogate them aggressively. Allowing Defendants to testify about a half dozen more hearsay statements would be needlessly cumulative and would severely prejudice Plaintiff because those witnesses cannot be cross-examined and the veracity of the statements cannot be tested. Given the dangers of this type of testimony, e.g., *Walker*, 673 F.3d at 658; *Douma*, 796 F.3d at 736, Rule 403 comes squarely into play.

## CONCLUSION

This is an issue of critical importance. If the Defendants are permitted to backdoor a bunch of highly incriminating hearsay before the jury under the guise of further explaining what needs no further explanation, the trial will be fundamentally distorted. Plaintiff will have no ability to counter that hearsay. Hearsay is inadmissible for a reason. While there can sometimes be exceptions (*e.g.*, to explain actions) these circumstances do not justify any such exception because the Defendants already have plenty of admissible evidence to prove the point they say they need to prove. The Court should limit Defendants' recounting of what other witnesses said during the investigation to the witnesses who are on the parties' witness lists.

Respectfully submitted,

**PLAINTIFF BROWN**

By: /s/ Jon Loevy
    One of his attorneys

Vanessa del Valle
Jonathan Manes
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-8576

Locke E. Bowman
Jon Loevy
Tom Kayes
Loevy & Loevy
311 N. Aberdeen St., Ste. 3
Chicago, IL 60607
312 243 5900

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that on August 25, 2024, he served the foregoing document upon all counsel who have filed appearances in this action via CM/ECF.

    /s/ Jon  Loevy