IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCEL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-4082 |
| v. | ) | |
| | ) | The Hon. Lindsay C. Jenkins |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO ALLOW EVIDENCE REGARDING
PLAINTIFF'S POST-CONVICTION PROCEEDINGS**

During opening statements yesterday afternoon, Defendants' counsel made a false and prejudicial argument about the reasons why Marcel Brown's conviction was overturned—and, therefore, why he remains a free man today. After spending most of his opening statement going over all of the supposed evidence that Marcel was guilty of murdering Paris Jackson—and after specifically telling the jury that "nobody at the State's Attorney's Office ever made a determination that he was coerced by detectives," Defendants' counsel offered the jury an explanation of the obvious question that would have been on the jury's mind: So why is Mr. Brown now a free man? Exhibit A, Tr. at 76:4-6 (Volume One, Excerpt of Proceedings, Aug 26, 2024). What he told the jury is that "Marcel was released from prison in 2008 -- 2018 after his conviction was overturned, for reasons that are unrelated to this case." *Id.* at 76:8-10.

That was false. In fact, it was a whopper. As Defendants know, the reason Mr. Brown's conviction was reversed is that he was denied his right to speak with an attorney at the police station. *See* Exhibit B, Order, *People v. Brown*, No. 08 CR 1874202 (July 18, 2018) ("[T]he Court vacated petitioner's conviction and granted a new trial based on its finding that petitioner was denied his right to counsel while he was in custody at the police station."). This reason is not

"unrelated to this case." To the contrary, the Court has explicitly ruled that "[t]he absence of an attorney is . . . relevant to the totality of the circumstances which the jury must consider in deciding whether Plaintiff's will was overborne" and also that "if Defendants turned [Attorney Wham] Cary away, it is probative of their state of mind with respect to the investigation." Order of July 30, 2024, ECF No. 343, at 12.

Counsel followed up his false characterization of the reasons for Plaintiff's exoneration by telling the jury "You must not speculate into this case as to why plaintiff's conviction was vacated." Tr. at 76:11-12. But he said this after having just told the jury something very important about why Plaintiff's conviction was overturned—*i.e.* that it was for reasons "unrelated to this case." The thrust of counsel's statement was that Plaintiff's conviction was overturned because of a technicality or that the jury in this case would not hear about during the trial.

That is false. Counsel's admonishment that the jury should not "speculate" was thus meaningless and self-serving. He had just told the jury that Mr. Brown had not been exonerated on the basis of anything at stake in this trial after Plaintiff's counsel had just spent 50 minutes talking about Plaintiff's actual innocence, his coercive interrogation, and his denial of counsel.

It was unfair for Defendants to make these statements to the jury. In the run up to this trial Defendants have been focused on preventing Plaintiff from telling the jury why the criminal court overturned his conviction and why he was not tried again. Defendants filed two motions *in limine* to strip Plaintiff of the ability to explain his exoneration: one to exclude any statements from the judge who presided over the post-conviction proceedings, and another to bar evidence of the Certificate of Innocence. The Court granted both of those motions. ECF No. 343, at 22-25 (MIL Nos. 13, 15). Defendants thus barred Plaintiff from explaining why he was released and

then did so themselves in opening. They prevented Mr. Brown from telling the jury that the criminal court did not just overturn his conviction but then affirmatively adjudicated him "innocent of the offenses charged." Exhibit C, Order Granting Certificate of Innocence, *People v. Brown*, No. 08 CR 18742(02) (June 7, 2019).

Counsel's false claim was not just unfair, it ran afoul of one of the fundamental rules governing opening statements. Here, counsel explicitly commented on matters that, under the Court's existing evidentiary rulings, "will not or cannot be supported by proof." *Id.* When the Court granted Defendants' MIL No. 13, it ruled that "counsel must be careful not to elicit testimony that gets into the substance of the . . . findings in . . . postconviction proceedings." ECF No. 343, at 22. In other words, evidence about the reasons why Plaintiff's conviction was overturned is inadmissible. Counsel's opening statement dove straight into that inadmissible territory by characterizing (falsely) the reasons why Plaintiff was exonerated. Defendants knew that under this Court's rulings the jury would never be allowed to hear *any* evidence about the exoneration proceedings. But they went there anyways.

"It is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible of proof but intended to influence the jury in reaching a verdict.'" *Hall v. Forest River, Inc*, No .04-cv-259, 2007 WL 2020172, at *6 (N.D. Ind. 2007) (quoting. *United States v. Dinitz,* 424 U.S. 600, 612 (1976) (Burger, C.J., concurring)). The authorities are unambiguous on this point: "[I]t is entirely cynical, unacceptable, and wrong to expound clearly inadmissible evidence during an opening statement." *Id.* "Opening statements should not mention inadmissible evidence. The standard is one of good faith: Does the lawyer have a reasonable good faith basis to believe that the evidence not being mentioned will be admissible later?"

3

Thomas A Mauet & Warren D. Wolfson, *Trial Evidence* § 3.2 (5th Ed. 2012).

Here, Defendants could not possibly have had a good faith belief that evidence about the "reasons" for Mr. Brown's exoneration would be admissible. They themselves had filed the motions that succeeded in excluding it.

