IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCEL BROWN,**<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**CITY OF CHICAGO,** *et al.*<br><br>　　　　　　　　　Defendants. | No. 19-cv-4082<br><br>The Honorable Lindsay C. Jenkins |

**STATUS REPORT REGARDING DEFENDANTS' ATTEMPTS
TO SECURE ATTENDANCE OF MARISOL OCAMPO**

Defendants Michael Mancuso and Geri Lynn Yanow ("Defendants"), by and through their undersigned counsel, file this Status Report regarding Defendants' attempts to secure the attendance of Marisol Ocampo at trial:

1.　On July 18, 2024, Defendants issued a trial subpoena to secure Marisol Ocampo's attendance at trial. The trial subpoena commanded Ms. Ocampo's attendance on the first day of trial, August 26, 2024.

2.　The trial subpoena specifically informed Ms. Ocampo of the consequences she faced if she failed to comply. Specifically, the subpoena stated: "***The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it***."

3.　On July 30, 2024, a private investigator working for Defendants served Marisol Ocampo at what is believed to be her residence. (*See* D. Franco Decl., attached as Exhibit A, ¶ 5.)

4.　Specifically, after Ms. Ocampo answered the door and acknowledged herself, the private investigator served her with a subpoena, a check for witness expenses, contact information for Defendants' attorneys, and a letter providing explanation of the subpoena and contact

information for Defendants' attorneys. The private investigator explained the subpoena and asked Ms. Ocampo to contact Defendants' attorneys for more information. (*Id*. at ¶ 7.)

5. Ms. Ocampo responded, "They threatened me. I ain't talking to nobody." Based on Ms. Ocampo's prior deposition testimony, the private investigator understood her comments to refer to people associated with Plaintiff. The private investigator asked for more details regarding the threat, and Ms. Ocampo responded, "I got kids. I ain't saying nothing." (*Id*. at ¶ 8.)

6. Ms. Ocampo then threw the envelope containing the subpoena and related materials at the private investigator and shut the door. (*Id*. at ¶ 9.) Despite the private investigator's request to Ms. Ocampo to call Defendants' counsel, Ms. Ocampo never did so.

7. At the pretrial conference on August 8, 2024, Defendants' counsel raised the issue of Ms. Ocampo's attendance at trial. The Court and the parties discussed the issue. The Court ordered the parties submit deposition designations for Ms. Ocampo in the event that she was unavailable.

8. Pursuant to the Court's order, on August 23, 2024, the parties submitted proposed deposition designations for Ms. Ocampo.[1]

9. The trial commenced on August 26, 2024. Ms. Ocampo did not appear.

10. On September 2, 2024, Plaintiff filed a motion to bar Defendants from calling Marisol Ocampo at trial. (Dkt. 405.) Defendants filed a written response. (Dkt. 409.) Plaintiff's motion remains pending.

---

[1] The Court ordered the parties to submit the deposition designations on August 22, 2024. Defendants sent their proposed designations to Plaintiff's counsel on August 19, 2024. Plaintiff did not respond with objections and more than 100 pages of counter designations until 8:41 p.m. on August 22, 2024. In light of Plaintiff's delayed response, the parties were not able to finalize the proposed designations by the Court's original deadline.

11. The Court addressed Plaintiff's motion on September 3, 2024, and ruled in part that, before the Court would issue a writ of body attachment for Ms. Ocampo, Defendants must attempt to provide notice to Ms. Ocampo and attempt again to secure her attendance at trial.

12. On the afternoon of September 3, 2024, Defendants made substantial efforts to contact Ms. Ocampo. Defendants' private investigator conducted background searches to find phone numbers associated with Ms. Ocampo and Ms. Ocampo's family members. The private investigator called Ms. Ocampo's phone number four times, and it appears Ms. Ocampo has blocked the private investigator's number. The private investigator also called 17 phone numbers believed to be associated with Ms. Ocampo's family members. Some of the phone numbers were not working. Nine voicemails were left on the working numbers requesting to be connected with Ms. Ocampo. To date, Defendants have heard nothing from Ms. Ocampo or her family members. (*Id*. at ¶ 10.)

13. On September 4, 2024, Defendants continued making efforts to contact Ms. Ocampo and secure her attendance. Defendants' private investigator returned to Ms. Ocampo's residence in the morning. The private investigator knocked on Ms. Ocampo's door, and no one answered. The private investigator left his card in Ms. Ocampo's door. (*Id*. at ¶ 11.)

14. The private investigator stayed at Ms. Ocampo's residence for several hours. The private investigator did not observe Ms. Ocampo leave or return to the residence. The private investigator knocked again on Ms. Ocampo's door, and no one answered. (*Id*. at ¶ 12.)

15. The private investigator left an envelop containing a copy of the subpoena and materials served on Ms. Ocampo on July 30, 2024, as well as a letter explaining that Ms. Ocampo had been ordered to appear by the Court and the potential consequences if she continued to ignore

the subpoena. The private investigator also placed a business card in a window of the residence that would be easily seen from inside the residence. (*Id*. at ¶ 13.)

16. The private investigator never saw Ms. Ocampo leave or enter the residence for the entire time the private investigator was there. (*Id*. at ¶ 14.)

17. To date, Ms. Ocampo has not contacted Defendants' counsel or private investigator, and Defendants' efforts to contact family members of Ms. Ocampo have also been unsuccessful.

Dated: September 5, 2024

Respectfully submitted,

**DEFENDANT OFFICERS**

By:   */s/ Kyle L. Flynn*
      One of Their Attorneys

John F. Gibbons
Kyle L. Flynn
Thomas Quinn Ford
Tyler Lynn Salway
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
gibbonsj@gtlaw.com
flynnk@gtlaw.com
fordq@gtlaw.com
salwayt@gtlaw.com

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on September 5, 2024.

                         */s/ Kyle L. Flynn*