UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marcel Brown, | |
|     Plaintiff, | No. 19 CV 4082 |
| v. | Judge Lindsay C. Jenkins |
| Michael Mancuso, et al., | |
|     Defendants. | |

## **INSTRUCTIONS TO THE JURY**

## INSTRUCTION 1: FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## INSTRUCTION 2: EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true. You must treat the stipulations as having been proved for the purpose of this case.

## INSTRUCTION 3: WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## INSTRUCTION 4: NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**INSTRUCTION 5: CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

The way the exhibits are named is not relevant and should not be considered in determining the weight to give the exhibits, if any.

## INSTRUCTION 6: WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## INSTRUCTION 7: DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## INSTRUCTION 8: TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

9

## INSTRUCTION 9: PRIOR INCONSISTENT STATEMENTS

You may consider statements given by certain witnesses under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## INSTRUCTION 10: LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## INSTRUCTION 11: NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## INSTRUCTION 12: ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## INSTRUCTION 13: JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

## INSTRUCTION 14: DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

## INSTRUCTION 15: LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted. This includes the evidence concerning witness statements the detectives testified they received in connection with the investigation of the murder of Paris Jackson. These witness statements may be considered by you for the purpose of understanding what the detectives testified to have known during the course of their investigation, and for no other purpose.

## INSTRUCTION 16: DEMONSTRATIVE EXHIBITS

Certain diagrams, sketches, and charts have been shown to you. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## INSTRUCTION 17: EXPERTS

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## INSTRUCTION 18: BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## INSTRUCTION 19: MULTIPLE CLAIMS

You must give separate consideration to each claim and each individual in this case.

In considering a claim premised on one individual's conduct, you must not consider evidence admitted only against other individuals or only as to other claims.

## INSTRUCTION 20: ALL EQUAL BEFORE THE LAW

In this case, the Plaintiff, Marcel Brown, is a private citizen. Michael Mancuso, Kevin McDonald, Garrick Turner, and Rubin Weber are or were police detectives. All persons are equal before the law and are entitled to the same fair consideration, irrespective of their status as law enforcement officers, private citizens or otherwise.

## INSTRUCTION 21: PLAINTIFF'S CLAIMS

Plaintiff, Marcel Brown, has two claims. I will now list those claims for you.

1.    Plaintiff's first claim is that Mancuso, McDonald, Turner, and Weber violated his constitutional right under the Fifth Amendment to be free from self-incrimination by coercing him into making involuntary, incriminating statements that were used against him during his criminal case.

2.    Plaintiff's second claim is that Mancuso, McDonald, Turner, and Weber violated his constitutional right under the Fourteenth Amendment to a fair trial by fabricating evidence used against him during his criminal case.

The defense denies each of Plaintiff's claims.

I will now instruct as to what Plaintiff must show to prove his claims.

22

## INSTRUCTION 22: CLAIM 1: COERCED INCRIMINATING STATEMENTS

Plaintiff claims that at least one of Mancuso, Turner, Weber, or McDonald violated his constitutional right against self-incrimination by coercing him into making involuntary, incriminating statements. To succeed on this claim Plaintiff must prove, as to the individual under consideration, each of the following things by a preponderance of the evidence:

1.      Plaintiff made incriminating statements;

2.      The incriminating statements were not made by Plaintiff voluntarily but rather were made involuntarily as a result of coercion knowingly used by the individual;

3.      The incriminating statements were used against Plaintiff during his criminal case; and

4.      Plaintiff was damaged as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to any individual listed above, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove at least one of these things by a preponderance of the evidence as to each individual listed above, then you must decide against Plaintiff. If you find against Plaintiff, then you will not consider the question of damages as it relates to this claim.

To find for Plaintiff, you must unanimously agree that Plaintiff has proved each of the things listed above as to a particular individual listed above.

To do something knowingly means realizing what one is doing and being aware of the nature of one's conduct; not acting through ignorance, mistake, or accident.

An incriminating statement is voluntary if, in the totality of the circumstances, it is the product of a rational intellect and free will and not the result of psychological intimidation, or deceptive interrogation tactics which have overcome a person's free will and ability to make a rational choice. An incriminating statement that is not voluntary is coerced.

In assessing whether one of the individuals listed above coerced Plaintiff into making involuntary, incriminating statements, you should also consider the "totality of the circumstances" of the interrogation. This means that you should consider all factors relating to the interrogation together, instead of considering different factors in isolation.

23

Evaluating the totality of the circumstances for coercion is determined based on the facts of each case. You should consider the tactics used by the individuals listed above during Plaintiff's custodial interrogation. The factors you may consider include, but are not limited to:

- Characteristics of the Plaintiff that were known or should have been known to the individual officers listed above.
- Whether Plaintiff understood his rights and the consequences of waiving those rights.
- The length and time of day of the interrogation.
- The physical setting of the interrogation.
- The manner and tone with which the officers interrogated Plaintiff and the overall conduct of the interrogation.
- The number of officers involved.
- The presence or absence of weapons
- Whether any physical violence or other harm were used.
- Whether any threats were made.
- Whether the police provided the suspect with facts that ultimately were part of an incriminating statement.
- Whether officers sought an explicit waiver of the right to silence and/or an attorney.
- Whether Plaintiff had the ability to communicate with others, including an attorney, during his custody.
- The tactics the individual officers listed above used during their questioning, including deceit, promises of leniency, threats of harm, or physical or psychological abuse.

