IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCEL BROWN,** | |
| Plaintiff, | No. 19-cv-4082 |
| v. | The Honorable Lindsay C. Jenkins |
| **CITY OF CHICAGO,** *et al.* | |
| Defendants. | |

### DEFENDANTS' JOINT RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Michael Mancuso, Defendant Geri Lynn Yanow, as special representative for Kevin McDonald "Defendants"), and Defendant the City of Chicago, by and through their undersigned counsel, file this Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b), and in support thereof, state as follows:

1. A jury trial was conducted in this case from August 26, 2024 through September 9, 2024,.

2. At trial, Plaintiff Marcel Brown presented two claims to the jury: (1) a Fifth Amendment claim for allegedly coercing Plaintiff to make the incriminating statements he made, and (2) a Fourteenth Amendment due process claim alleging fabricated evidence relating to the Plaintiff's incriminating statement that was introduced against Plaintiff in his "criminal case."

3. Before the Court submitted these two claims to the jury, Defendants moved for judgment as a matter of law on both claims, pursuant to Federal Rule of Civil Procedure 50(a).

4. On September 9, 2024, the jury returned a verdict "for Plaintiff" on both claims.

5. On September 16, 2024, the Court denied Defendants' Rule 50(a) motion and entered judgment in favor of Plaintiff and against Defendants Mancuso and McDonald on both Plaintiff's claims (Dkts. 438 and 439.)

6. Pursuant to Rule 50(b), Defendants now renew their Motion for Judgment as a Matter of Law.

7. The Court should grant judgment as a matter of law on Plaintiff's Fifth Amendment claim because: (1) Plaintiff did not prove Defendants were responsible for the coerced confession being used against Plaintiff or that Defendants knew that the confession was coerced; (2) the legality of Defendants' conduct is well-established; and (3) Defendants are entitled to qualified immunity. Relatedly, Plaintiff failed to prove he was entitled to damages for pretrial detention on his Fifth Amendment claim.

8. The Court should grant judgment as a matter of law on Plaintiff's Fourteenth Amendment claim because: (1) any pretrial use of the allegedly fabricated evidence cannot support Plaintiff's fabrication claim; (2) Plaintiff failed to establish the police report at issue was actually and materially false or that Defendants knew it to be false; and (3) Plaintiff failed to prove causation or Defendants' personal responsibility. Relatedly, the evidence shows Defendant Mancuso—the only Detective allegedly involved in the fabrication claim—is absolutely immune from any possible liability.

9. For these reasons and as detailed more fully in Defendants' Memorandum of Law in support of their Renewed Motion for Judgment as a Matter of Law, Defendants respectfully request this Court to grant them Judgment as a Matter of Law on both of Plaintiff's claims.

**CONCLUSION**

WHEREFORE Defendants ask the Court enter judgment in favor of Defendants on both of Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 50(b).

Respectfully submitted,

Dated: October 15, 2024

**DEFENDANT OFFICERS**

By: _/s/ Kyle L. Flynn_
One of Their Attorneys

John F. Gibbons
Kyle L. Flynn
Thomas Quinn Ford
Tyler Lynn Salway
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
gibbonsj@gtlaw.com
flynnk@gtlaw.com
fordq@gtlaw.com
salwayt@gtlaw.com

**DEFENDANT CITY OF CHICAGO**

By: _/s/ James P. Fieweger_
One of Its attorneys

James P. Fieweger
Carolyn E. Isaac
Ashni Gandhi
Special Assistant Corporation Counsel
MICHAEL BEST & FRIEDRICH LLP
444 W. Lake Street, Suite 3200
Chicago, IL 60606
jpfieweger@michaelbest.com
ceisaac@michaelbest.com
ashni.gandhi@michaelbest.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on October 15, 2024.

*/s/ Kyle L. Flynn*