IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCEL BROWN,** | |
| Plaintiff, | No. 19-cv-4082 |
| v. | Magistrate Judge Heather K. McShain |
| **CITY OF CHICAGO,** *et al.* | |
| Defendants. | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE AND/OR SCHEDULE TO RESOLVE FEES AND COSTS

Defendant Michael Mancuso, Defendant Geri Lynn Yanow, as special representative for the estate of Kevin McDonald, and Defendant City of Chicago, by and through their undersigned counsel, file this Response to Plaintiff's Motion for a settlement conference and/or a schedule to resolve fees and costs in this case. (Dkt. 476.) In support thereof, Defendants state as follows:

1.  On November 26, 2024, Plaintiff filed a Motion asking the Court to schedule a settlement conference with the stated aim of resolving the issue of Plaintiff's attorneys' fees by agreement of the parties.

2.  Plaintiff waited weeks after the last substantive conversation between the parties before filing the Motion, and at this time, Defendants oppose the Motion for the reasons stated herein.

3.  As Plaintiff stated, the parties have engaged in some negotiations in an attempt to resolve the issue of attorneys' fees.

4.  The negotiations reached an impasse after Plaintiff ignored Defendants' multiple requests for Plaintiff's billing records. Plaintiff's counsel made a demand to settle fees on the

condition that Plaintiff not be required to provide any billing records. Plaintiff's demand was substantially more than the total combined fees of the separate law firms representing the City and the individual Defendant Officers. Plaintiff's counsel insisted that they were justified in the marked difference. The City requested the billing records to verify and to continue negotiations. Plaintiff's counsel refused.

5. Under Local Rule 54.3(d), Plaintiff was required to provide his counsel's billing records and related information by October 7, 2024 – 21 days after judgment was entered. *See* N.D. Ill. L.R. 54.3(d) (providing that movant shall provide billing record information to respondent during pre-motion negotiations "within 21 days of the judgment").

6. Even if the 21-day deadline for providing billing records began running when the parties' negotiations stalled over the billing records issue, the deadline provided by Local Rule 54.3(d) has long since passed.[1]

7. To be clear, Defendants are more than willing to engage in further negotiations or a settlement conference to resolve the issue of attorneys' fees. But Defendants must have Plaintiff's counsel's billing records first. The City of Chicago has a fiduciary duty to examine billing records before agreeing to pay millions of dollars in fees; even more so in this case where the amount requested is much higher than the combined total of two defense firms' fees, who represent separate clients and do not have the years of investigation and discovery that Plaintiff has before filing suit.

---

[1] Plaintiff's counsel made clear in an email on October 29, 2024 that Plaintiff would stop pursuing settlement and instead seek total fees if Defendants insisted that Plaintiff provide billing records in compliance with Local Rules – effectively ending the negotiations. Even if the 21-day deadline began running on October 29, 2024 (it began running far earlier when judgment was entered), Plaintiff was required under Local Rule 54.3(d) to provide billing record information no later than Novenber 19, 2024.

8. Plaintiff's counsel is attempting to bypass the most basic step of establishing attorneys' fees—providing billing records—and misleadingly characterizing his Motion as only a motion for a settlement conference, when it is really a motion to be excused from complying with the Local Rules.

9. Plaintiff's Motion does not acknowledge Defendants' right to his counsel's billing records nor does it acknowledge Plaintiff's failure to provide the billing records to Defendants. Plaintiff's refusal is the reasons negotiations have stalled.

10. Notably, while Plaintiff has failed to provide records supporting his attorneys' fees, Plaintiff **has** provided records of his claimed costs when he timely filed his bill of costs pursuant to 28 U.S.C. § 1920. (Dkt. 469.)

11. Plaintiff never attempted to negotiate his costs with Defendants. Now, Plaintiff requests help from the Court to negotiate the issue of attorneys' fees, but the request is just an attempt to further prevent the City from obtaining Plaintiff's counsel's billing records.

12. Again, the City is more than willing to engage in a settlement conference regarding attorneys' fees, **after** Plaintiff's counsel provides their billing records. Indeed, the billing records are necessary for a settlement conference to be productive.

## CONCLUSION

WHEREFORE, Defendants oppose a settlement conference until Plaintiff's counsel provide their billing records and request that this Court order Plaintiff to comply with N.D. Ill. L.R. 54.3 immediately.

Dated: December 3, 2024

Respectfully submitted,
**DEFENDANT OFFICERS**

By:   */s/ Kyle L. Flynn*
       One of Their Attorneys

John F. Gibbons
Kyle L. Flynn
Thomas Quinn Ford
Tyler Lynn Salway
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
gibbonsj@gtlaw.com
flynnk@gtlaw.com
fordq@gtlaw.com
salwayt@gtlaw.com

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on December 3, 2024.

*/s/ Kyle L. Flynn*

Case: 1:19-cv-04082 Document #: 478 Filed: 12/03/24 Page 5 of 5 PageID #:29930