IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCEL BROWN,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF CHICAGO, *et al.*<br><br>   Defendants. | No. 19-cv-4082<br>The Honorable Lindsay C. Jenkins |

## JOINT STATEMENT

Plaintiff Marcel Brown, by and through his undersigned counsel of record, and Defendants Michael Mancuso, Geri Lynn Yanow, as special representative for Kevin McDonald, and the City of Chicago ("Defendants"), by and through their undersigned counsel of record, submit the following Joint Statement:

On September 30, 2025, the Court issued its Memorandum Opinion and Order addressing the parties' post-trial motions. (Dkt. No. 551). The Court also issued a Minute Entry, in which it explained that "[t]he court intends to enter an amended judgment under FRCP 58(a) in light of its earlier order and the parties' requests." (Dkt. No. 552). The Court further explained that its amended judgment would reflect the following:

1. [J]udgment is entered in favor of Plaintiff and against Defendants City of Chicago and Mancuso on Count Two in the amount of $50,000,000.00 in compensatory damages. This amount is comprised of $10,000,000 for the period of pretrial detention before Plaintiff's criminal conviction, and $40,000,000 for the period after Plaintiff's criminal conviction. The compensatory damages award is further reduced to . . . [$]48,600,000.00 as a $1,400,000.00 setoff for Plaintiff's

settlement with other defendants dismissed at an earlier stage of the case. Prejudgment interest is not awarded.

2.  [J]udgment is entered in favor of Defendants City of Chicago and Mancuso and against Plaintiff on Count One, the Fourteenth Amendment due process claim.

3.  Plaintiff dismisses with prejudice the following counts in the Second Amended Complaint: Counts Three (failure to intervene), Four (conspiracy), Eight (state law conspiracy). It also appears appropriate to dismiss with prejudice Counts Nine (respondeat superior) and Ten (indemnification) considering Defendants' representations on the City's obligation as to compensatory damages.

4.  Count Five, the municipal liability claim is dismissed with prejudice by agreement under the Limited Consent order dated July 13, 2020.

(*Id.*). The Court further explained that it "is unsure how to address Defendant McDonald in the amended judgment given its rulings and the parties' agreement that McDonald should be removed from the judgment." (*Id.*). Based on this, the Court instructed the parties to "jointly file a statement on the docket indicating any disagreement or corrections to items 1 through 4, and whether Defendant McDonald should be dismissed from the case with prejudice (or handled through some other disposition)." (*Id.*).

The Parties have conferred and agree as follows:

1.  The Parties have no disagreement or corrections as to items 1 through 4.

2.  The Parties agree that Defendant McDonald should be dismissed from the case with prejudice.

Dated: October 2, 2025            Respectfully submitted,

| PLAINTIFF | DEFENDANTS |
|---|---|
| By: */s/* Tom Kayes <br>     One of His Attorneys | By:    */s/ Kyle L. Flynn* <br>       One of Their Attorneys |
| Jon Loevy <br> Locke E. Bowman <br> Tom Kayes <br> Lovey & Lovey <br> 311 N. Aberdeen St., Ste. 3 <br> Chicago, IL 60607 <br><br> Jonathan Manes <br> MacArthur Justice Center <br> Northwestern Pritzker School of Law <br> 375 E. Chicago Ave. <br> Chicago, Illinois 60611 | John F. Gibbons <br> Kyle L. Flynn <br> Thomas Quinn Ford <br> Tyler Lynn Salway <br> Greenberg Traurig, LLP <br> 360 N. Green Street, Suite 1300 <br> Chicago, IL 60607 <br> gibbonsj@gtlaw.com <br> flynnk@gtlaw.com <br> fordq@gtlaw.com <br> salwayt@gtlaw.com |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing document was served on all counsel via CM/ECF on October 2, 2025.

*/s/ Kyle L. Flynn*