"A trial judge is under a duty, in order to protect the integrity of the trial, to take prompt and affirmative action" in response to such a violation. *Hall*, No. 3:04-CV-259 RM, 2007 WL 2020172, at *6 (N.D. Ind. July 5, 2007) (quoting *Dinitz*, 424 U.S. at 612). The appropriate remedy here is for the Court to issue a specific instruction, to be read to the jury immediately, that correct Defendants' misrepresentation or to permit Plaintiff to introduce evidence of those facts.[1]

To cure defense counsel's inaccurate statement that that Plaintiff's conviction was overturned for "reasons unrelated to this case," Plaintiff proposes the jury be informed as follows:

> There was a suggestion during Defendants' opening statement that the reason Marcel Brown's conviction was overturned had nothing to do with the issues in this case. That statement was not accurate. The reason Plaintiff's conviction was overturned was because another Court determined that Mr. Brown's "was denied his right to counsel when an attorney hired by his family appeared at the police station and was denied access to petitioner who was in police custody."[2] You the jury are not required to reach the same conclusion in this case as the other Court did. You are the decider of the facts.

The jury should hear this instruction as soon as possible to cure the violation, even if that means

---

[1] Doing what counsel did here can even justify a mistrial, though Plaintiff does not seek that remedy. Mauet & Wolfson, *Trial Evidence* § 3.2 (5th Ed. 2012) ("If there is prompt objection and a cautionary instruction is inadequate to mitigate the impropriety, the proper remedy is a mistrial and new trial."); *Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996) ("Being argumentative in an opening statement does not necessarily warrant a mistrial, but being argumentative and introducing something that should not be allowed into evidence may be a predicate for a mistrial."). Plaintiff points this out only to show that his requested remedies are appropriate, and uncontroversially so.

[2] Ex. B., Order, *People v. Brown*, No. 08 CR 1874202 (Cir. Ct. Cook County July 18, 2018).

4

interrupting a witness partway through testimony.

In the alternative, the Court should allow Plaintiff to introduce evidence about the actual reasons why the criminal court overturned his conviction. Defendants' counsel plainly opened the door to this evidence by mischaracterizing the reasons why Plaintiff's conviction was overturned, and Defendants cannot now complain that otherwise inadmissible information will be presented to the jury. *See, e.g.*, *United States v. Tuchow*, 768 F.2d 855, 862 (7th Cir. 1985) (opening statement opened door to otherwise inadmissible 404(b) evidence); *United States v. Price*, 617 F.2d 455, 459 (7th Cir. 1979) (same); *Griffin v. Foley*, 542 F.3d 209, 219 (7th Cir. 2008) (*"*[W]hen a party opens the door to evidence that would be otherwise inadmissible, that party cannot complain on appeal about the admission of that evidence.").

This remedy is particularly appropriate because the Court relied on Rule 403 to exclude Judge Gainer's orders reversing Plaintiff's conviction and granting the Certificate of Innocence. The Court held that introduction of such evidence would unfairly prejudice the Defendants. *See* ECF No. 343, at 22-25. Standing by those decisions now would turn Rule 403 on its head. Defendants cannot claim unfair prejudice when they are the ones who have now brought this evidence in issue. Rule 403 cannot be a shield for Defendants when they have struck at Plaintiff's exoneration with a sword.

Apart from the false statement about the reason for Plaintiff's exoneration, defense counsel also mischaracterized the State's Attorney's Office's decisions in this case by falsely suggesting to the jury that the State's Attorney's Office blessed the coercive interrogation. He told the jury: "The State's Attorney's Office made that decision to charge Marcel without any determination that he was coerced by the detectives. Nobody at the State's Attorney's Office ever made a determination that he was coerced by the detectives." Ex. A, Tr. at 76:2-6.

5

Counsel should not have opened this door either. Having barred the reasons why the SAO did not proceed with prosecution, defense counsel could have left it alone, as Plaintiff's counsel did. Instead, Defense counsel commented on the SAO's supposed thinking ("nobody . . . *ever* made a determination that he was coerced"), implying that the charges were not pursued for reasons having nothing to do with the issues in this case. What actually happened is that the State's Attorney's Office did not just elect not to re-try Plaintiff after his conviction was overturned; it elected not to oppose Plaintiff's petition for a Certificate of Innocence, which was granted.

Defense counsel's statement about the SAO went too far. Defense counsel's opening was carefully constructed and delivered. His election to say what he said was not a slip of the tongue, but rather a calculated decision.

To cure Defendants' statement improperly commenting on the State's Attorney's Office's supposed determinations and suggesting to the jury that Plaintiff was released for some technicality, against the SAO's will, the jury should be instructed as follows:

> There was a suggestion during counsel for the defense's opening statement that the reason Plaintiff's conviction was overturned and the State's Attorney's Office did not re-prosecute Plaintiff had nothing to do with anything at issue in this case. That statement was not accurate. The State's Attorney's Office made a decision not to re-prosecute Plaintiff after his conviction was overturned because he was denied access to counsel, and the State's Attorney's Office did not oppose Mr. Brown's petition seeking a declaration of his innocence.