No one factor is determinative. Specific methods of interrogation, including the use of deceit, engaging in accusatory questioning, making false or misleading statements about evidence of a person's guilt, posing as a friend, and making statements to such person about the potential legal consequences of the crime being investigated, are not in and of themselves prohibited unless, if taken together with the totality of circumstances, they result in overcoming a person's free will and ability to make a rational choice.

### INSTRUCTION 23: CLAIM 2: FABRICATION

Plaintiff claims that at least one of Mancuso, McDonald, Turner, or Weber violated his constitutional right to a fair trial by fabricating evidence that was used against Plaintiff in the criminal case. To succeed on this claim, Plaintiff must prove, as to the individual under consideration, each of the following three things by a preponderance of the evidence:

1. The individual knowingly fabricated evidence relating to the Plaintiff's statements that were introduced against Plaintiff in his criminal case.

2. The evidence was material.

3. Plaintiff was damaged as a result.

Fabricated evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had not been used.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to any individual listed above, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove at least one of these things by a preponderance of the evidence as to each individual listed above, then you must find against Plaintiff. If you find against Plaintiff, then you will not consider the question of damages as it relates to this claim.

To find for Plaintiff, you must unanimously agree that Plaintiff has proved each of the things listed above as to a particular individual listed above.

### INSTRUCTION 24: CAUSATION

An action "causes" an injury if, in the natural and ordinary course of events, the action produced the injury. The action need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

## INSTRUCTION 25: DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the conduct you found proves that claim or claims. I am instructing you on damages only so that you will have guidance in the event you decide in Plaintiff's favor on one or more of Plaintiff's claims.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.  The physical, mental, and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

2.  The loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.

3.  The loss of liberty that Plaintiff experienced.

No evidence of the dollar value of physical or mental and emotional pain and suffering, loss of liberty, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

### INSTRUCTION 26: PRETRIAL DETENTION DAMAGES

Plaintiff is seeking damages arising from his pretrial detention, which spanned from September 5, 2008, through January 6, 2011.  By pretrial detention, I mean the time between his arrest and his conviction. Before awarding damages to Plaintiff arising from his pretrial detention, you must find two things.

1. You must find in Plaintiff's favor on his first claim for coerced incriminating statements.

2. You must find that the incriminating statements that you find satisfy element 1 of that claim were used at a pretrial hearing and caused Plaintiff's pretrial detention.

If you do not find both these things by a preponderance of the evidence, then you cannot award damages to Plaintiff for his pretrial detention.

## INSTRUCTION 27: PUNITIVE DAMAGES

If you find for Plaintiff based on the conduct of Michael Mancuso, you may, but are not required to, assess punitive damages against Mancuso. The purposes of punitive damages are to punish a person for his or her conduct and to serve as an example or warning to that person and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Mancuso. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Mancuso simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Mancuso's conduct;

- the impact of Mancuso's conduct on Plaintiff;

- the relationship between Plaintiff and Mancuso;

- the likelihood that Mancuso would repeat the conduct if an award of punitive damages is not made; and,

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**INSTRUCTION 28: REQUIREMENT OF PERSONAL INVOLVEMENT**

Plaintiff must prove by a preponderance of the evidence that the particular individual you are considering was personally involved in the conduct Plaintiff complains about as I have described it to you in the Instructions above. You may not find in Plaintiff's favor based on what persons other than the particular, listed individual under consideration did or did not do.

**INSTRUCTION 29: LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether Mancuso's, McDonald's, Turner's, and/or Weber's conduct complied with or violated Chicago Police Department policies, procedures, practices, or regulations. You may consider this evidence in your deliberations as to each of Plaintiff's claims, but such violations, standing alone, are not enough to establish liability. The issues you are to consider have been described to you in the Instructions above.

## INSTRUCTION 30: ACCOMPLICE LIABILITY

A person is held legally accountable for murder under Illinois law even though he did not kill the victim if he intends to promote or facilitate the offense through his actions. Proof of acts to facilitate or promote an offense need not be supported by words of agreement, but may be drawn from the circumstances surrounding the commission of the act by the principal. However, the accused person is not guilty under an accountability theory merely because he is associated with the principal or is present at the scene of the crime; he must have intended to promote or facilitate the offense through his actions.

A person cannot be found accountable for the conduct of another based on acts taken solely after the commission of the offense. You may consider actions taken after the offense to the extent that they raise an inference of prior or concurrent participation in the offense. However, actions taken only after the commission of the offense do not establish an independent basis to hold a person accountable for an offense that has already been completed.

**INSTRUCTION 31: SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Your deliberations should continue as necessary during the same general hours that we have conducted trial, that is, between roughly 9:30 a.m. and 5:00 p.m. In providing you with this information, I intend no comment on the appropriate length of your deliberations; that is a matter for you, the jury, to determine.

## INSTRUCTION 32: COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## INSTRUCTION 33: DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.