Alternatively, to avoid the unfair and inaccurate inference unnecessarily invoked by the Defendants, the Court should permit Plaintiff to introduce the fact that the SAO did not oppose the COI. As a compromise, the Court does not even necessarily have to allow introduction of the COI, although many courts in similar cases have.[3] Instead, with Defendants having intentionally

---

[3] *See, e.g.*, *Patrick v. City of Chicago*, 974 F.3d 824, 832-33 (7th Cir. 2020); *Brown v. City of Chicago*, 633 F. Supp. 3d 1122, 1170 (N.D. Ill. 2022); *Bolden v. City of Chicago*, No. 17-cv-417, ECF

6

and inaccurately suggested the SAO decided not to reprosecute for reasons having nothing to do with anything the jury will consider, principles of fair play should allow Plaintiff to counter with the fact that actually, the SAO did not proceed because the office was planning not to oppose Mr. Brown's declaration that he was actually innocent. Plaintiff would also request permission to show how unusual it is for the SAO to not oppose a COI, but it may be enough to simply elicit that they did not oppose it.

The violations here are not a small matter. They cannot be addressed by simply monitoring the testimony that will be elicited from witnesses later at trial, as the Court directed when Plaintiff first raised this objection immediately after Defendants' opening. Tr. at 88:6-23. Such a remedy is inadequate for at least three reasons. *First*, it is no remedy at all, because the Court had already ordered the parties not to elicit testimony on these topics. *See* ECF No. 343, at 22-25.

*Second*, Counsel's improper statement strikes at the heart of one of the most important issues in the case: whether Mr. Brown is innocent of the crime. By telling the jury that Mr. Brown's conviction was reversed for reasons "not related to this case" and that the State's Attorney's Office never endorsed the notion that Mr. Brown was improperly coerced, Defendant has told the jury that Mr. Brown is free not because he is innocent—and not even because his rights during the interrogation were violated—but for some other reason. Those things are false. But, as it stands, this is *the only thing* the jury will ever hear explaining why Mr. Brown is a free man today. Defendants' counsel has thus tainted the jury's view of the central issue in the case.

---

No. 467, at 26 (N.D. Ill. Sept. 22, 2021); *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 746 (N.D. Ill. 2015); *Rivera v. Guevara*, No. 12-CV-04428, 2018 WL 11468911, at *1 (N.D. Ill. May 30, 2018); *Chatman v. City of Chicago*, No. 14 C 2945, 2018 WL 11426432, at *3 (N.D. Ill. Oct. 11, 2018); *Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *3 (N.D. Ill. May 11, 2018); *Gray v. City of Chicago*, No. 1:18-CV-02624, 2023 WL 7092992, at *12 (N.D. Ill May 8, 2023); *Taylor v. City of Chicago*, No. 14 C 737, ECF No. 851, at 10-11 (N.D. Ill Oct. 1, 2021).

*Third*, an admonition from the Court that the parties should not elicit any testimony along these lines is no remedy for Plaintiff at all because there is nobody who could possibly testify that Mr. Brown was released for reasons "not related to this case." That assertion is just false. Moreover, even if Defendants had some witness willing to characterize Mr. Brown's post-conviction proceedings in that way, they have no reason to elicit that information for the jury. They have already achieved their goal by tainting the jury's understanding of Mr. Brown's exoneration. They will be pleased if the jury never hears another word about why Mr. Brown's conviction was overturned. The damage is done. Limiting testimony on this point does nothing but prevent Plaintiff from setting the record straight.

It is also insufficient for the Court to simply reiterate an instruction that opening arguments are not evidence. While that is of course true, it is equally true that opening arguments are supposed to be where counsel tells the jury *what the evidence will show*. But here, defense counsel has told the jury something that, as of now, the Court has categorically barred the parties from showing the jury evidence about. The Court cannot allow Defendants to shape the jury's view of a central issue in this case that the jury will never hear evidence about.

\*   \*   \*

Defendants tainted the jury by misleading it about the reasons why Plaintiff was freed from prison. As the Court realized in the moment, [t]here's no reason why you couldn't make that finding" that Defendants statements opened the door to the remedies Plaintiff seeks. Ex. A, 88:20. The Court should respond to Defendants' gambit by immediately issuing instructions specifically correcting the false statements put to the jury by Defense Counsel and/or by allowing Plaintiff to introduce evidence about the reasons why his conviction was overturned and the

8

circumstances in which he obtained a judicial determination of innocence. Either way, the jury must know why, actually, Plaintiff was released from prison and was never retried.

                                        Respectfully submitted,

                                        **PLAINTIFF BROWN**

                                        By:   /s/ Jonathan Manes
                                                One of his attorneys

Vanessa del Valle
Jonathan Manes
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-8576

Locke E. Bowman
Jon Loevy
Tom Kayes
Loevy & Loevy
311 N. Aberdeen St., Ste. 3
Chicago, IL 60607
312 243 5900

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on August 27, 2024, he served the foregoing document and accompanying exhibits upon all counsel who have filed appearances in this action via CM/ECF.

/s/ Jonathan Manes